UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GREGORY NICHOLAS STESHENKO, | ) | Case No.: C 09-05543 RS (PVT) |
| Plaintiff, | ) ) | **ORDER GRANTING PLAINTIFF STESHENKO'S MOTION FOR EXPEDITED DISCOVERY** |
| v. | ) ) | |
| | ) | **[Docket No. 39]** |
| THOMAS MCKAY, ET AL., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff Gregory Nicholas Steshenko moves to compel defendant Watsonville Community Hospital to disclose the name and contact information of its co-defendant, Jane Doe. He alleges that Jane Doe was previously employed at the hospital and that disclosure of her true name and contact information is necessary for him to name her in the above-captioned action and for him to be able to serve her with a summons.

Defendant Watsonville Community Hospital opposes the motion on the grounds that plaintiff's request for discovery is premature. ("WCH"). Pursuant to Rule 26(a)(1)(C), "[a] party must make the initial disclosures at or within 14 days after the parties Rule 26(f) conference." Because the Rule 26(f) has not yet occurred, defendant WCH states that initial disclosures are not yet due.

Pursuant to Civ. L.R. 7-1(b), plaintiff's motion is taken under submission and the hearing scheduled to be held on March 9, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiff's motion for expedited discovery is granted.[1]

Here, the court deems plaintiff's motion to compel to be a motion for expedited discovery.

"In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Wangson Biotechnology Group, Inc. v. Tan Tan Trading Co., Inc.,* 2008 WL 4239155 *7 (N.D. Cal.). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). "It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition." *Id.*

Based on plaintiff's stated reasons, the court finds good cause for defendant WCH to disclose the name and contact information of defendant Jane Doe in advance of the Rule 26(f) conference. Moreover, the court finds that plaintiff's request for the discovery outweighs any prejudice to the responding party. Defendant WCH shall disclose the name and contact information for defendant Jane Doe no later than March 15, 2010.

IT IS SO ORDERED.

Dated: March 2, 2010

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] The holding of this court is limited to the particular facts and circumstances underlying the present motion.