**\*\*E-filed 04/01/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

v.

THOMAS MCKAY, et al.,

    Defendants.

_____/

No. C 09-5543 RS

**ORDER RE MOTIONS TO DISMISS AND MOTION TO STRIKE**

## I. INTRODUCTION

Plaintiff Gregory Nicholas Steshenko was terminated from the nursing program at defendant Cabrillo College. He brings this action against the College and three of its employees, as well as against Watsonville Community Hospital and three of its employees, under a number of legal theories. The College defendants and the Hospital defendants have each moved to dismiss. For the reasons set out below, the motions will be granted in part, with leave to amend as to some claims and without leave as to others.

## II. BACKGROUND

Steshenko is a former electrical engineer, who enrolled in Cabrillo College's nursing program after being unable to find employment in his prior field of work. This action arises from his termination from that program, which he claims was the result of (1) his complaints about "corrupt practices" in the program (which appear to relate both to the "exploitation" of nursing

1  students by forcing them to work as unpaid interns at the Hospital, and to concerns he allegedly
2  raised regarding the quality of patient care); (2) discrimination based on his gender, physical size,
3  national origin and/or accent, and; (3) defamatory statements made about him that he had verbally
4  or physically harassed employees of the Hospital.

5  There are two groups of defendants: (1) Cabrillo College, its administrators Thomas
6  McKay and Dorothy Nunn, and instructor Anne Lucero, and (2) Watsonville Community
7  Hospital, and its employees Kristine Scopazzi, Berthalupe Carrillo, and "Jane Doe"—known as
8  Sally.[1]

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). However, "[w]here the Plaintiff is a pro se litigant, the court is particularly liberal in construing the complaint in his favor." *Moore v. United States*, 193 F.R.D. 647, 651 (N.D.Cal.2000) (citation omitted).

---

[1] The assigned magistrate judge recently granted Steshenko's motion to compel defendants to disclose Jane-Sally Doe's identity to him.

Where dismissal of one or more claims is appropriate, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

## III.  DISCUSSION

A.  <u>The College Defendants' Motion to Dismiss</u>

    <u>Eleventh Amendment</u>

The claims against Cabrillo College itself must be dismissed, with prejudice, because as an agency of the state, the College cannot be sued in federal court, by virtue of the Eleventh Amendment.  See *Mitchell v. Los Angeles Community College Dist.* 861 F.2d 198 (9th Cir. 1998) (holding that California public colleges are agencies of the state.)  Similarly, as Steshenko acknowledges, the individual defendants cannot be sued in their "official capacities."

    <u>Count 1—free speech</u>

Defendants argue that the complaints Steshenko raised prior to his termination from the nursing program related to course content and design, and that a student has no protected interest in modifying curriculum.  Defendants' characterization of the nature of Steshenko's complaints, however, is unduly narrow.  The complaint alleges that Steshenko raised concerns about (1) the exploitation of nursing students, and (2) the dangers posed to patients by having inadequately trained and supervised nursing students (including himself) left in charge of patients under inappropriate circumstances.  His claim that he was terminated for speaking out on such issues is sufficient to survive a motion to dismiss.[2]

---

[2]  Defendants contend that they are entitled to qualified immunity because, in their view, at an absolute minimum none of the rights Steshenko is claiming were violated were "clearly established."  Although this order concludes that some of Steshenko's counts fail to allege a viable claim of a constitutional violation, the prohibitions against discrimination and retaliation for speaking out on matters such as patient safety are sufficiently well-established to preclude application of qualified immunity, at least at the pleading stage.

3

Count 2—equal protection/due process

Defendants assumed that Steshenko's reference to "equal protection" in this count related to his allegations that he was discriminated against by virtue of his sex, size, national origin, and/or accent. In opposition, Steshenko asserts that this count relates only to the fact that he was terminated "on the spot" with no opportunity for a hearing or an adjudication by an "impartial decision maker." On reply, defendants point out that the complaint specifically alleges that Steshenko declined to pursue the administrative hearing and review process the College provides. In light of these allegations, the motion to dismiss will be granted, with leave to amend for Steshenko to state with more clarity how and why he contends due process was lacking.

Count 3—13th amendment, involuntary servitude

Steshenko contends the College's requirement that nursing students perform unpaid clinical work rises to involuntary servitude, prohibited by the Thirteenth Amendment. It may be that Steshenko, and other nursing students, are under extreme economic duress such that they feel compelled to enroll in Cabrillo's nursing program and to comply with its requirements. That, however, does not constitute "involuntary servitude," as enrolling in the program remains a choice that students are making, regardless of how few other options some of them may feel they have. This count is dismissed, without leave to amend.

Count 4—Section 1985.3  Conspiracy to interfere with civil rights

Defendants label this claim as one arising under the "Ku Klux Klan Act," and argue that Steshenko has not adequately alleged a racially-motivated conspiracy. Steshenko responds that defendants' argument is "bizarre" because the statute does not mention the Ku Klux Klan or race. Defendants are correct that this statute *is* part of the Ku Klux Klan Act of 1871, but Steshenko is correct that the statute does not require racial motivation. Rather it prohibits *any* conspiracy to deprive a person of federal constitutional rights. While the allegations of conspiracy are not well-developed, and would appear to add little if anything to Steshenko's claims, the motion to dismiss will be denied as to this count.

### Count 5—FLSA and Cal. Labor Code

In this count, Steshenko appears to be attempting to recover compensation for his clinical internship. Even assuming Steshenko can show that the unpaid internships violate some provision of state or federal law, he has alleged no facts suggesting that the College defendants were his employer in connection with the internship. This count will be dismissed, with leave to amend.

