IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

v.

THOMAS MCKAY, et al.,

    Defendants.

No. C 09-5543 RS

**ORDER RE MOTIONS TO DISMISS AND MOTION TO STRIKE**

## I. INTRODUCTION

Plaintiff Gregory Nicholas Steshenko was terminated from the nursing program at Cabrillo College. He brought this action against the College and three of its employees, ("the College Defendants") as well as against Watsonville Community Hospital and three of its employees, ("the Hospital Defendants") under a number of legal theories. The Court previously dismissed the College as a defendant on Eleventh Amendment grounds, dismissed certain claims without leave to amend and dismissed other claims with leave to amend.[1] Steshenko has filed a Second Amended Complaint, which the College Defendants and the Hospital Defendants now separately move to

---

[1] The Court subsequently clarified that Steshenko's claims for prospective injunctive relief are not barred by the Eleventh Amendment. The Second Amended Complaint appears intended to pursue such claims by naming administrators of the College as defendants, rather than by renaming the College itself as a defendant.

dismiss. The Hospital Defendants also move to strike certain paragraphs of the Second Amended Complaint's prayer for relief. The motions have been taken under submission without oral argument pursuant to Civil Local Rule 7-1(b). The motions to dismiss will be granted in part, and denied in part. The motion to strike will be denied.

## II. DISCUSSION[2]

A. <u>The College Defendants' Motion to Dismiss</u>

   1. *Count 2—equal protection/due process*

The College Defendants move to dismiss Steshenko's claim brought under 42 U.S.C. § 1983, which alleges that he was terminated from the nursing program without due process. Defendants' sole argument is that they are entitled to qualified immunity because there is no clearly established right to a hearing prior to dismissal of a student for academic reasons. Indeed, defendants offer authority for the proposition that no such right exists. The flaw in defendants' argument, however, is that it is premised on their assertion that the allegations of the complaint demonstrate that Steshenko's dismissal was based on academic reasons. To the contrary, the second amended complaint plainly alleges that Steshenko was dismissed for non-academic reasons, that his academic record would not have supported dismissal, and that any academic reasons offered for his dismissal were pretextual. The motion to dismiss the due process claim is therefore denied.

   2. *Count 4—FLSA and Cal. Labor Code*

Steshenko alleges that participants in the nursing program were required to perform unpaid clinical work at Watsonville Clinical Hospital. He contends that the circumstances and nature of the work he was asked to perform rendered it ineligible for any exemption under federal and state laws that in general require the payment of wages. This claim was previously dismissed because Steshenko had not pleaded any facts suggesting that the College defendants were his employer in connection with the clinical work. The Second Amended Complaint sets forth in far greater detail

---

[2] The factual background of this action was set forth in the prior order, and will not be repeated here.

2

the basis of Steshenko's contention that failing to pay him for his services under these particular circumstances violated the law. As to the College defendants' status as his "employer," however, Steshenko has added only a conclusory statement that a "de facto employee-employer relationship existed."

Even assuming that the general circumstances alleged might support a reasonable inference that Cabrillo College itself could be deemed a "de facto employer" of plaintiff, there is simply nothing to support the notion that the individual College Defendants were in any sense Steshenko's employer and thereby potentially liable under federal or state law for unpaid wages.[3] The College defendants' motion to dismiss Count 4 as it pertains to them is granted, without leave to amend.[4]

### B. The Hospital Defendants' motion to dismiss

#### 1. *Count 1—First Amendment*

Steshenko's first claim for relief under 42 U.S.C. § 1983 avers that his First Amendment rights were violated by the College Defendants and that the Hospital Defendants "acted as accessories to that violation." There are no facts suggesting that the Hospital Defendants acted under color of state law, so there is no basis to hold them liable directly under 42 U.S.C. § 1983. To the extent this claim for relief seeks to hold the Hospital defendants liable for their alleged role in the actions of the College Defendants, it is duplicative of the third claim for relief, for conspiracy to violate civil rights. Accordingly, the Hospital Defendants are dismissed from the first claim for relief, without leave to amend.

---

[3] Claims against the College itself for past damages such as those sought in this count are barred by the Eleventh Amendment.

[4] Steshenko's fourth claim for relief includes a reference to liability under California Business and Professions Code §§ 17200 and 17203. The parties appear to be in agreement that an unlawful failure to pay wages can give rise to liability under those code sections. Such a claim, however, rises or falls with the underlying wage claim. Accordingly, to the extent the references in the Second Amended Complaint to California Business and Professions Code §§ 17200 and 17203 constitute an additional unnumbered claim for relief, it too is dismissed as it pertains to the College defendants, without leave to amend.

