UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO, ) | Case No.: C 09-05543 RS (PSG) |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF STESHENKO'S MOTION FOR PROTECTIVE ORDER** |
| v. ) | |
| THOMAS MCKAY, ET AL., ) | **[Docket No. 125]** |
| Defendant. ) | |

Plaintiff Gregory Nicholas Steshenko proceeding *pro se* moves for protective order. Defendants Watsonville Community Hospital, Kristine Scopazzi, Berthalupe Carrillo and Sandy Newell oppose the motion. Defendants Cabrillo Community College District, Thomas McKay, Anne Lucero and Dorothy Nunn join in the opposition. Pursuant to Rule 7-1(b), the motion is taken under submission and the hearing scheduled to be held on December 21, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Mr. Steshenko's motion for protective order is granted.

Mr. Steshenko moves for a protective order to preclude Defendants from taking his deposition at a "remote" location, or alternatively, for defendants to reimburse him for the cost of fuel. He is currently unemployed and resides in Santa Cruz County. He represents that the cost of fuel to make the round trip from his home to a law firm located in San Mateo County is prohibitive

ORDER, *page 1*

for him. Mr. Steshenko proposes that Defendants depose him either by telephone or at Cabrillo College or Watsonville Community Hospital, both of which are located in Santa Cruz County and within short driving distance of his home.

Defendants oppose the motion on the grounds that Mr. Steshenko previously agreed that they could take his deposition at a law firm located in San Mateo County and that the proposed deposition of Mr. Steshenko would occur in the district where the action is pending. Defendants note that the law firm in San Mateo County is mid-way between Santa Cruz County, where Mr. Steshenko resides, and Sacramento County, where certain Defendants' counsel are located. Defendants further note that they have noticed their intent to record Mr. Steshenko's testimony by videotape. Therefore, Defendants will not depose Mr. Steshenko by telephone.

Rule 26(c) provides in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or *expense*, including one or more of the following:
>
> (A)     forbidding the disclosure or discovery;
>
> (B)     specifying terms, including time and place, for the disclosure or discovery;
>
> (C)     prescribing a discovery method other than the one selected by the party seeking discovery;
>
> . . . .

(emphasis added). "A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker, et al.,* 24 F.3d 1162, 1166 (9th Cir. 1994). Based on the above and the fact that most if not all of the Defendants are themselves located in Santa Cruz County, the court finds good cause to order that Defendants notice Mr. Steshenko's deposition by videotape for a location in Santa Cruz County.

Pursuant to Civ. L.R. 30-1, the parties shall meet and confer on a date and time for the noticed deposition.

IT IS SO ORDERED.

Dated: December 16, 2010

*[signature]*

PAUL S. GREWAL
United States Magistrate Judge

ORDER, *page 2*