UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY STESHENKO, <br><br> Plaintiff, <br> v. <br><br> THOMAS MCKAY, ET AL., <br><br> Defendants. | Case No.: 09-CV-05543-RS (PSG) <br><br> **ORDER DENYING PLAINTIFF'S MOTIONS TO QUASH AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL** <br><br> **(Re: Docket Nos. 210, 215, 230)** |

Plaintiff Gregory Steshenko ("Steshenko") moves to quash two subpoenas and to compel production of documents. Defendants Kristine Scopazzi, Berthalupe Carrillo, Sally Newell, the Watsonville Community Hospital (collectively the "Hospital Defendants"), Thomas McKay, Dorothy Nunn, Anne Lucero and Cabrillo Community College (collectively the "College Defendants") oppose the respective motions against them. On April 24, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of the parties,

IT IS HEREBY ORDERED that Steshenko's motion to quash the subpoena issued to Johns Hopkins University is DENIED.

The subpoena was issued by a district court in Maryland. That is the proper court to hear any disputes related to the subpoena.[1]

---

[1] *See Fincher v. Keller Indus, Inc.,* 129 F.R.D. 123, 125 (M.D. N.C. 1990) (The court which issues the subpoena is the proper forum for ruling on motions to compel).

1

Case No.: C 09-5543 RS (PSG)
ORDER

IT IS FURTHER ORDERED that Steshenko's motion to compel is GRANTED-IN-PART.

On October 14, 2011, Steshenko served his third set of requests for production of documents.

Steshenko contends that notwithstanding a stay in the case from October 25, 2011 to February 17, 2012, the College Defendants have failed to produce any responsive documents or any privilege log.

The College Defendants respond that they agreed to produce all non-confidential, non-privileged documents that they were able to locate by the end of March 2012 and that on March 29, 2012, they served Steshenko, as they had promised, with documents responsive to his third set of document requests as well as a privilege log. They contend that Steshenko's motion therefore is moot. The College Defendants also note that Steshenko failed to meet and confer before filing the motion to compel and that the motion could have been avoided entirely had Steshenko met and conferred with them as Rule 37(a) requires. The College Defendants oppose any award of sanctions.

The court is without the benefit of the College Defendants' actual responses to Steshenko's third set of document requests. Relying instead on Steshenko's declaration in support of his motion to compel,[2] the court finds that the College Defendants should produce documents responsive to document request nos. 67, 70, 75, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 92, and 93. Any outstanding documents should be produced no later than May 4, 2012. Steshenko has not established to the court's satisfaction the relevance of documents responsive to document request nos. 68, 69, 72, 73, 74, 76, and 77. He seeks academic records, records related to the individual defendants' alleged cognitive disabilities, a doctoral dissertation, and professional publications. None of these documents appear relevant to Steshenko's claims that he was improperly terminated from a nursing program. Similarly, Steshenko has not established the relevance of documents responsive to document request nos. 94, 95, 96, 97 and 98.

IT IS FURTHER ORDERED that Steshenko's motion to quash a subpoena served on the Employment Development Department ("EDD") is DENIED.

---

[2] *See* Docket No. 258.

The subpoena to the EDD was issued by a district court in Sacramento. For the same reason that the district court in Maryland is the proper court to hear any disputes related to the subpoena served on Johns Hopkins University, the district court in Sacramento is the proper court to hear any disputes related to the subpoena served on the EDD.

**IT IS SO ORDERED.**

Dated:   4/25/2012

PAUL S. GREWAL
United States Magistrate Judge