UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY STESHENKO,<br><br>       Plaintiff,<br>v.<br><br>THOMAS MCKAY, ET AL.,<br><br>       Defendants. | Case No.: 09-CV-05543-RS (PSG)<br><br>**ORDER RE DISCOVERY MOTIONS**<br><br>**(Re: Docket Nos. 170, 171, 180, 181, 182, 183, 192)** |

Plaintiff Gregory Steshenko ("Steshenko") proceeding pro se has filed six motions[1] and Defendants Kristine Scopazzi, Berthalupe Carillo, Sally Newell and Watsonville Community Hospital (collectively "Watsonville Hospital Defendants") have filed one.[2] The parties, including Defendants Cabrillo Community College District, Thomas McKay, Dorothy Nunn and Anne Lucero ("College Defendants"), oppose each other's respective motions. On April 3, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of the parties,

IT IS HEREBY ORDERED that Steshenko's motion for protective order is DENIED.

---

[1] *See* Docket Nos. 170, 180, 181, 182, 183, 192.

[2] *See* Docket No. 171.

1

Case No.: C 09-05543 RS (PSG)
ORDER

Steshenko is indigent. On October 25, 2011, James Dal Bon ("Dal Bon"), counsel appointed by the Federal Pro Bono Project to represent Steshenko, was relieved of his appointment in light of an "inference that counsel did not represent [Steshenko's] interests with as much care as might have been appropriate, and certainly not as vigorously as [Steshenko] would have preferred.[3] Despite efforts by the Federal Pro Bono Project to identify substitute counsel to represent Steshenko, it was not able to do so and Steshenko again represents himself pro se.

Based on the significant financial resources that are available to both the College Defendants and the Watsonville Hospital Defendants but not to Steshenko, Steshenko argues that the court should re-balance resources among the parties so that he is not substantially prejudiced. He suggests the following remedies: (1) any oral depositions should occur only after all responsive documents have been produced; (2) Steshenko should be permitted to apply for funds usually allotted to attorneys in the Federal Pro Bono Project so that he may conduct discovery; (3) the court should appoint a discovery referee, with costs to be borne by defendants, to establish a deposition schedule fair to all parties; and (4) alternatively, the court should limit discovery conducted by Defendants to those same discovery methods available to Steshenko.

The College Defendants oppose Steshenko's motion in its entirety. They contend that Steshenko has cited to no authority whatsoever, and there is none, to justify his positions. As an initial matter, the College Defendants note that they have responded to both sets of Steshenko's document requests and that "all non-privileged, non-confidential and responsive documents have been produced." The College Defendants also note that together with the Watsonville Hospital Defendants, they sought to depose Steshenko as far back as September 16, 2011. Due to scheduling conflicts on both sides, however, Steshenko's deposition never occurred. The College Defendants dispute that any of their discovery efforts should be predicated on Steshenko's ability to take his own discovery. The College Defendants note that Steshenko is not obliged to conduct oral depositions and that there are other discovery tools available to Steshenko, his financial means notwithstanding, that allow him to meaningfully participate in the discovery process. The College Defendants object to the appointment of a discovery referee because they have complied with their

---

[3] *See* Docket No. 249.

2

Case No.: C 09-05543 RS (PSG)
ORDER

discovery obligations and they should not have to bear the costs associated with such an appointment.

The Watsonville Hospital Defendants too, oppose Steshenko's motion but only in part. First, under Fed. R. Civ. P. 26(c), they argue that Steshenko has not shown good cause to justify the relief he seeks. They next point out that Fed. R. Civ. P. 30 permits them to depose any party and that limiting their discovery options to only the ones available to Steshenko is unwarranted. The Watsonville Hospital Defendants also note that absent express authorization from Congress, public funds are not available for Steshenko to conduct discovery. The Watsonville Hospital Defendants agree, however, to the appointment of a special master but only if the cost is borne equally among the parties.

The court finds that Steshenko has not shown good cause for the court to grant the kind of protective order he seeks. He has shown neither embarrassment, oppression, undue burden nor expense. Judge Seeborg lifted the previously-imposed stay and has directed that the parties now proceed with discovery.[4] Shackling the defendants, so to speak, so that the parties may proceed on equal footing is not appropriate.

IT IS FURTHER ORDERED that the Watsonville Hospital Defendants' motion to compel Steshenko's deposition is GRANTED and their motion for sanctions is DENIED.

The Watsonville Hospital Defendants first noticed Steshenko's deposition on October 25, 2010. On December 16, 2010, the undersigned ordered that the Watsonville Hospital Defendants notice Steshenko's deposition by videotape for a location in Santa Cruz County.[5] As noted above, however, based on the revocation of Dal Bon's appointment, a court-imposed stay in the case, and various scheduling conflicts that arose by the parties' counsel, Steshenko's deposition never occurred. Whoever bears the majority of the blame for this, in light of Judge Seeborg's order lifting

---

[4] *See* Docket No. 251. In the Case Management Scheduling Order, Judge Seeborg specified that no later than August 3, 2012, the parties are permitted to conduct the following discovery: (1) 10 non-expert depositions per party; (2) 25 interrogatories per party, including discrete subparts; (3) a reasonable number of requests for production of documents or for inspection per party; and (4) a reasonable number of requests for admission per party.

[5] *See* Docket No. 131.

3
Case No.: C 09-05543 RS (PSG)
ORDER

the stay and providing a case management schedule, it is appropriate for Steshenko's deposition to proceed. No later than May 7, 2012, Steshenko shall appear for a deposition at a location in Santa Cruz County. The Watsonville Hospital Defendants' motion for sanctions in the amount of $2,361.80 is denied.

IT IS FURTHER ORDERED that Steshenko's motion to compel disclosure of sources of privileged information is DENIED.

Steshenko contends that certain discovery propounded by the Watsonville Hospital Defendants suggests that they obtained attorney-client privileged information about him from Dal Bon. Steshenko therefore moves to compel the source of the information that caused them to make the discovery request in the first place.

The Watsonville Hospital Defendants respond that they did not propound discovery based on any attorney-client privileged information that may have been received from Dal Bon. Because of the frivolous nature of the motion, the Watsonville Hospital Defendants seek $680 in sanctions.

The court agrees with the Watsonville Hospital Defendants. This motion borders on the frivolous. In light of the breakdown in the attorney-client relationship between Dal Bon and Steshenko, however, and giving Steshenko the benefit of the doubt that the motion was not brought in bad faith, the court will refrain from imposing sanctions.[6]

IT IS FURTHER ORDERED that Steshenko's motion to suppress evidence is DENIED.

Steshenko moves to suppress evidence obtained by improper means. Steshenko again reiterates his suspicions that Dal Bon may have improperly disclosed privileged information to the defendants causing them to propound certain discovery.

The Watsonville Hospital Defendants again dispute that their discovery was served based on privileged information received from Dal Bon. They instead contend that the discovery was served as part of their routine discovery requests related to his wage loss claims.

The court agrees with the Watsonville Hospital Defendants. As noted by Judge Seeborg, Steshenko's suspicions that Dal Bon may have conspired with the defendants to undermine his

---

[6] Pursuant to Civ. L.R. 7-8, the court also notes that a motion for sanctions must be separately filed.

4
Case No.: C 09-05543 RS (PSG)
ORDER

positions in this litigation are not supported by the record.[7] The court further notes that any motion for preclusive sanctions should have been made to the presiding judge.

IT IS FURTHER ORDERED that Steshenko's motion to take judicial notice is DENIED.

Steshenko moves for judicial notice of certain facts related the economy in the United States, in California, and in Santa Cruz County from 2007 to 2011. He does not indicate why, or for what purpose, he seeks to have the court take judicial notice of these facts in a stand-alone motion.

The Watsonville Hospital Defendants contend that Steshenko has not shown that these facts are undisputed and that the kinds of facts that Steshenko seeks the court to take judicial notice are better suited for testimony by expert witnesses. Citing to Fed. R. Evid. 201, they note that the kind of facts that may be judicially noticed are those facts that are not subject to reasonable dispute.

The court agrees with the Watsonville Hospital Defendants. To the extent that the statistics reflecting general economic trends from 2007 to 2011 cited by Steshenko may be disputed, they are not appropriate for judicial notice under Fed. R. Evid. 201.

IT IS FURTHER ORDERED that Steshenko's motion to compel the College Defendants to produce documents is GRANTED but only IN-PART.

Steshenko moves to compel the production of documents responsive to his document requests. He contends that the College Defendants have improperly invoked attorney-client privilege to shield otherwise relevant documents from production. Based on their improper withholding of relevant documents, Steshenko also seeks $1,000 in sanctions.

The College Defendants respond that they have produced all non-confidential, non-privileged responsive documents along with a privilege log. They note that some documents were withheld on the grounds of privilege, privacy, or the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Some documents were destroyed in the regular course of business and some of the requests that Steshenko served were unduly burdensome and overbroad. They also point out that Steshenko advised them that they had until March 2, 2012 to respond to his meet and confer letter but he nevertheless filed this motion on February 27, 2012.

---

[7] *See* Docket No. 249.

In large part, the court agrees with the College Defendants. In two sets of document requests, Steshenko served approximately 65 requests. For set one, it appears that the College Defendants have fully responded to document request nos. 2, 3, 4, 5, 9, 12, 13, 15, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 34, 42, 44, 45, 47, 51a-f[8] and from set two, it appears that the College defendants have fully responded to document request nos. 1 through 15.

With respect to document request nos. 1, 6, 7, 8, 10, 11, 14, 35, 36, and 37 (set one), the College Defendants object to the requests on the grounds that other student records and other student complaints are private, privileged or confidential and cannot be produced without a court order. Having reviewed these requests, the court is persuaded that the College Defendants should further respond to document request nos. 1 (except for other student records), 8 (with names and other identifying information redacted), 13, and 14. The College Defendants also should respond to document request no. 46. They provided no response to justify withholding documents responsive to this category of documents.

As for document request no. 38 (set one), Steshenko seeks documents produced by Cabrillo College employees in connection with his government claim, the state legal action and this action. Steshenko has not established to the court's satisfaction that all of the document requests in this category are relevant. He does not explain what the government claim is, what the state legal action is and how related documents are relevant. Documents produced by Cabrillo College employees in connection with this action, however, should be produced (except to the extent they qualify for the attorney-client privilege or protections of the work-product doctrine).

As for document request no. 48 (set one), Steshenko seeks documents produced in, or in connection, with closed sessions of the Cabrillo Community College District Governing Board that relate to his claims. The College Defendants assert privilege based on Government Code Sections 6254, 54957.2 and 54963 as well as the attorney-client privilege and work product doctrine.

---

[8] For document request no. 5, the College Defendants properly advised Steshenko that his medical file would be produced after he completed a HIPAA form.

1   At the hearing, the College Defendants conceded that any applicable privilege is not an absolute

2   one but a qualified one. They do not, however, specify what the applicable privilege might be.[9]

3   Rather than analyze how the government codes they cite apply to the governing board of a

4   community college, the College Defendants only state that documents were prepared for the

5   college district's closed session governing board meetings. In the absence of any further

6   explanation or justification, their objections on that basis are overruled. The College Defendants

7   also have not explained, let alone established, that the attorney-client privilege or work product

8   doctrine applies. Any objections on those bases also are overruled.

9   The College Defendants also objected to document request nos. 16, 39, 40, and 41 (set one)

10  on the grounds that the requests set forth an incorrect "factual predicate" and are not relevant.

11  Having reviewed the requests, the court finds that Steshenko has not established that these

12  document requests are relevant.

13  No later than May 4, 2012, the College Defendants shall supplement their production of

14  documents as specified above. Steshenko's motion for sanctions is denied.

15  IT IS FURTHER ORDERED that Steshenko's motion for a more definite statement from

16  the court is GRANTED.

17  After the stay was lifted, the parties were directed to re-notice any pending motions. To the

18  extent the parties previously met and conferred on the issues in dispute, the motions may be simply

19  re-noticed for hearing. On the other hand, if other motions were filed without any meet and confer,

20  the parties are obligated to meet and confer before re-noticing their motions for hearing.

---

[9] Based on the College Defendants citation to certain government codes, it appears they seek to invoke something akin to the deliberative process and mental process privileges. *See, e.g., Brain Thomas v. Matthew Cate,* 715 F.Supp. 2d 1012, 1019, 2010 WL 671254 at *2 (E.D. Cal. Feb. 19, 2010) ("'The primary rationale for the intra-governmental opinion privilege is that effective and efficient governmental decisionmaking requires a free flow of ideas among government officials and that inhibitions will result if officials know that their communications may be revealed to outsiders.'"). They do not, however, endeavor whatsoever to address any of the applicable factors attendant to either of the privileges. *See id.*

1  **IT IS SO ORDERED.**

3  Dated:    4/25/2012

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

8

Case No.: C 09-05543 RS (PSG)
ORDER