United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

v.

THOMAS MCKAY, et al.,

    Defendants.

_____/

No. C 09-5543 RS

**ORDER RE BRIEFING OF CHALLENGES TO DISCOVERY RULINGS**

    Plaintiff and the College Defendants each seek review of discovery rulings made by the assigned magistrate judge on April 25, 2012. Plaintiff originally filed what he entitled as "notices of appeal," asserting that he would file "appellate briefs" within 14 days. Plaintiff has apparently subsequently become aware that the appropriate procedural mechanism for challenging a non-dispositive pre-trial order of a magistrate judge is to file a motion in compliance with Civil Local Rule 72-2, and he filed such a motion on May 7, 2012 (Dkt. No. 298).[1] The docket entry for that

---

[1] That motion exceeds the page limits imposed by Rule 72-2. While that violation will be disregarded in this instance, plaintiff is cautioned to comply with the rule in any future motions.

motion purports to set a due date for responsive and reply briefing. Those dates should be disregarded, as Rule 72-2 provides that responses are not required unless specifically ordered.

Plaintiff additionally filed a noticed motion purporting to challenge portions of the magistrate judge's rulings as "dispositive," within the meaning of Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 72-3 (Dkt. No. 298). Notwithstanding plaintiff's attempt to characterize the ruling as "effectively" preventing him from pursuing certain of his claims, the challenged order is only a non-dispositive ruling on discovery matters. Accordingly, the hearing date of June 14, 2012 plaintiff noticed for that motion is vacated, and the briefing schedule set out in the docket entry should be disregarded. Instead, that motion shall be deemed to have been brought under Rule 72-2 as a challenge to a non-dispositive ruling. Defendants shall file a response to both Docket No. 298 and No. 299, not to exceed 10 pages, no later than May 25, 2012. Plaintiff's challenges to the magistrate judge's rulings then will be taken under submission without further briefing or argument.

The College Defendants' challenge to the discovery rulings, (1) seeks clarification as to the scope of their obligation to produce documents under the order, and (2) asserts that the magistrate judge did not rule on a motion seeking additional time for taking plaintiff's deposition. The docket indicates that the College defendants' request for additional time to depose plaintiff was filed as part of a document entitled as a "joinder," and that it was not entered into the ECF system as a motion (Dkt. No. 185). It is counsel's obligation to ensure that motions are properly entered as such in the ECF system. In any event, because the College defendants seek clarification as to the intended scope of the order and a ruling on an issue that was not addressed, their concerns should be presented to the magistrate judge in the first instance. Accordingly, the College defendants' motion (Docket 297) is denied without prejudice.

IT IS SO ORDERED.

Dated: 5/9/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2