United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS MCKAY, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-5543 RS<br><br>**ORDER RE PLAINTIFF'S MOTION FOR "CLARIFICATION"** |

On April 25, 2012, the assigned magistrate judge entered an order compelling plaintiff to appear for deposition no later than May 7, 2012. Plaintiff allegedly refused to cooperate with defendants in scheduling that deposition, and they filed a motion for sanctions on May 1, 2012 which is now pending before the magistrate judge.

On May 7, 2012, plaintiff filed a motion that he characterized as seeking review of a "dispositive" order, in which he challenges the order that he appear for deposition. On May 9, 2012, an order issued deeming that motion to have been brought under Civil Local Rule 72-2 as a challenge to a *non-dispositive* order, and setting a deadline for defendants to file a response.

Later that day, plaintiff filed a motion that he characterizes as seeking "clarification" of the May 9th order. Specifically, plaintiff requests guidance as to whether or not he is expected to appear for deposition prior to a decision on his challenge to the magistrate judge's ruling. The issuance of the May 9th order is irrelevant to the question plaintiff is now posing, and therefore it is not a matter of providing "clarification." No later than May 8, 2012, plaintiff had already failed to comply with the magistrate judge's order. Whether his motion objecting to that order was labeled as a challenge to a "dispositive" ruling or a "non-dispositive" ruling changes nothing. Plaintiff did not seek a stay of the order compelling his attendance at deposition; he simply elected not to comply while his challenge was pending. While the consequences of his non-compliance with the order, if any, remain to be decided, at this juncture the deadline for compliance has already passed.

That said, the expiration of a deadline to comply with a discovery order does not relieve a party from an ongoing duty to comply with the order. Nor does the mere filing of a challenge to a discovery ruling automatically effect a stay. While discretion to issue a stay upon a showing of good cause lies with the magistrate judge, no stay has been requested, and there is nothing further arising from the May 9th order that can be "clarified."

IT IS SO ORDERED.

Dated: 5/10/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE