UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY STESHENKO, <br><br> Plaintiff, <br> v. <br><br> THOMAS MCKAY, ET AL., <br><br> Defendants. | Case No.: 09-CV-05543-RS (PSG) <br><br> **ORDER DENYING PLAINTIFF'S REQUEST TO DISQUALIFY REFERRAL JUDGE** <br><br> **(Re: Docket No. 290)** |

Plaintiff Gregory Steshenko ("Steshenko") requests that I disqualify myself as the referral judge in the above case.[1] Neither the Hospital Defendants nor the College Defendants have responded to Steshenko's request for disqualification. Pursuant to Civ. L.R. 7-1(b), the request is taken under submission without oral argument. Having reviewed the papers and considered Steshenko's arguments,

IT IS HEREBY ORDERED that Steshenko's request for disqualification is DENIED.

Steshenko objects to certain rulings that I have made regarding a litany of discovery issues that have been raised by the parties. In sum, Steshenko states that in light of prior rulings on these issues, he is reluctant to raise any further discovery issues because he believes that I am "too

---

[1] Steshenko filed a letter seeking my disqualification as the referral judge. His letter is deemed to be a request for disqualification. Since making this request, Steshenko has moved the presiding judge to remove discovery from me or to reassign it to a different judge. *See* Docket No. 311.

1
Case No.: C 09-5543 RS (PSG)
ORDER

overloaded" to address discovery issues and am prejudiced against his interests, so much so that he fears that he cannot ever obtain a fair hearing.

Under 28 U.S.C. §455(a), a United States judge shall disqualify himself in any proceeding if his impartiality might reasonably be questioned. The purpose of the statute is to avoid even the appearance of partiality.[2] Disqualification or recusal may be appropriate even in cases where no partiality exists.[3] In determining whether disqualification is appropriate, the court must consider "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[4] The reasonable person is not "hypersensitive or unduly suspicious" but is a "well-informed, thoughtful observer."[5] If the reasonable person would not find a basis for partiality, the assigned judge should handle the case.[6] The merest unsubstantiated suggestion of personal bias or prejudice does not warrant recusal.[7]

Aside from disagreeing with my prior rulings,[8] Steshenko has shown no facts that would cause a reasonable person to question my impartiality. Looking closely at the April 25 order, Steshenko would see that in fact, many of the discovery rulings were favorable to him.[9] Even putting aside any score between the parties, however, there is no appearance of partiality or prejudice against Steshenko or his interests that would justify the recusal Steshenko has requested.

---

[2] *See Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed. 2d 855 (1988).

[3] *See id.*

[4] *United States v. Holland,* 519 F.3d 909, 913 (9th Cir. 2008).

[5] *See id.*

[6] *Id.* at 912.

[7] *See id.*

[8] Steshenko has appealed both April 25 orders to the presiding judge, as is his right. *See* Docket No. 298.

[9] *See, e.g.,* Docket No. 286 at 5-7.

Case No.: C 09-5543 RS (PSG)
ORDER

1   **IT IS SO ORDERED.**

3   Dated:   5/11/2012

_____
PAUL S. GREWAL
United States Magistrate Judge