UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY STESHENKO,<br><br>    Plaintiff,<br> v.<br><br>THOMAS MCKAY, ET AL.,<br><br>    Defendants. | Case No.: 09-CV-05543-RS (PSG)<br><br>**ORDER RE PLAINTIFF'S MAY 1, 2012 DISCOVERY MOTIONS**<br><br>**(Re: Docket Nos. 233, 234, 236, 242, 243, 244, 246)** |

Plaintiff Gregory Steshenko ("Steshenko") proceeding pro se has filed seven motions, including five separate motions to quash various subpoenas, a motion to compel privileged information, and a motion for sanctions. Defendants Kristine Scopazzi, Berthalupe Carillo, Sally Newell and Watsonville Community Hospital (collectively the "Hospital Defendants") oppose each of the motions. Pursuant to Civ. L.R. 7-1(b), the motions were taken under submission and the hearing scheduled to be held on May 1, 2012 was vacated.[1] Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Steshenko's fourth motion to quash a subpoena is GRANTED-IN-PART and DENIED-IN-PART.

Steshenko moves to quash subpoenas that the Hospital Defendants served to the University of California, Berkeley ("UC Berkeley"), University of California, San Francisco ("UC San

---

[1] *See* Docket No. 287.

1

Case No.: C09-5543 RS (PSG)
ORDER

Francisco"), University of Arkansas for Medical Sciences ("University of Arkansas"), and Washington University at St. Louis ("Washington University"). He states that the basis for the subpoenas is his GRE report, which was improperly provided to the Hospital Defendants by his former counsel. Steshenko contends that his academic records are privileged under the Family and Educational Right and Privacy Act ("FERPA") and that the four subpoenas were served in bad faith because they were intended to harass, embarrass, annoy and oppress him. Steshenko seeks sanctions totaling $12,000 ($3,000 for each subpoena) and requests a protective order against service of any further subpoenas.

The Hospital Defendants respond that the subpoenas were not served to harass or annoy Steshenko. They instead argue that Steshenko's prior academic records are relevant to show that he had the education necessary to obtain alternative employment even if he was terminated prematurely from the nursing program that the defendants administered. The Hospital Defendants therefore contend that the discovery sought is relevant to rebut Steshenko's claim for damages. The Hospital Defendants also dispute that the subpoenas that they served violated FERPA and point out that the statute provides an exception for records sought pursuant to a valid subpoena. Finally, the Hospital Defendants note that the subpoenas were for documents only, not depositions. As a result, Steshkeno's motion for a protective order lacks merit.

As an initial matter, two of the subpoenas, one to the University of Arkansas and the other to Washington University, were issued by courts other than this one. The district courts from which those subpoenas were issued are the proper courts to hear any disputes related to those subpoenas.[2] Steshenko's motion as it relates to those two subpoenas is DENIED.

---

[2] *See, e.g., Dow Chemical Canada, Inc. v. HRD Corp. doing business as Marcus Oil & Chemical*, No. 1-05-0023, 2010 WL 2680641, at *2 (S.D. Tex. Jul. 2, 2010) ("The rule states that '[o]n timely motion, the *issuing court* must quash or modify a subpoena' under certain circumstances and 'the issuing court may, on motion quash or modify the subpoena' under other circumstances. Fed. R. Civ. P. 45(c)(3)(A), (c)(3)(B) (emphasis added). Courts applying Rule 45 have held that 'any controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere.' *See Highland Tank & Mfg. Co. v. PS Intern., Inc.*, 227 F.R.D. 374, 381 (W.D. Pa. 2005); *see also Wells v. GC Services* LP, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007) ('[T]his court is not the proper court to quash or modify the subpoenas, which all issued from other courts.'); *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 893 (S.D. Ind. 2006) (stating that a court sitting in the district where the subpoena was issued and where responsive documents are located is the 'proper forum to rule on a motion to enforce the subpoena duces tecum'); *Fincher v. Keller Industries, Inc.*,

As for the two subpoenas served in this district, one served to UC Berkeley and the other served to UC San Francisco, the court quashes both for two reasons. First, while the Hospital Defendants are correct that FERPA provides an exception for documents sought in response to a subpoena, the statute also contains a requirement that the student be notified of the subpoena before the educational institution or agency complies with it.[3] The Hospital Defendants have not shown that this requirement has been met. Second, the court is not persuaded that the documents sought are relevant. The Hospital Defendants argue that the documents are relevant to show that Steshenko could have obtained alternative employment after he was terminated from their nursing program. But academic records for studies in unrelated subjects are insufficiently linked to the likelihood that Steshenko would have obtained alternative employment. All other relief sought is denied.

IT IS FURTHER ORDERED that Steshenko's fifth motion to quash is GRANTED.

Steshenko moves to quash subpoenas that the Hospital Defendants served to Foothill College, Monterey Peninsula College and UC Santa Cruz Extension. Steshenko also moves for sanctions and for a protective order against any further subpoenas.

Steshenko contends that the subpoenas should be quashed because the information sought is privileged under FERPA and not relevant. He explains that entire transcripts from all of the institutions he attended have been provided to the Hospital Defendants and involve disciplines unrelated to his nursing studies at issue in this case. At Monterey Peninsula College, Steshenko studied inorganic chemistry. At UC Santa Cruz Extension, Steshenko studied biochemistry and cell biology and at Foothill College, he studied physics. None of these courses are prerequisites for

---

129 F.R.D. 123, 125 (M.D.N.C. 1990) ('With respect to non-parties and the enforcement of Rule 45, Fed. R. Civ. P. subpoena, the court which issues the subpoena is the proper forum for ruling on motions to compel.'); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 69 (M.D.N.C. 1986) ('Rule 45 specifically provides that objections to subpoenas be considered by the issuing court.'); 9A Charles A. Wright, et al., *Federal Practice and Procedure* § 2463.1 (3d ed. 2008) ('Under Rule 45 as it currently reads, motions to quash, modify, or condition the subpoena are made in the district court in the district from which the subpoena issued. This is quite logical since it is the issuing court that has the needed jurisdiction to enforce the subpoena, and therefore is the logical forum for altering its terms or rendering it nugatory.')).

[3] *See* 20 U.S.C. § 1232g(b)(2) (allowing the disclosure of education records pursuant to subpoena if the student is notified in advance of the compliance by the educational institution or agency).

3

Case No.: C09-5543 RS (PSG)
ORDER

studying nursing. Steshenko therefore contends that the subpoenas were meant only to harass, embarrass and annoy him.

The Hospital Defendants dispute that the subpoenas were served to harass or embarrass Steshenko. They state that the information sought is relevant to establish that he is able to gain admission at colleges and universities and that he is able to mitigate his damages claim by locating alternative employment. Even if Steshenko's past academic record reflects studies in unrelated disciplines, they argue that he is obligated to obtain alternative employment to mitigate his damages, no matter what the field. The Hospital Defendants also note that the information sought by the subpoenas is not limited to his academic transcripts but includes other information as well.

Steshenko concedes that he produced to the Hospital Defendants his academic transcripts from all of the above institutions. Because the court is not persuaded as to sufficiency of the linkage between the requested information still at issue and Steshenko's damage claim, the court will quash the subpoena at issue. All other relief sought is denied.

IT IS FURTHER ORDERED that Steshenko's sixth motion to quash the second subpoena issued to Johns Hopkins University, for protective order and for sanctions is DENIED.

The subpoena was issued by a district court in Maryland. That is the proper court to hear any disputes related to the subpoena.[4]

IT IS FURTHER ORDERED that Steshenko's seventh motion to quash a subpoena issued to Washington University, for protective order and for sanctions is DENIED.

The subpoena was issued by a district court in Missouri. For the same reason that the Maryland district court is the proper court to hear any disputes related to the subpoena served on Johns Hopkins University, the district court in Missouri is the proper court to hear any disputes related to the subpoena served on the University of Washington.

IT IS FURTHER ORDERED that Steshenko's second motion to compel sources of privileged information is DENIED as moot.

The Hospital Defendants served a subpoena on San Jose State University ("San Jose State"). Steshenko claims that only certain privileged information he provided to his former

---

[4] *See* n. 2.

4

Case No.: C09-5543 RS (PSG)
ORDER

counsel would have caused the Hospital Defendants to serve San Jose State with a subpoena in the first place.

After Steshenko learned that the Hospital Defendants served San Jose State with a subpoena seeking his records, he contacted the Hospital Defendants to determine how they learned that he was a student there. The Hospital Defendants responded that a Google search of Steshenko's name yielded hyperlinks within the first ten entries showing that he was a student at San Jose State. Steshenko performed his own similar search but claims he was not able to duplicate the same search within the first ten entries. Steshenko therefore concludes that the Hospital Defendants only could have obtained the information from privileged communications he had with his former counsel.

The Hospital Defendants dispute that they have received any privileged communications from Steshenko's former counsel and respond that the motion is nonsensical. They state that the information was obtained on February 23, 2012 on an internet page for a microbiology course at San Jose State. On the page a "Greg Steshenko" had posted a comment about the requirements for a course book. Then using whitepages.com, the Hospital Defendants determined that he was the only "Steshenko" with the first initial "G" in the state of California. The Hospital Defendants therefore concluded that the "Gregory Steshenko" who posted a comment on the San Jose State website is the plaintiff in this case causing the subpoena to be served.

As noted before by Judge Seeborg, Steshenko's suspicions that his former counsel may have conspired with the defendants to undermine his positions in this litigation are not supported by the record.[5]

IT IS FURTHER ORDERED that Steshenko's eighth motion to quash the subpoena issued to the University of Texas is DENIED.

As before, the subpoena was issued by a district court other than this one. In this instance, the district court is located in Texas. Once again, the issuing court is the proper court to hear any disputes related to the subpoena.

---

[5] *See* Docket Nos. 249, 286 at 4.

5
Case No.: C09-5543 RS (PSG)
ORDER

1      IT IS FURTHER ORDERED that Steshenko's motion for sanctions is DENIED.

2      Steshenko alleges that the Hospital Defendants are up to "dirty tricks." In this instance, he contends that that the Hospital Defendants, or their agent, Compex Legal Services, paid "rush" fees to obtain his records from UCSC Extension in Silicon Valley to avoid their obligations under FERPA and to preclude Steshenko from having an opportunity to challenge the subpoena beforehand. Steshenko seeks sanctions in the amount of $3,000 and an order requiring them to destroy any improperly-obtained documents and to preclude their use in the case.

     The Hospital Defendants deny that they ever paid any "rush" fees to obtain Steshenko's records from UCSC Extension in Silicon Valley and instead contend that the $15 paid by Compex Legal Services, a local copy company they engaged to prepare and serve the subpoena, was a witness fee.

     In the absence of any proof, the court is not persuaded that the Hospital Defendants paid certain "rush" fees to avoid their obligations under FERPA or to preclude Steshenko from challenging the subpoena served on UCSC Extension in Silicon Valley.

**IT IS SO ORDERED.**

Dated:  6/4/2012

PAUL S. GREWAL
United States Magistrate Judge