1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11   GREGORY STESHENKO,                )    Case No.: 09-CV-05543-RS (PSG)
                                       )
12                        Plaintiff,   )    **ORDER RE PLAINTIFF'S JUNE 19,**
              v.                       )    **2012 DISCOVERY MOTIONS**
13                                     )
     THOMAS MCKAY, ET AL.,             )    **(Re: Docket Nos. 314, 316, 318, 321)**
14                                     )
                          Defendants.  )
15   _____ )

16

17        Plaintiff Gregory Steshenko ("Steskenko") proceeding pro se has filed four discovery

18   motions: (1) a motion for protective order; (2) a motion to quash a subpoena; (3) a motion for stay;

19   and (4) a conditional motion for sanctions. Defendants Kristine Scopazzi, Berthalupe Carillo, Sally

20   Newell and Watsonville Community Hospital (collectively the "Hospital Defendants") oppose the

21   three motions directed to them and Defendants Cabrillo Community College District, Thomas

22   McKay, Doroth Nunn and Anne Lucero (collectively the "College Defendants") oppose the one

23   motion directed to them. On June 19, 2012, the parties appeared for hearing. Having reviewed the

     papers and considered the arguments of counsel,

24        IT IS HEREBY ORDERED that Steshenko's motion for protective order is DENIED.

25        Steshenko seeks to bar the defendants from attending his deposition. He claims that their

26   presence at his deposition will cause evidence to be despoiled, allow defendants to develop a

27   "cover up story" and for them to coach each other. In light of the high-level of animus between the

28

                                                  1

**United States District Court**
For the Northern District of California

parties, Steshenko believes that his deposition will likely be hostile and emotionally-charged so much so that his deposition could end abruptly and prematurely.

The Hospital Defendants respond that Steshenko's concerns are unsupported, and highly inflammatory. Steshenko has provided no evidence whatsoever to suggest that defendants' presence at his deposition would cause any evidence to be destroyed or that the defendants would coach each other. The Hospital Defendants point out that Steshenko advised them that he himself planned to attend all of the defendants' depositions. Because Steshenko's motion lacks merit, the Hospital Defendants surmise that it is yet another attempt by Steshenko to further delay his deposition.

Rule 26(c)(1)(E) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating persons who may be present while discovery is conducted." The undersigned is not persuaded that Steshenko has established good cause to exclude defendants from attending his deposition. He does not specify what evidence might be destroyed or how defendants might coach each other during his deposition. While it is apparent that there is some animus between the parties, as there often is among parties embroiled in litigation, without more, his concerns appear unfounded and merely grounded in speculation and conjecture.

IT IS FURTHER ORDERED that Steshenko's motion to quash is DENIED without prejudice to a renewed motion in limine.

Steshenko moves to quash a subpoena that the Hospital Defendants served on the University of California, Santa Cruz ("UCSC"). In response to the subpoena, UCSC produced Steshenko's academic transcripts as well as a number of documents involving an unrelated dispute that he had with a professor there. Steshenko contends that the additional documents relating to the dispute with his professor are not relevant to the claims in the present case and that the Hospital Defendants should be precluded from using them against him at trial. Steshenko summarizes the additional documents at issue as follows:

Case No.: C 09-5543 RS (PSG)
ORDER

United States District Court
For the Northern District of California

Plaintiff's dispute with a UCSC professor about the low quality of the course he was teaching and about money that were extorted from the students to purchase the full set of previous exams for that course; about the physical assault of the teaching assistant to that professor on Plaintiff after Plaintiff refused to purchase the exams and demanded the quality instruction; and about the retaliatory allegations that the teaching assistant with the help of the professor brought against Plaintiff after Plaintiff filed a police report against him and pressed charges.

As an initial matter, the Hospital Defendants respond that Steshenko's motion is untimely. The subpoena was served in or around June 10, 2011 and Steshenko's prior counsel received timely notice of the subpoena. Counsel neither objected nor moved to quash it. The Hospital Defendants next argue that the documents produced are relevant because Steshenko's "past educational history is relevant both to his ability to be accepted to various colleges and Universities, as well as his ability to mitigate his damages and find employable work." The Hospital Defendants also argue that Steshenko seeks a ruling regarding the admissibility of evidence, a decision that belongs squarely in the domain of the presiding judge.

As to the first point, the Hospital Defendants are correct that time to quash a subpoena is before the response is ordered, not after.[1] As to Steshenko's challenge to the relevance and admissibility of the UCSC documents at trial, these arguments are appropriately directed to the presiding judge as a motion in limine in advance of trial.

IT IS FURTHER ORDERED that Steshenko's motion for stay is GRANTED.[2]

On April 25, 2012, the undersigned ordered that Steshenko's deposition proceed no later than May 7, 2012.[3] Later that same day and also on May 7, 2012, Steshenko "appealed" the April 25 order.[4] The presiding judge has since taken Steshenko's motion for relief from non-dispositive pretrial order under submission. Steshenko therefore seeks a stay of the April 25 order until the presiding judge rules on his motion. Steshenko states that he was unaware that he had to seek a stay

---

[1] *See* Fed. R. Civ. P. 45(c)(3).

[2] In light of this ruling, the Hospital Defendants' motion for sanctions regarding Steshenko's failure to appear for deposition and the College Defendants' joinder in that motion are DENIED. *See* Docket Nos. 291, 310.

[3] *See* Docket No. 286 at 3.

[4] *See* Docket Nos. 289, 298.

3

Case No.: C 09-5543 RS (PSG)
ORDER

United States District Court
For the Northern District of California

and also requests that the undersigned recuse from considering this motion so that he is able to obtain a fair ruling on this motion.

The Hospital Defendants respond that Steshenko has failed to appear for deposition even though the deposition was noticed more than a year and half ago. They continue to be prejudiced by the ongoing delay and Steshenko's claims that evidence will be despoiled or that "cover up" stories will be developed is completely unfounded and highly inflammatory. The Hospital Defendants complain that Steshenko continues to abuse the discovery process and that they are prohibited from developing their defenses to his claims.

For all the reasons outlined in the court's May 11 order, the undersigned declines Steshenko's request for recusal.[5] Turning to the merits of Steshenko's request, while the Hospital Defendants understandably wish to proceed with Steshenko's deposition, Steshenko is well within his rights to challenge the April 25 order. A stay until a ruling is issued by the presiding judge on the motion for relief is appropriate here and will be in effect until seven days after the presiding judge issues his ruling. All other relief sought is denied.

IT IS FURTHER ORDERED that Steshenko's conditional motion for sanctions is DENIED.

Steshenko moves for conditional sanctions against the College Defendants based on their failure to comply with the April 25 order. In the April 25 order, the undersigned ordered that the College Defendants produce certain responsive documents. The College Defendants later informed Steshenko that they were having difficulty locating some responsive documents and that in any event, they might move for relief from the April 25 order. As a result of the parties' various discussions, Steshenko provided them with an extension of time to comply with the April 25 order and allowed them to withhold any disputed documents until the presiding judge ruled on their motion for relief. Steshenko claims that the Hospital Defendants abused his generosity because they have since produced only two letters (of undisputed documents) and they have joined in the

---

[5] *See* Docket No. 319.

4

Case No.: C 09-5543 RS (PSG)
ORDER

United States District Court
For the Northern District of California

Hospital Defendants' motion for sanctions against him. Steshenko notes that the College

Defendants have not moved to stay the portion of the April 25 order applicable to them and he has

since revoked his extension of time for them to produce undisputed documents. Steshenko

nonetheless qualifies his motion as a conditional one so that the College Defendants are afforded at

least one week to produce any responsive documents.

The College Defendants respond that they have complied with the April 25 order and all

responsive discovery to document request nos. 1, 8, 13, 14, 38, 46 and 48 has been produced. They

have produced (a) all emails exchanged between Steshenko and Dennis Bailey Fougnier and

Sesario Escoto between October 1, 2009 and December 31, 2009; and (b) all communications

referencing Steshenko from Kathleen Welch, Sesario Escoto, Pegi Ard, Renee Kilmer, Brian King

and Dennis Bailey Fougnier. Any prior difficulties with conducting a broader email search has

been resolved.

The court is not persuaded that sanctions are warranted. The College Defendants represent

that they have produced all responsive documents pursuant to the April 25 order, with the

exception of documents subject to a clarification the College Defendants have requested.[6] At the

hearing, Steshenko declined to identify examples of specific student complaints that he contends

have not been produced. Without more, the court is left to speculate about documents that might

have been withheld. The court notes that any "extensions" to comply with a court order must be

obtained from the court itself, not the parties.[7]

---

[6] *See* Docket No. 320. That motion is under submission and will be addressed in a separate order.

[7] *See, e.g.,* Civ. L.R. 6-1(b) ("A court order is required for any enlargement or shortening of time
that alters an event or deadline already fixed by the court").

Case No.: C 09-5543 RS (PSG)
ORDER

**IT IS SO ORDERED.**

Dated:    6/19/2012

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

6

Case No.: C 09-5543 RS (PSG)
ORDER