UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY STESHENKO,<br><br>           Plaintiff,<br>    v.<br><br>THOMAS MCKAY, ET AL.,<br><br>           Defendants. | Case No.: 09-CV-05543-RS (PSG)<br><br>**ORDER GRANTING-IN-PART COLLEGE DEFENDANTS' MOTION TO CLARIFY APRIL 25 ORDER**<br><br>**(Re: Docket No. 320)** |

Defendants Cabrillo Community College District, Thomas McKay, Dorothy Nunn and Anne Lucero (collectively, the "College Defendants") move to clarify this court's April 25, 2012 order.[1] The College Defendants also move for additional time to depose Plaintiff Gregory Steshenko ("Steshenko"). Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that the College Defendants' motion to clarify the April 25 order is GRANTED-IN-PART.

The College Defendants seek to clarify: (1) whether they must produce confidential and/or privileged documents; and (2) whether they must produce documents responsive to certain

---

[1] The College Defendants originally moved the district judge for relief from this order. *See* Docket No. 297. Because the College Defendants sought clarification of the intended scope of the April 25 order and a ruling on their request for additional deposition time that had not been considered previously, Judge Seeborg directed them to address their concerns to the undersigned in the first instance. *See* Docket No. 312 at 2.

1

Case No.: C 09-5543 RS (PSG)
ORDER

categories of documents in light of the overbreadth and burden that would be associated with such a production.

As for the first request, the College Defendants need not produce any documents withheld on the basis of attorney-client privilege or the work-product doctrine.[2]

As for the second request, the College Defendants assert that document request nos. 8, 13, 14 and 46 are overbroad and unduly burdensome. Only document request no. 14 was discussed in the ten lines referencing undue burden and overbreadth in the College Defendants' opposition to the motion to compel giving rise to the order at issue.[3] And even as to that one request, the College Defendants made no showing whatsoever to justify their claims of undue burden. Moreover, the undersigned reviewed all of the requests, including document request nos. 8, 13, 14 and 46 now at issue here, and overruled the College Defendants' remaining objections. The time for making arguments and substantiating those arguments was on or before April 25, not now. Documents responsive to these requests need to be produced without further delay.

IT IS FURTHER ORDERED that the College Defendants' motion for additional time to depose Steshenko is DENIED.

Even though Steshenko is obligated to be deposed for at least seven hours, the College Defendants seek seven more hours to depose him. They note that there are multiple groups of

---

[2] In their opposition to the motion to compel giving rise to the order at issue, the College Defendants objected to producing documents responsive to request no. 48 that had been withheld on the basis of attorney-client privilege or work product. In the April 25 order, the undersigned overruled those objections because they had not explained or justified how the attorney-client privilege or work product doctrine applied. The College Defendants failed to provide even a privilege log.

Now the College Defendants provide a declaration from Vincent Hurley to justify their attorney-client privilege and the work product objections. Mr. Hurley's declaration, however, was not included in the original opposition. While the court would ordinarily be loath to credit a declaration that should have been submitted earlier, the court is mindful of the particular importance of the attorney-client privilege and the prejudice arising from what would amount to a finding of waiver.

On this basis, the College Defendants may withhold documents responsive to request no. 48 as well based on the attorney-client privilege and work-product doctrine.

[3] *See* Docket No. 212 at 5-6.

2

Case No.: C 09-5543 RS (PSG)
ORDER

defendants in the case, i.e., the College Defendants and the Hospital Defendants, and their respective litigation interests and goals differ because each group of defendants face different claims and have different defenses. The abilities of their able counsel notwithstanding, the College Defendants contemplate that more than seven hours will be needed to complete Steshenko's deposition. The College Defendants also note that their past efforts to procure any written discovery from Steshenko have been frustrated at every turn.

Rule 30(d)(1) provides that a deposition is limited to one day of seven hours.[4] "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination."[5] Rule 26(b)(2) provides that the court must limit the frequency or extent of discovery if it determines that:

(i)  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Aside from merely speculating that more time beyond seven hours is needed to examine Steshenko, no specific grounds to justify a longer deposition have been provided. In the event the College Defendants find that additional time is needed to depose Steshenko after the first seven hours is exhausted, they may renew their motion. Before renewing any motion, however, the parties are advised to prudently make use of, and to coordinate with co-counsel, the seven hours presently allotted under the rules. Frivolous or redundant questions, and extensive attorney argument during the deposition will be construed against any request for additional time.

---

[4] *See* Fed. R. Civ. P. 30(d)(1).

[5] *See id.*

3

Case No.: C 09-5543 RS (PSG)
ORDER

1  **IT IS SO ORDERED.**

3  Dated:  6/22/2012

                                                                 PAUL S. GREWAL
                                                                 United States Magistrate Judge

**United States District Court**
For the Northern District of California

4

Case No.: C 09-5543 RS (PSG)
ORDER