IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO, | No. C 09-5543 RS |
| Plaintiff, | |
| v. | **ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS ENTERED APRIL 25, 2012** |
| THOMAS MCKAY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Gregory Steshenko challenges certain aspects of the discovery orders issued by the assigned magistrate judge in two orders entered on April 25, 2012.[1]  A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929

---

[1] This order addresses Steshenko's challenges raised in Docket No. 298.  Steshenko filed a separate motion attacking a specific aspect of one of the magistrate judge's orders issued on April 25, 2012, which Steshenko incorrectly characterized as a "dispositive" ruling.  That challenge will be addressed by separate order, to issue in due course.

F.2d 1404, 1414 (9th Cir. 1991). Because Steshenko has shown no such error here, his objections to the orders will be overruled.

1. <u>Steshenko's motion to compel Hospital Defendants to disclose the "source" of allegedly privileged information underlying a discovery request.</u>

The Hospital Defendants propounded Document Request No. 26, seeking production of Steshenko's W-2 forms dating back to 2005. Steshenko asserts that the time period specified in the request is of "special significance" to him, and that he disclosed the facts regarding that significance to his former attorney in this matter, with the expectation of attorney-client confidentiality. Steshenko speculated that defendant's request for his W-2 forms covering that time period must have been motivated by their receipt of information improperly disclosed to them by his former counsel, and he moved to compel them to disclose the "source" of the information on which they based the request (Dkt. No. 180). In response, defendants declared that they received no information from plaintiff's former counsel except materials provided in discovery responses. They further explained that the time period stated in Request No. 26 merely reflects the four years prior to plaintiff's termination from the nursing program, which they believed represented a reasonable balance between seeking potentially relevant information and imposing burdens on Steshenko. The magistrate judge declined to grant Steshenko's motion to require any further response.

Steshenko has shown no error in the magistrate judge's ruling. Whatever "special significance" the time period from 2005 may hold for him, there is no basis to conclude that defendants were in the possession of privileged information when they formulated and propounded Request No. 26. Given plaintiff's damages claims in this action, it is well within routine defense discovery practice to seek information relating to his earnings during the time period prior to the events at issue, and selecting a four year range was completely reasonable. It may be that by some happenstance that time period coincided with something of "special significance" to Steshenko, but the record supports no reasonable inference of misconduct, nor is there any basis to compel defendants to provide information they simply do not possess. Steshenko's objection to the magistrate judge's ruling is overruled.

2. Steshenko's motion to "suppress evidence"

In response to discovery requests seeking Steshenko's academic records, his former counsel produced a document reporting his GRE scores, and listing the academic institutions to which the scores had been sent. When defendants subsequently propounded discovery relating to any applications Steshenko had made to those institutions, he initially accused defendants of having obtained confidential information from his prior counsel outside the discovery process. *See* Order dated March 29, 2012 at 2:20-4:6. Steshenko now apparently understands that the document was in fact produced by his former counsel in discovery, although he contends it should not have been.

Steshenko moved to "suppress" the document containing his GRE scores and the list of institutions to which the scores were sent (Dkt. No. 181). Although that motion referred to the possibility that the document had been produced through "negligence," it also reiterated Steshenko's suspicions that defendants had obtained it, and other information, through "improper means." *See*, *e.g.*, Dkt. No 181 at 2:23-3:2; 3:11-12. The magistrate judge denied the motion, noting among other things that the record supports no inference of collusion between his former attorney and defendants.

Steshenko now recharacterizes his underlying motion as one that sought only to address "inadvertent production," and he argues that the magistrate judge's order erroneously focused on the lack of evidence of any conspiracy involving his former counsel and defendants. Regardless of how the underlying motion should be characterized, however, Steshenko has shown no error in the magistrate judge's disposition of it. Neither the document nor the information it contained regarding his GRE scores and the institutions that received those scores is subject to attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.") While Steshenko could not have been compelled to testify as to what documents he gave to his attorney, merely giving an otherwise unprivileged document to an attorney does not cloak that document with the privilege or otherwise make it exempt from to discovery. *See id.* at 395-96.

Whether the document necessarily was responsive to any of defendants' then-pending document requests is arguably a closer question. Even assuming, however, that Steshenko's former counsel would have been justified in withholding it from production, there is no basis to "suppress" it at this juncture. Whether Steshenko's GRE scores or the list of institutions to which they were sent would be admissible at trial is a matter to be determined only if and when such evidence is offered. To the extent defendants may seek further discovery flowing from the information in this document, the relevance of any such requests, and/or burdens imposed thereby, can and should be evaluated on the merits of those requests. Steshenko has not shown that the magistrate judge's ruling is clearly erroneous or contrary to law, and his objection is overruled.

### 3. Steshenko's request for judicial notice

Steshenko filed a request for judicial notice as a stand-alone motion. (Dkt. No. 182). The motion sought to establish a series of facts relating to current economic conditions, recent unemployment statistics, historical job loss in American industries, and discrimination in hiring against the long-term unemployed. Even if such facts could properly be established through judicial notice, they are at most relevant to the question of whether Steshenko's efforts to mitigate his damages have been adequate, which may be presented as an issue at trial. Nothing in any of the pending discovery disputes turned on that issue, or on the accuracy of the statistics and assertions presented in the request for judicial notice. While Steshenko may very well be able to establish that economic conditions have prevented him from obtaining other employment and that his mitigation efforts have been more than satisfactory, that has no bearing on the discovery disputes raised in the underlying motions. Steshenko has shown no error in the magistrate judge's decision to decline taking judicial notice, and his objection is overruled.

### 4. Steshenko's motions to compel further document production

Steshenko filed two motions (Dkt. Nos. 183 and 215) to compel further document production from the College Defendants, which were granted in part, and denied in part. Steshenko challenges the portions of the magistrate judge's orders that denied relief as to some of the

4

document requests in dispute. Steshenko's objections, however, merely assert that the materials he seeks are relevant to his claims, or take issue with conclusions that certain requests were responded to fully. He fails to explain how or why the magistrate judge's ruling was clearly erroneous or contrary to law. The Court has reviewed the underlying motions and the magistrate judge's orders and finds no error. Steshenko's objections are overruled.

5. Steshenko's motions to quash third-party subpoenas

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, Steshenko moved to quash a third-party subpoena issued to the State of California Employment Development Department (Dkt. No. 230). Without specifically citing any rule, Steshenko similarly moved to quash a subpoena served on Johns Hopkins University. (Dkt. No. 210). Both motions were denied on grounds that the subpoenas were issued under the authority of other district courts, such that any challenges must be brought in those courts. Relying on Rule 26(c)(1), Steshenko now argues that, as a party, he is entitled to seek a protective order in this district against the subpoenas.

In addition to the fact that he did not rely on Rule 26 in moving to quash the subpoenas, Steshenko's argument is foreclosed by *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829 (9th Cir. 2011). In that case, the Ninth Circuit expressly held "the issuing court, and not the court where the underlying action is pending, has the authority to consider motions to quash or modify subpoenas." *Id.* at 832. Quoting *In re Sealed Case,* 141 F.3d 337, 341 (D.C.Cir.1998), the *CMKM Diamonds* court observed that "[s]ubpoenas are process of the issuing court, . . . and nothing in the Rules even hints that any other court may be given the power to quash or enforce them." *Id.* Accordingly, Steshenko's objection to the magistrate judge's denial of his motions to quash is overruled.

IT IS SO ORDERED.

Dated: 7/2/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

5