United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

v.

THOMAS MCKAY, et al.,

    Defendants.

_____/

No. C 09-5543 RS

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ENTERED JUNE 4, 2012**

    Plaintiff Gregory Steshenko challenges certain aspects of a discovery order issued by the assigned magistrate judge on June 4, 2012. A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Because Steshenko has shown no such error here, his objections (Dkt. No. 352) will be overruled.

    1. <u>Motions to quash subpoenas</u>

    As explained in more detail in the order overruling the objections to the magistrate judge's April 25, 2012, orders, Steshenko's contention that this court has jurisdiction to resolve disputes

regarding the propriety of subpoenas issued under the authority of other districts lacks merit. *See S.E.C. v. CMKM Diamonds, Inc*., 656 F.3d 829, 832 (9th Cir. 2011). Steshenko's objection to the magistrate judge's ruling is overruled.

2. Motion to disclose source of information leading to subpoena

Defendants issued a subpoena to San Jose State University seeking Steshenko's academic records. Steshenko surmised that defendants must have learned that he attended San Jose State through his former counsel's improper disclosure of allegedly privileged information, and moved to compel defendants to disclose any such information received. (Dkt. No. 243). On reply, Steshenko asserted that his motion had already served its intended purpose, because defendants' opposition disclosed that they had run an internet search for "Gregory Steshenko San Jose," which returned a result containing an indication that Steshenko possibly was taking at least one course at San Jose State. *See* Docket No. 271 at 2:22-23 ("This motion has achieved its purpose. Defendants disclosed the search engine parameters that they used . . . ."); 3:7-8 ("Defendants could have avoided this motion if they disclosed the true search engine parameters during the meet and confer events with Plaintiff.") Not surprisingly, in light of this assertion by Steshenko, the magistrate judge concluded that the motion was moot, and denied it on that basis. June 4, 2012 Order at 4:24-25.

Steshenko now challenges the denial of the motion, contending that the magistrate judge used "circular logic" to conclude that he was not entitled to discover evidence of any transmission of privileged information from his former counsel to defendants, because there is no indication any such improper communications occurred. Even assuming Steshenko's prior admission that the motion had achieved its purpose does not bar him from continuing to pursue this issue, he has misconstrued the magistrate judge's observations in the June 4th Order. Nothing in the ruling suggests that Steshenko necessarily was required to have evidence of the transmission of privileged information before inquiring into the matter. Rather, even assuming Steshenko had a reasonable basis to be concerned that his prior counsel *might* have disclosed privileged information to defendants, the magistrate judge found that defendants have adequately established that no such misconduct occurred, and that their discovery requests were formulated based on publicly available

information (or, in the case of subpoenas served on certain other institutions, based on a document included in Steshenko's formal discovery responses).

It appears that Steshenko personally continues to find it suspicious that defendants would run an internet search with his name in conjunction with "San Jose," given that he and the defendants are all based in Santa Cruz County or Monterey. Whether counsel's inclusion of "San Jose" in the search parameters was a fortuitous mistake, or calculated strategy, it is not inherently suspicious, given the relative importance of San Jose in the general geographic region. It provides no rational basis for calling into question the sufficiency of defendants' showing that they received no information from Steshenko's former counsel outside of formal discovery. Steshenko has failed to show that the magistrate judge's ruling was clearly erroneous or contrary to law, and his objection is overruled.

3. <u>Sanctions for subpoenaing records on a "rush" basis</u>

Through a document service, defendants issued a subpoena to University of California, Santa Cruz Extension, Silicon Valley, ("UCSC") for copies of Steshenko's academic records. The document service enclosed the customary $15 witness fee with the subpoena. UCSC mailed out the responsive documents the same day it received the subpoena, despite the fact that it specified a production date fourteen days later.

For reasons that are still unexplained, UCSC then sent Steshenko a "receipt" stating that *he* had made a check payment of $15 as a "rush fee." Upon inquiry, Steshenko was advised by UCSC that the receipt related to the payment made by the document service in connection with the subpoena. From this, Steshenko concluded that defendants deliberately paid a "rush fee," which he characterizes as a *bribe*, to ensure that UCSC would produce his records to them before he had an opportunity to object or to have the subpoena quashed. Steshenko moved to impose $3000 in sanctions for such "dirty tricks." (Dkt. No. 246).

The magistrate judge denied the motion, finding no evidence that defendants paid any "rush fees" in an effort to deprive Steshenko of his rights. That conclusion is neither clearly erroneous nor contrary to law. The evidence shows that defendants and their document service followed ordinary

3

procedures in serving the subpoena, tendering a $15 witness fee, and specifying a production date fourteen days later. UCSC's election to mail out the responsive documents the same day it received the subpoena does not support an inference of any wrongdoing by defendants. The "receipt" emailed to Steshenko, while inexplicable, was erroneous on its face. There is no dispute that Steshenko had made no payment to UCSC whatsoever; the characterization of a "rush fee" is entitled to no weight. Whatever UCSC may have intended by sending the "receipt," it does not support a conclusion that defendants or their document service did anything improper. Steshenko's objection to the magistrate judge's ruling is overruled.

IT IS SO ORDERED.

Dated: 7/3/12

*[signature]*

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE