United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

v.

THOMAS MCKAY, et al.,

    Defendants.
_____/

No. C 09-5543 RS

**ORDER RE MOTION TO IMPOSE SANCTIONS FOR ALLEGED SPOLIATION OF EVIDENCE**

    Plaintiff Gregory Steshenko moves to impose sanctions against the College Defendants for what he contends constitutes intentional spoliation of evidence.[1] District courts may impose sanctions as part of their inherent power "for willful disobedience of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 420, 258 (1975)). In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it. *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982) (discussing *Hammond Packing Co. v. Ark.*, 212 U.S. 322, 349-54 (1909)); *Nat'l*

---

[1] It is unclear to what extent Steshenko contends that the Hospital Defendants also engaged in spoliation, or whether his motion also seeks sanctions against them. In any event, the Hospital Defendants have adequately explained why the one document about which Steshenko complains was not initially produced. Accordingly, to the extent that Steshenko's motion is directed against the Hospital Defendants, there is no basis to conclude they engaged in any spoliation or concealment of evidence, and the motion is denied.

*Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557 (N.D. Cal. 1987) ("Where one party wrongfully denies another the evidence necessary to establish a fact in dispute, the court must draw the strongest allowable inferences in favor of the aggrieved party"); *Computer Assoc. Intern., Inc. v. American Fundware, Inc.*, 133 F.R.D. 166, 170 (D. Colo. 1990). Additionally, "[t]he obligation to retain discoverable materials is an affirmative one; it requires that the agency or corporate officers having notice of discovery obligations communicate those obligations to employees in possession of discoverable materials." *National Ass'n of Radiation Survivors*, 115 F.R.D. at 557-58.

Because of their potency, these inherent powers must be exercised with restraint and discretion. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). A primary aspect of that restraint and discretion is fashioning a sanction appropriate to the conduct in question. *Id.* at 765. When choosing among possible sanctions, the Court should consider a sanction designed to: (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore a prejudiced party to the same position he or she would have been in absent wrongful destruction of evidence by the opposing party. See *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *West v. Goodyear Tire and Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). In evaluating the propriety of sanctions, the Court may consider any incidents of prior misconduct, including prior misconduct that already has been subject to sanction. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993).

Here, Steshenko relies on four basic sets of circumstances that he argues demonstrate spoliation or other discovery misconduct. First, Steshenko complains that the College Defendants inexplicably withheld documents stamped with Bates Nos. 177-267 for an extended period of time, and that when they were eventually produced, they consisted of disorganized and only tangentially relevant materials. From this, Steshenko speculates that the College Defendants have replaced potentially incriminating documents with innocuous ones. The College Defendants have adequately explained that the omission of Bates Nos. 177-267 from their original productions was mere oversight, and that they were produced promptly upon the expiration of the stay in this matter, when

they became aware of the error.  They have also sufficiently shown that the documents were produced in good faith as responsive to particular requests made by Steshenko, and organized as kept in the ordinary course of business.  Nothing in the record supports Steshenko's accusation of any intentional concealment or other wrongdoing in connection with these documents.

Second, Steshenko points to the fact that two different documents have been produced under Bates No. 176.  Such numbering errors are not uncommon in document productions, and the College Defendants have sufficiently established that nothing sinister occurred in this instance.  The conclusions Steshenko draws from the double numbering are unfounded.

Third, Steshenko contends that one particular document—an evaluation of Steshenko's clinical performance—bears signs of having been altered, and that his recollection of it differs from the version that was produced.  The author of the document has declared that she in fact "whited out" a portion of it, and initialed that edit, prior to presenting it to Steshenko for his signature. There is no basis to conclude the document was improperly altered prior to its production in discovery.[2]

Accordingly, with respect to these three prongs of Steshenko's motion, he has failed to present any reason to believe that the College Defendants engaged in spoliation of evidence, deliberate or otherwise, or that any other discovery misconduct occurred. To the extent his motion is based on these three sets of allegations, it is denied.

The fourth prong of Steshenko's motion arises from the acknowledged fact that the email account of defendant Thomas McKay was deleted at some point in time after his employment with Cabrillo College terminated, when the duty to preserve evidence had undisputedly already arisen. The College Defendants insist that the deletion was the result of routine practices, and that the instruction to preserve evidence had not reached the appropriate personnel for the innocent reason that the College was without an Information Technology Director at the time.  The College

---

[2]  Steshenko complains that the College Defendants are refusing to allow him to inspect the original document.  In the event the parties cannot arrange for Steshenko to inspect the original at a reasonable time and place, he may seek relief from the magistrate judge.

3

Defendants also assert that they were able to produce a large quantity of McKay's email from the accounts of other persons who sent or received such communications.

The College Defendants' explanations as to the circumstances under which McKay's emails were deleted, however, are sparse and to some degree contradictory. While there is no reasonable basis to conclude at this juncture either that deliberate wrongdoing occurred, or that material evidence likely was irretrievably lost as a result of the deletion of McKay's account, the interests of justice require a more fulsome account of the facts surrounding the deletion. Accordingly, within thirty days of the date of this order, counsel for the College Defendants shall conduct a reasonable investigation, and shall file supplemental declarations addressing the precise circumstances under which the account was deleted, including when the deletion occurred; the extent of efforts made, if any, to recover deleted files; the potential costs and efficacy of making such forensic efforts, and; if and whether it is reasonable to assume that all or substantially all responsive emails originally present in McKay's account have already been recovered from other sources and produced to plaintiff. The supplemental declarations should also include explanations regarding (1) why McKay's termination date has alternatively been given as December 18, 2009 and January of 2010; (2) why the policy has alternatively been described as calling for deletion of a terminated employee's account after 90 days, or at any time from one to three months after termination; (3) how and why a particular point in the one to three month range was selected in this instance, if the policy in fact provides for such a range; (4) the circumstances, timing, and import of any deletion of files on McKay's desktop computer, and the relationship of such deletion to the deletion of files on central servers. Within 10 days of the filing of such supplemental declarations, Steshenko may file a response, not to exceed 10 pages. The balance of Steshenko's motion will then again be taken under submission.

Steshenko is strongly advised not to infer from this order that the Court has found his accusations of perjury and other wrongdoing to have any basis in fact. To the contrary, his briefing continues to be replete with inappropriately inflammatory charges, and unfounded speculation. That

4

some further explanation is being required does not imply that defendants will be unable able to show that no spoliation or other sanctionable conduct occurred.[3]

IT IS SO ORDERED.

Dated: 7/12/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, there is virtually no chance that sanctions of the nature Steshenko requests would be warranted in any event.