**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS MCKAY, et al.,<br><br>    Defendants.<br>_____ / | No. C 09-5543 RS<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER RE HIS DEPOSITION** |

Plaintiff Gregory Steshenko filed an objection to what he characterized as a dispositive ruling regarding his deposition, made by the assigned magistrate judge in an order entered on April 25, 2012. As previously explained, Steshenko's characterization of the order as "dispositive" is legally incorrect, and his challenge has been deemed to have been brought under Civil Local Rule 72-2. *See* Order entered May 9, 2012 (Dkt. No. 312). A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Because Steshenko has shown no such error here, his objections (Dkt. No. 299) will be overruled.

The portion of the magistrate judge's order subject to this challenge grants defendants' motion to compel Steshenko to appear for deposition, and denies his motion for a protective order, which requested his deposition only go forward if he were granted certain other relief. In neither the

underlying motions, nor in the present challenge, does Steshenko contend that defendants should not be permitted to depose him at all.  Rather, in the underlying motions, Steshenko sought to preclude his deposition from going forward unless and until (1) then-pending motions regarding document production were resolved, (2) he was allowed to apply for funds from the Federal Pro Bono Project, and/or (3) a discovery referee was appointed, at defendants' expense, to "establish a fair schedule of the oral depositions."  In the alternative, Steshenko proposed that no depositions be allowed in this action, with the parties to proceed by way of written discovery only, "such as interrogatories with a large number of questions allowed."  In his present challenge, Steshenko suggests his deposition take place simultaneously with those of defense witnesses, with the depositions to be "conducted by the Defendants' counsel with the Plaintiff's participation."  Steshenko further requests that the Court devise any other solution to address his claim that he lacks the financial resources to take depositions.

Much of the argument Steshenko offers as a basis for the relief he is requesting relates to his claim that defendants have engaged in spoliation of evidence.  Steshenko's arguments regarding purported spoliation have been addressed in the context of his motion for sanctions.  *See* Order entered July 12, 2012 (Dkt. No. 385).  Although the College Defendants have been required to provide further information regarding the deletion of defendant McKay's email account, there is no reasonable basis to infer that permitting Steshenko's deposition to go forward will lead to subsequent spoliation of evidence, perjury by any defense witnesses, or other improper conduct.

While Steshenko's contention that there is a significant disparity in the relative financial resources of the parties may very well be factually accurate, it does not serve as a legal basis to preclude defendants from taking his deposition or for imposing any of the conditions he has proposed.[1]  To the extent any of Steshenko's other arguments fall outside the broad summary given here, they have been reviewed and found to be without merit, and do not warrant more detailed

---

[1] Steshenko's assertion that health care agencies nationwide have formed "a kind of a cartel," and have agreed to discriminate against any attorneys who take cases against "cartel" members, represents another example of inflammatory accusations based on facts that likely are innocuous. That the potential conflicts of interest held by many of the attorneys who volunteer in the Pro Bono Project may have been one factor impeding the efforts to find counsel to represent Steshenko, does not support an inference of the existence of any such "cartel" or any wrongful behavior.

description. Steshenko has not shown that the denial of his motion for a protective order or the granting of defendants' motion to compel is clearly erroneous or contrary to law, and his objection is overruled.

IT IS SO ORDERED.

Dated: 7/13/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE