IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

THOMAS MCKAY, et al.,

Defendants.

No. C 09-5543 RS

**ORDER TO SHOW CAUSE RE POTENTIAL IMPOSITION OF SANCTIONS**

Plaintiff Gregory Steshenko moved to impose sanctions based on his allegations of evidentiary spoliation. By prior order, the motion was denied to the extent that it sought sanctions against the Hospital Defendants and to the extent it was based on certain specified instances of alleged spoliation by the College Defendants. The order, however, directed counsel for the College Defendants to conduct a reasonable investigation into the circumstances surrounding the deletion of the email account of defendant McKay, and to submit additional declarations addressing a number of specific questions.

The College Defendants have filed a responsive brief, and supporting declarations. Putting aside for now the question of whether any plausible inference of intentional wrongdoing can be drawn from the record, the response shows that, at a minimum, (1) inadequate care has been exercised to ensure that all representations in prior discovery responses and court filings were accurate and complete, (2) the College Defendants did not take sufficient, timely, reasonable measures to comply with their duties to preserve evidence, (3) even after further investigation, the

1 College Defendants are unable to state with certainty the circumstances and timing of email
2 deletion, and (4) the College Defendants cannot provide assurances that no relevant material was
3 destroyed.

4     The following specific points emerge:

5     • The College Defendants and their counsel were aware early in October of 2009 that
6 Steshenko had initiated litigation. Key individuals, however, declare that they were first instructed
7 to preserve emails regarding the matter in February of 2010.

8     • Under the College's system, employees are encouraged to delete emails regularly, to avoid
9 exceeding storage limits. Once an employee deletes an email at his or her desktop, it remains
10 retrievable from the central server for only four weeks, at which time it is permanently deleted.

11     • Although the College lacks the precise details, there is no dispute that defendant McKay's
12 desktop computer was reassigned to another employee sometime after his employment terminated in
13 December of 2009. When a computer is reassigned, all prior user data is automatically removed.
14 The College has confirmed that none of McKay's data is now retrievable from that computer. There
15 is no claim, however, that the College made any effort to preserve any of that data, or review it for
16 materials potentially relevant to this action, prior to the time the computer was reassigned. The
17 reassignment of the computer, and resulting destruction of McKay's data, occurred at least two
18 months after the duty to preserve arose.

19     • The College Defendants are unable to determine exactly when McKay's email account
20 was deleted from the central server, thereby rendering unretrieveable any email that McKay had not
21 previously deleted. There is no dispute, however, that it did not happen prior to May of 2010, long
22 after the duty to preserve arose, and after Steshenko had made a specific demand to preserve
23 evidence. That demand had been the subject of extended correspondence between Steshenko and
24 Counsel, and at least some key personnel at the College had been advised of it.

25     • Key individuals declare that they do not believe they had "many" email exchanges with
26 McKay regarding Steshenko, but each of them acknowledge the possibility that such emails may
27 have existed and may have been deleted between the time the duty to preserve arose and early
28 February of 2010. Additionally, those declarations raise the very real possibility that *other* relevant

email exchanges among named defendants and/or other College employees, to which McKay was not party, may also have been deleted between the time the duty to preserve arose and early February of 2010.

• Margaret Ard, former Vice President for Business Services declares that she was the "legal liaison" for the College at the time Steshenko filed suit and continuing until April of 2010. Ard asserts she first became aware of a request by Steshenko to preserve evidence in February of 2010. Ard states she does not remember whether she notified the IT Department of that request. While the various declarations are vague, the most reasonable inference is that *no one* at the College was instructed to preserve evidence until February of 2010, and that they were only instructed to do so then because Steshenko had made a specific request. Even at that point in time, the IT Department most likely was not notified. If the IT Department was notified, it was not given sufficient instructions to prevent it from deleting McKay's email account sometime in May of 2010 or thereafter.

On this record, it is clear that the College Defendants' prior assurances that few, if any, responsive emails to or from McKay had been lost is wholly unreliable. Worse, it now appears quite possible that other relevant email exchanges, not involving McKay, were also irretrievably deleted. It is less clear, however, whether it is likely that a large volume of material, or especially critical material, was lost.

Steshenko's motion for sanctions originally requested entry of summary judgment in his favor. The prior order observed it was unlikely such a sanction would ultimately prove appropriate in this action.[1] At least at this juncture, the evidence does not so plainly support a conclusion of bad faith and intentional spoliation that case-dispositive sanctions are justified. Nevertheless, the College Defendants' apparent inattention to their obligations to preserve evidence, and their carelessness toward ensuring accuracy and completeness in discovery responses and court filings, calls for some further inquiry and possible remedy.

---

[1] Even in an instance where dispositive sanctions against a defendant were warranted, it would more likely be appropriate only to strike the answer and permit the plaintiff to apply for a default judgment.

Accordingly, within 30 days of the date of this order, the College Defendants shall file a brief, not to exceed 20 pages, and such further declarations as may be appropriate, showing cause why sanctions should not be imposed. The College Defendants should also address the type and scope of sanctions that would be appropriate, should the Court ultimately conclude some must be imposed. Within 15 days thereafter, Steshenko may file a response, also not to exceed 20 pages. The matter will then again be taken under submission.

IT IS SO ORDERED.

Dated: September 20, 2012

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE