IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

    v.

THOMAS MCKAY, et al.,

    Defendants.

_____/

No. C 09-5543 RS

**ORDER DENYING MOTION FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES, DENYING MOTION TO ALTER PROCEDURES FOR DISCOVERY MOTIONS, CONTINUING SUMMARY JUDGMENT MOTIONS AND CASE MANAGEMENT CONFERENCE, AND VACATING PRETRIAL CONFERENCE AND TRIAL DATE**

    1. Pursuant to Civil Local Rule 7-1(b), plaintiff Gregory Steshenko's motion for leave to serve additional interrogatories (Dkt. No. 431) is suitable for disposition without oral argument, and the hearing set for October 4, 2012 is vacated. Although the body of the motion included a request for a ruling "as soon as practicable," it was set for hearing on October 4, 2012 when filed and was not accompanied by any request under Civil Local Rule 6-3 to shorten time, such that it would receive consideration on an expedited basis. As the existing discovery cut-off is October 5, 2012, the motion is therefore untimely, as no additional interrogatories could be propounded sufficiently in advance of that cut-off even if relief from the numerical limit were granted. *See* Civil Local Rule 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable . . . ."). The motion is therefore denied on that basis.

    Even if the motion were not untimely, or were construed as including a request for relief from the existing cut-off, it would still be denied. Steshenko asserts that he needs additional

1 interrogatories in light of his inability to take discovery by deposition. While that contention is not
2 implausible,[1] he has failed to make the required showing with specificity that additional
3 interrogatories are warranted, which would include at least some description of the interrogatories
4 he has already propounded, and perhaps more critically, compliance with Civil Local Rule 33-3.
5 ("A motion for leave to propound more interrogatories than permitted by Fed. R. Civ. P. 33 must be
6 accompanied by a memorandum which sets forth each proposed additional interrogatory and
7 explains in detail why it is necessary to propound the additional questions.").

8     All that said, the parties are aware that several matters are now pending that may affect
9 when, how, and if this case proceeds to trial. In light of those uncertainties, Steshenko is directed
10 *not* to seek relief from the existing discovery cut-off at this juncture. In the event this litigation
11 ultimately goes forward, including Steshenko's deposition, he may apply for the right to propound
12 additional discovery, and any such request will be evaluated in light of the circumstances then
13 existing and the showing of good cause he makes.

14     2. Pursuant to Civil Local Rule 7-1(b), Steshenko's motion "seeking a court order removing
15 restrictions on discovery motions" (Dkt. No. 477) is suitable for disposition without oral argument,
16 and the hearing set for October 25, 2012 is vacated. Steshenko challenges a procedural order
17 entered by the assigned magistrate judge in light of the exceptionally large number of discovery
18 motions filed by the parties during the course of this action. The magistrate judge's order is well-
19 within his discretion and authority to manage the docket. Neither Steshenko's dissatisfaction with
20 the timing of responses to letters he has subsequently filed with the magistrate judge, nor the fact
21 that the defendants were permitted to file a motion, support the relief he requests. The motion is
22 denied.

---

[1] Defendants' argument that Steshenko has not been prevented from taking depositions is not dispositive. While defendants are correct that Steshenko has at all times had the legal *right* to take depositions, he has claimed that he lacks the financial resources to do so. The record is clear that he pursued various strategies in an attempt to address that situation. While his efforts may have lacked a legal basis, it is also apparent that he only recently became subjectively aware that he would not, as a practical matter, be able to pursue discovery through taking depositions.

3. The hearing on the pending motions for summary judgment (Dkt. Nos. 443, 447, 450, 454, and 459), and the further Case Management Conference, is continued to November 1, 2012 at 1:30 p.m. The pretrial conference presently set for November 1, 2012 and the trial date are vacated.

IT IS SO ORDERED.

Dated: September 21, 2012

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE