United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY STESHENKO, | Case No.: C 09-05543 RS (PSG) |
| Plaintiff, | **ORDER RE: PARTIES' ADDITIONAL DISCOVERY MOTIONS** |
| v. | |
| THOMAS MCKAY, et al., | **(Re: Docket Nos. 231, 354, 358, 359)** |
| Defendants. | |

Plaintiff Gregory Steshenko ("Steshenko") and Defendants Kristine Scopazzi, Berthalupe Carrillo, Sally Newell, and the Watsonville Community Hospital (collectively, the "Hospital Defendants") each bring two motions. The parties oppose each other's respective motions. Defendants Cabrillo Community College District, Thomas McKay, Dorothy Nunn, and Anne Lucero (collectively, the "College Defendants") oppose Steshenko's motion against them. Pursuant to Civ. L.R. 7-1(b), the motions were taken under submission and the hearings vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Steshenko's third motion to quash a subpoena is GRANTED.

Steshenko moves to quash a subpoena that the Hospital Defendants served to San Jose State University ("SJSU"). He contends that his academic records are privileged under the Family and

1

Educational Right and Privacy Act ("FERPA") and that the subpoena was served in bad faith because it was intended to harass, embarrass, annoy and oppress him. Steshenko seeks sanctions totaling $1,000.

The Hospital Defendants respond that the subpoena was not served to harass or annoy Steshenko. They instead argue that Steshenko's prior academic records are relevant to show that he had the education necessary to obtain alternative employment even if he was terminated prematurely from the nursing program that the defendants administered. The Hospital Defendants contend that the discovery sought is relevant to rebut Steshenko's claim for damages. The Hospital Defendants also dispute that the subpoena that it served violated FERPA and note that the statute provides an exception for records sought pursuant to a valid subpoena.

The court is not persuaded that the documents should be produced. The Hospital Defendants argue that the documents are relevant to show that Steshenko could have obtained alternative employment after he was terminated from their nursing program. But academic records for studies in one microbiology course are not sufficiently linked to the likelihood that Steshenko would have obtained alternative employment. All other relief is denied.

IT IS FURTHER ORDERED that the Hospital Defendants' motion to compel is GRANTED-IN-PART.

The Hospital Defendants seek documents responsive to document request nos. 17 (Steshenko's current resume) and 26 (Steshenko's IRS W2 forms from 2005 to the present). They contend that Steshenko's current resume is relevant to determining whether he has met his duty to mitigate damages.  Steshenko's past employment demonstrates whether he would have been able to obtain other employment. The Hospital Defendants contend that Steshenko's IRS W2 forms are relevant because they might show what Steshenko would have been able to earn in the future. Because Steshenko has not complied with these discovery requests, the Hospital Defendants also seek $680 in attorney's fees.

Steshenko responds that the documents sought are not relevant. As an initial matter, he maintains that he does not have a current resume and has no intention of preparing one for purposes of this litigation. Steshenko argues that his employment history nonetheless not relevant.

Case No.: C 09-05543 RS (PSG)
ORDER

He entered the nursing program while he was unemployed as a means of re-training to obtain new skills to gain future employment. He disputes that his prior skills in a depressed economy will demonstrate any capability by him to have obtained new employment. Steshenko also argues that the request for his W2 forms is overly broad. Steshenko was expelled from the nursing program on October 5, 2009. The Hospital Defendants seek records from 2005. There is absolutely no justification for him to produce such documents.

The court agrees that to the extent Steshenko has a current resume it should be produced. While Steshenko may not agree with the Hospital Defendants' logic in showing relevance, Fed. R. Civ. P. 26 provides for discovery that appears reasonably calculated to lead to the discovery of admissible evidence. If Steshenko does not have a current resume, he is not obligated, however, to prepare one.

As for the W2 forms, the court agrees with Steshenko that they provide insufficient value in demonstrating what his current earning income potential could be had he sought employment. Steshenko enrolled in the nursing program in an effort to obtain new skills for re-training in a depressed economy. To the extent he made a different income in an unrelated discipline is of little relevance.

No later than December 31, 2012, Steshenko shall produce any current resume if he has one. All other relief is denied.

IT IS FURTHER ORDERED that Sheshenko's motion to compel the Hospital Defendants to produce documents is GRANTED-IN-PART.

Steshenko seeks additional documents responsive to his third and fourth set of document requests:

- Each and every transcript from each college and university attended by Watsonville Community Hospital ("WCH") employee Berthalupe Carrillo;
- Each and every transcript from each college and university attended by WCH employee Sally Newell;
- Each and every transcript from each college and university attended by WCH employee Kristine Scopazzi;

3

Case No.: C 09-05543 RS (PSG)
ORDER

- Each and every document evidencing compensation paid by WCH to employee Julie Grijalva-Bailey;
- Anne Lucero's WCH employment application;
- Berthalupe Carrillo's WCH employment application;
- Sally Newell's WCH employment application;
- Kristine Scopazzi's WCH employment application;
- Any and all emails sent by Lynne Langholz ("Langholz") between September 1, 2008 and November 15, 2009;
- Any and all emails received by Langholz between September 1, 2008 and November 15, 2009.

Steshenko contends that the academic transcripts from individual defendants Carillo, Newell, and Scopazzi are relevant because they participated in a conspiracy to defame him. He contends that the individual defendants' claims of ignorance and feeble-mindedness would be refuted by their excellent academic transcripts. The documents Steshenko seeks from Julie Grijalva-Bailey are in Steshenko's view relevant to his claim for lost wages. She attended the nursing program with Steshenko and her income would substantiate his claim for lost wages. The requests for the individual defendants' WCH employment applications are relevant to the subject matter of the case because they would allow Steshenko to determine the nature of their professional backgrounds. Langholz was the liaison between WCH and Cabrillo College. Steshenko believes her emails are relevant for demonstrating the reasons Steshenko was expelled from the nursing program and the exploitation of the nursing students.

The Hospital Defendants respond that the academic transcripts and the WCH employment applications of the individual defendants are not relevant. Steshenko's claims relate to defamation, conspiracy, and the negligent infliction of emotional distress. The academic transcripts and the WCH employment applications of the individual defendants are in no way relevant to these claims. In addition, the requests are overly broad, unduly burdensome, and violate the individual defendants' right to privacy. The Hospital Defendants also note that Langholz was not a liaison

4

Case No.: C 09-05543 RS (PSG)
ORDER

between WCH and Cabrillo College. Steshenko's request for her emails is overbroad and they have conducted a search for responsive emails, of which there were none.

The court agrees with the Hospital Defendants but only in part. Steshenko has not demonstrated that the academic transcripts or the WCH employment applications of the individual defendants are relevant. They have no bearing on his claims. The Hospital Defendants, however, shall conduct a search of Langholz's emails to confirm that there are no responsive emails, including any reference to "Steshenko," or this case.  No later than December 31, 2012, the Hospital Defendants shall produce any responsive emails. All other relief is denied.

IT IS FURTHER ORDERED that Steshenko's third motion to compel is GRANTED-IN-PART.

Steshenko seeks production of the following categories of documents from the College Defendants:

- Any and all Cabrillo College Nursing Program Student Incident Reports from January 1, 2004 to January 31, 2010. The Incident Reports are created by the faculty and staff of Cabrillo College Nursing Program in connection with the serious incidents that involve the Cabrillo nursing students while they practice at the clinical agencies.

- Any and all documents that describe the determination and outcome of investigation of the Student Incident Reports described in the request above.

- Any and all student complaints made against Cabrillo College Chemistry Instructor Jason Camara from January 1, 2004 to January 31, 2010.

- Any and all documents prepared and/or collected for investigation of the student complaints.

- Any and all documents that describe the determination and outcome of investigation of the student complaints.

- Any and all emails sent by Nunn from September 1, 2008 and October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails received by Nunn from September 1, 2008 to October 31, 2009 with the exception of emails received from attorneys Hurley, Cohen, Shupe and Shiu.

Case No.: C 09-05543 RS (PSG)
ORDER

United States District Court
For the Northern District of California

- Any and all emails sent by Lucero from September 1, 2208 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails received by Lucero from September 1, 2008 to October 31, 2009 with the exception of emails received from attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails sent by Cabrillo College employee Kathleen Welch from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails received by Cabrillo College employee Kathleen Welch from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails sent by Cabrillo College employee Sesario Escoto from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails received by Cabrillo College employee Sesario Escoto from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails sent by Cabrillo College employee Peggy Ard from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails received by Cabrillo College employee Peggy Ard from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails sent by Cabrillo College employee Renee Kilmer from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

- Any and all emails received by Cabrillo College employee Renee Kilmer from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

Case No.: C 09-05543 RS (PSG)
ORDER

- Any and all emails sent by Cabrillo College employee Dennis Bailey-Fougnier from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.
- Any and all emails received by Cabrillo College employee Dennis Bailey-Fougnier from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.
- Any and all emails sent by Cabrillo College employee Brian King from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.
- Any and all emails received by Cabrillo College employee Brian King from September 1, 2008 to October 31, 2009 with the exception of emails addressed to attorneys Hurley, Cohen, Shupe and Shiu.

Steshenko contends that all of the above named individuals were responsive for his expulsion from the program and they participated in the conspiracy to violate his civil rights. On that basis, their email correspondence is relevant to the subject matter of the case. Because the College Defendants have complained that their email system is obsolete, Steshenko proposes providing them with his own 2 terabyte external USB hard drive so that he can perform string searches using his own tools.

The College Defendants respond that Steshenko has exceeded the discovery limits set by the presiding judge. This fourth set of requests for production of documents is duplicative of prior requests. Cabrillo College has already devoted more than 100 hours of senior IT administrator time to locate responsive emails to Steshenko's numerous requests. On this basis alone, Steshenko's motion should be denied.

The court agrees with Steshenko but only in part. Steshenko has not shown the relevance of the student incident reports over a six-year period. Neither has Steshenko shown the relevance of any complaints against the chemistry instructor Camara. The court agrees, however, that responsive emails from Nunn, Lucero, Welch, Escoto, Ard, Kilmer, Bailey-Fougnier, and King for the time period from September 1, 2008 to October 31, 2009 should be produced. Production of

7

United States District Court
For the Northern District of California

responsive emails is limited to those concerning Steshenko and any complaints he may have made as well as any documents related to his expulsion from the nursing program. No later than December 31, 2012, the College Defendants shall produce these documents. All other relief is denied.

**IT IS SO ORDERED.**

Dated:  12/21/2012

PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

8

Case No.: C 09-05543 RS (PSG)
ORDER