IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>　　　　Plaintiff,<br>　　v.<br>THOMAS MCKAY, et al.,<br>　　　　Defendants.<br>_____/ | No. C 09-5543 RS<br><br>**ORDER RESETTING CASE SCHEDULE** |

During the last quarter of 2012, plaintiff Gregory Steshenko took the position that he would not appear for his deposition until and unless he obtained a ruling from the Ninth Circuit regarding various matters as to which he was attempting to pursue interlocutory appeals. Although it was apparent that Steshenko was mistaken in believing he could pursue an appeal notwithstanding the denial of a certification under 28 U.S.C.§ 1292(b), given the nature of his challenges to the rulings of this court and the assertions he was making, it was also apparent that only a decision rendered by the Ninth Circuit would be sufficient to persuade him to alter his conduct. Accordingly, the progress of this litigation effectively came to a halt while Steshenko pursued the matter in the appellate court.

The Ninth Circuit ultimately rejected each of the grounds upon which Steshenko sought review, and expressly denied his requests to disqualify this court. Thereafter, in December of 2012,

Steshenko appeared for his deposition, and the parties subsequently filed statements setting forth their views as to what motions remain to be decided or filed as this action goes forward. Steshenko has also filed a motion, set to be heard on March 28, 2012, expressly requesting that a new case management schedule be set. Pursuant to Civil Local Rule 7-1(b), that motion is suitable for disposition without oral argument, and the hearing is vacated. The various pending matters, and a schedule for going forward are discussed below.

### 1. Report and Recommendation for terminating sanctions against Steshenko

In September of 2012, the assigned magistrate judge issued a report and recommendation that terminating sanctions be imposed against Steshenko in light of his failure and refusal to appear for deposition. While it almost certainly would have been within the court's discretion to impose such sanctions based on the record at that time, and for the reasons laid out by the magistrate judge, subsequent events have rendered the recommendation moot. Accordingly it will not be adopted.

### 2. Outstanding discovery matters

Discovery closed in October of 2012. No party has requested that it be reopened, and there is no basis to do so at this juncture. In mid-December of 2012, the parties reported that certain previously-filed discovery motions remained under submission. It appears that all such matters were subsequently decided; if any remain under submission they may be disposed of in the discretion of the magistrate judge in due course. The magistrate judge may also dispose of any requests that may remain pending for leave to file discovery motions, pursuant to his order requiring such advance leave. Although Civil Local Rule 37-3 generally requires discovery motions to be filed within seven days of the discovery cut-off, that would not preclude parties from seeking relief related to Steshenko's deposition, which went forward after the close of discovery, provided they sought relief within seven days of that event. The magistrate judge may exercise his discretion in determining which, if any, of the requests that may be before him should be treated as timely.

### 3. Summary judgment motions

Defendants filed motions for summary judgment, or partial summary judgment, before the close of discovery, and without having taken plaintiff's deposition. Defendants have subsequently requested that the motions not be heard until they have the opportunity to complete Steshenko's deposition, as they may wish to submit further briefing.[1] While defendants' filing of the motions was understandable in light of the difficulties they were then experiencing in obtaining Steshenko's testimony, it is now plain that the motions were premature and that the existing briefing is inadequate to address the current record. Accordingly, the motions are hereby denied, without prejudice to being renewed, within the schedule set out below.

### 4. Steshenko's motion for leave to amend

Steshenko's previously-submitted motion for leave to file a "fourth amended complaint" is granted. Whether or not all of the claims and theories are viable, the amendments do not add any new facts, implicate a need for additional discovery, or otherwise unduly prejudice defendants, despite coming late in this litigation. Under the liberal standard of Rule 15, the amendments must be allowed.

### 5. Spoliation

Steshenko's motion to impose sanctions for alleged spoliation of evidence by defendants has previously been denied in its entirety to the extent it was brought against the Hospital defendants. Prior orders also explained that no basis for imposing terminating sanctions against the College defendants had been shown. The College defendants were ordered, however, to show cause why at least some form of sanctions should not be imposed, and to address what those might be. In response, the College defendants have argued that they acted in good faith at all times, that Steshenko has not shown any *material* evidence was destroyed, and that at most, they should be required to take remedial action to prevent similar problems in any future litigation.

---

[1] The court expresses no opinion as to whether further a further deposition of Steshenko is warranted. Those issues are to be presented to the magistrate judge.

Defendants' suggestion that they only be ordered to undertake steps to prevent future evidence destruction is inadequate. They have an independent duty to take such action, even in the absence of any express order in this litigation. Additionally, ordering any specific safeguards for future litigation would not cure any prejudice to Steshenko that may have arisen here. Accordingly, imposition of evidentiary sanctions is warranted. At this juncture, however, the record is insufficient to determine the precise contours of the relief that will be appropriate. At a minimum, the jury will be given an instruction that they may draw an adverse inference in light of the email destruction. In the context of any renewed summary judgment motion, or prior to trial should no such motions be filed, a further order will issue setting out any evidence that may be excluded, or any matters that may be deemed established, as a remedy for the College defendants' failures to take reasonable measures to preserve discoverable emails.

6. Schedule

Disposition of any remaining discovery disputes shall be at the discretion of the magistrate judge and subject to his availability. The parties, however, shall forthwith present any further issues they may wish to raise, with the goal of having all discovery issues closed, including any further deposition of Steshenko, by the end of April, 2013.

The fourth amended complaint is deemed filed as of the date of this order. In the event defendants intend to bring motions to dismiss or to strike, they shall do so promptly. While any such motions should be calendared on 35 days notice, they will be deemed submitted upon filing of the reply briefs, and the hearings will be vacated. Any renewed summary judgment motions shall be heard no later than June 27, 2013, and shall be filed on at least 35 days notice.

4

7. <u>Referral for settlement conference</u>

This matter is hereby referred to Magistrate Judge Jacqueline Corley for purposes of conducting a settlement conference. Subject to the Magistrate Judge's availability, the conference preferably shall take place within the next 45 days.

IT IS SO ORDERED.

Dated:  3/25/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE