UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY STESHENKO, </br></br> Plaintiff, </br> v. </br></br> THOMAS MCKAY, ET AL., </br></br> Defendants. | Case No.: 09-CV-05543-RS (PSG) </br></br> **ORDER RE OUTSTANDING LETTER BRIEFS** </br></br> **(Re: Docket Nos. 522, 523, 525, 538)** |

Pursuant to the court's June 19, 2012 order,[1] the parties have filed a number of letter briefs seeking leave to file additional discovery motions. On February 4, 2013, Defendants Thomas McKay, Dorothy Nunn, Anne Lucero and Cabrillo Community College (collectively, the "College Defendants") requested permission to file a motion for a further deposition of Plaintiff Gregory Steshenko ("Steshenko"), arguing that additional time is necessary to fairly examine the deponent due to the large number of issues in this case and improper objections made by Steshenko.[2] On that same date, Defendants Kristine Scopazzi, Berthalupe Carrillo, Sally Newell, the Watsonville Community Hospital (collectively, the "Hospital Defendants") filed letter briefs requesting the same relief, along with leave to file a motion to compel Steshenko to answer questions under oath

---

[1] *See* Docket No. 364.

[2] *See* Docket No. 525.

1

Case No.: C 09-5543 RS (PSG)
ORDER

at deposition, to produce documents Steshenko used to refresh his recollection in preparation for his testimony, and an accompanying award of sanctions.[3]

Civil Local Rule 37-3 states that the no motions to compel may be filed more than 7 days after the discovery cut-off. Here, discovery closed in October of 2012. However, as Judge Seeborg noted, that does not "preclude parties from seeking relief related to Steshenko's deposition, which went forward after the close of discovery, provided they sought relief within seven days of that event."[4] Steshenko was deposed on December 4, 2012. Defendants did not bring their concerns to the court regarding the deposition until February 4, 2013, two months after the deposition took place. Defendants offer no justification for this delay in any of their letter briefs.[5] Defendants should have been aware of the inadequacy of Steshenko's deposition at the time of said deposition in December 2012, so the court fails to see how the delay could be justified. Accordingly, the requested relief is untimely and must be denied.

**IT IS SO ORDERED.**

Dated: April 8, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See* Docket No. 522, 523.

[4] *See* Docket No. 535 at 2.

[5] *See* Civ. L.R. 37-3 (discovery motions brought after the deadline are not enforceable, unless the court finds that the parties have shown good cause).

2
Case No.: C 09-5543 RS (PSG)
ORDER