### Count 6- California Constitutional provisions re privacy, free speech, equal protection, and due process

California courts have held that these state constitutional provisions do not give rise to a private cause of action for damages. *See Katzenberg v. Regents of the Univ. of Cal.*, 29 Cal.4th 300 (2009); *Degrassi v. Cook*, 29 Cal.4th 333 (2002); *Javor v. Taggart*, 98 Cal.App.4th 795. Accordingly, this count will be dismissed, without leave to amend.

### Count 7—Cal Civ. Code 52.1—Interference with Civil Rights by means of threats, intimidation, or coercion

The California Supreme Court has explained that, "[t]he Legislature enacted [Civil Code] section 52.1 to stem a tide of hate crimes." *Jones v. Kmart Corp*. 17 Cal.4th 329, 338 (1998). Civil Code section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Id.* at p. 334. To obtain relief under the statute, a plaintiff need not allege the defendant acted with discriminatory animus or intent; a defendant is liable if he or she interfered with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion.

It is clear that this section was enacted primarily to render *non-state actors* liable where the "under color of law" element would otherwise be missing. Steshenko has not pleaded facts implicating this statute, nor would it appear to add anything to his other claims. Accordingly, the motion to dismiss is granted as to this count. Leave to amend is granted, but Steshenko is advised to give careful consideration as to whether he has a good faith basis to pursue a claim based on this state statute.

Count 8—Discrimination

Defendants contend that Steshenko's allegations of discrimination are too vague and conclusory to state a claim. While the allegations are indeed somewhat thin, they are sufficient to survive a motion to dismiss.

Count 9—Invasion of privacy

Steshenko alleges that his privacy was somehow violated in connection with his clinical work at the Hospital. He has failed to allege sufficient facts to establish a viable claim for invasion of privacy by any of the defendants, and certainly has not alleged conduct on the part of the College defendants that would support such a claim. The motion to dismiss will be granted as to this count, with leave to amend.

Count 11- Intentional Infliction of emotional distress[3]

Although the factual allegations in support of this count are thin, they are sufficient to survive a motion to dismiss.

Count 12—"intentional infliction of material loss"

In this count, Steshenko attempts to attach an additional label to the basic harm he claims to have suffered. There exists no separate claim, however, under such a label. Accordingly, this count will be dismissed without leave to amend. The dismissal of this count does not preclude Steshenko from recovering any economic damages he can prove, should he prevail under one or more of the other counts.

Count 13—negligence

Steshenko's opposition clarifies that the intent of this count is to hold the College itself liable for negligent hiring and training of its employees, the individual defendants. As such, the

---

[3] The tenth count, for defamation, is alleged only against the Hospital defendants and is not a subject of the College defendants' motion to dismiss.

6

claim is barred by the Eleventh Amendment.  The motion to dismiss is granted as to this count, without leave to amend.

### B. <u>The Hospital Defendants' motion to dismiss and motion to strike.</u>

The thrust of the allegations against the Hospital defendants is that they falsely accused Steshenko of harassment, which was then used by the College as a ground for terminating him from the nursing program.  The Hospital defendants contend that only a state law defamation claim has been stated against them. Arguing that the alleged defamation does not arise from "a common nucleus of operative facts" with the federal civil rights violations that Steshenko is attempting to pursue against the College defendants, the Hospital contends there is not a sufficient basis to exercise supplemental jurisdiction over the state law claim.

In opposition, Steshenko contends that the Hospital defendants' alleged conduct "played a role" in his termination from the program, and further that the Hospital directly participates in the "involuntary servitude" program of which he complains. As that latter claim fails, however, it cannot now provide the nexus by which to connect the hospital defendants to the underlying claims.  As to the other federal claims, the hospital defendants have the better argument—they are simply not parties to the alleged civil rights violations, even if the College defendants based their actions on what the Hospital defendants allegedly said about Steshenko.

That said, it is not clear that operative events are so disconnected that there is no basis to exercise supplemental jurisdiction over the defamation claim.  The Hospital defendants rely on *Obendorfer v. Gitano Group, Inc*., 838 F.Supp. 950 (D.N.J. 1993). There, the primary plaintiff was a woman suing for employment discrimination.  Her fiancée was named as an additional plaintiff, bringing a claim for defamation against the woman's supervisor.  Thus, *Obendorfer* involved two different plaintiffs who were suing one of the same defendants, but for different wrongs committed against different persons.  The connection here is much greater, as Steshenko is claiming that the Hospital defendants' defamation of him caused the College defendants to terminate him, or at least gave them an excuse to do so.

As the complaint must be amended to move forward, it is premature to make a final determination as to whether there is a sufficient connection to support jurisdiction. Accordingly, the Hospital defendants' motion to dismiss will be denied without prejudice to their right to challenge the amended complaint, if upon review of it they maintain that supplemental jurisdiction over them is lacking.

Similarly, the Hospital defendants' motion to strike will be denied without prejudice. Plaintiff is advised that any claim for punitive damages must be supported by sufficient allegations of fact to show that punitive damages are potentially available under the circumstances.

## IV. CONCLUSION

Cabrillo College is dismissed from this action. The College defendants' motion to dismiss is otherwise granted in part, as detailed above. The Hospital defendants' motions are denied, without prejudice. Steshenko shall file a Second Amended Complaint within 20 days of the date of this order.[4]

Dated: 04/01/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[4] The complaint should include paragraph numbers for ease of reference.