3

### 2. *Count 4—FLSA and Cal. Labor Code*

The Hospital Defendants do not challenge the notion that *if* Steshenko's clinical work could be considered employment giving rise to a right to wages, then the Hospital would be properly considered the employer. The Hospital Defendants instead contend that Steshenko was an intern or trainee, exempt from wage laws. Defendants point to a fact-intensive, multifactor test under which the propriety of treating a person as an unpaid intern or trainee is to be evaluated. By defendants' own argument, "all of the circumstances" and "the totality of the circumstances" must be taken into account. This issue, therefore, cannot be resolved on a motion to dismiss. Steshenko has adequately alleged that despite the fact that his clinical work was nominally an internship, the circumstances were such that an obligation to pay wages arose. The Hospital Defendants' motion to dismiss the fourth claim for relief is denied.[5]

### 3. *Intentional Infliction of Emotional Distress and Negligence*

The Hospital Defendants contend that Steshenko's state law claims for intentional infliction of emotional distress and negligence are subject to "worker's compensation exclusivity"—that is to say his remedy, if any, lies in pursuing a worker's compensation claim for his alleged injuries. *See Livitsanos v. Superior Court*, 2 Cal.4th 744, 754 (1992) (holding that emotional injury that "neither contravenes fundamental public policy . . . nor exceeds the risks inherent in the employment relationship, is compensable through worker's compensation or not at all.") In opposition, Steshenko argues that the "dual capacity doctrine" permits his claims to go forward. Under that doctrine, if the employee and employer have some relationship separate and apart from the employment relationship, and the employee is injured in the course of that relationship rather than during the employment, worker's compensation exclusivity will not apply. *See Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 161-162 (1987). Here it appears unlikely that the "dual

---

[5] Like the College Defendants, the Hospital Defendants also treat the Second Amended Complaint's reference to Business and Professions Code §§ 17200 and 17203 as a separate claim. Again, the viability of the claim rises or falls with the underlying wage claim. In this instance, that means that to the extent the Business and Professions Code reference represents a separate unnumbered claim for relief, the Hospital Defendant's motion to dismiss such claim must be denied.

4

capacity" doctrine would strictly apply. If Steshenko prevails in his claim that he was a "*de facto*" employee, he has not alleged any facts suggesting he had some other or separate relationship with the Hospital Defendants that would allow him to invoke "dual capacity" doctrine. Nevertheless, the Hospital Defendants are arguing that Steshenko was *not* an employee, *de facto* or otherwise. Should they prevail on that point, they would have no basis to argue that these claims are barred by worker's compensation exclusivity.[6] Accordingly, the motion to dismiss these claims is denied.

### C. The Hospital Defendants' motion to strike

The Hospital Defendants move to strike paragraphs B, E, F, G, and H of the prayer for relief in Steshenko's Second Amended Complaint. Paragraphs F, G, and H, plainly seek relief only against the College Defendants, and Steshenko does not contend otherwise. Accordingly, there is no basis to "strike," them as to the Hospital Defendants.

The Hospital Defendant's challenge to paragraph E, seeking back wages, turns on their argument that Steshenko has failed to state a viable claim for wages. As their motion to dismiss has been denied on that issue, so must be the motion to strike paragraph E.

Finally, the Hospital Defendants contend Steshenko has not alleged adequate facts to support the exemplary damages he seeks in paragraph B. Indeed, the averments that defendants acted with the requisite degree of malice to support exemplary damages are thin and to a large degree conclusory. Nevertheless, sufficient facts regarding defendants alleged tortious conduct have been alleged to preclude a conclusion at the pleading stage that exemplary damages are unavailable.[7] Accordingly, the motion to strike is denied in whole.

---

[6] Additionally, Steshenko argues that because the Hospital did not view him as an employee, it did not pay worker's compensation premiums for him and he cannot file a claim under that system. The Hospital Defendants do not respond to this point on reply.

[7] On reply, the Hospital Defendants insist that at a minimum the complaint fails to allege a basis for exemplary damages against the Hospital itself. That may be so, but paragraph B prays for such damages only against the "individual Defendants."

5

### III. CONCLUSION

The College Defendants' motion to dismiss is denied as to count one, and granted as to count four, without leave to amend. The Hospital Defendants' motion to dismiss is granted as to count one, without leave to amend, and is denied as to counts four, seven, and eight. The motion to strike is denied. Defendants shall file answers to the Second Amended Complaint within 20 days of the date of this order.

Dated: 08/09/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE