IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

          Plaintiff,

    v.

THOMAS MCKAY, et al.,

          Defendants.

_____/

No. C 09-5543 RS

**ORDER DENYING LEAVE TO SEEK
RECONSIDERATION AND DENYING
MOTIONS FOR CERTIFICATION**

At the request of plaintiff Gregory Steshenko, a separate order issued on his application for a preliminary injunction, rather than having that determination made in conjunction with a final decision on a number of additional motions and cross-motions for summary judgment or partial summary judgment that remain under submission. Steshenko expressly argued that his motion for preliminary injunction "asks for very limited relief and is sufficiently decoupled from the majority of the outstanding issues," to warrant separate consideration. Steshenko now brings three motions relating to the denial of a preliminary injunction.

First, Steshenko seeks leave to file a motion for reconsideration. That request is denied. Reconsideration is proper only upon a showing of (1) a material difference in fact or law that

through reasonable diligence could not have been previously known and presented, (2)  the

emergence of new material facts or a change of law occurring after the time of the prior order; or

(3) a manifest failure by the Court to consider material facts or dispositive legal arguments.  See

Civil Local Rule 7-9.  While Steshenko attempts to characterize his request as being based on an

alleged "manifest failure" of the order to analyze the facts and law correctly, he merely reargues

the same points he previously presented and which the order rejected.   Mere disagreement with

an order is not a basis for reconsideration.

Second, Steshenko requests that the order denying a preliminary injunction be certified for

interlocutory appeal under  28 U.S.C. § 1292(b).  That motion is denied on the grounds that

appeals of orders denying preliminary injunctions may be taken under 28 U.S.C § 1292(a)(1)

without any action by the district court, thereby rendering an application for certification under

subsection (b) superfluous and inappropriate.  The fact that the matter may be appealed under

subsection (a), however, does not mean it would otherwise qualify for certification under

subsection (b), were such certification necessary.   In particular, there is not a "controlling

question of law as to which there is substantial ground for difference of opinion" that would

justify interlocutory review, were denials of preliminary injunctions not appealable as a matter of

right.

Third, Steshenko requests certification under Rule 54(b) of the Federal Rules of Civil

Procedure that the order denying a preliminary injunction is, in effect, an appealable "final order."

This request likewise is superfluous in light of 28 U.S.C § 1292(a)(1) and is therefore denied.

Additionally, Steshenko contends the order should be treated as "final" because, in his view, it

effectively ruled (1) he was properly expelled for valid academic reasons, and (2) he received

adequate due process in any event.  Steshenko misunderstands the nature of preliminary

injunction rulings in general, and the import of this order specifically.  First, in any ruling on a

request for preliminary relief, the findings and conclusions are based on the record and arguments

presented at the time, and are not dispositive on the merits.  The finding that Steshenko had not

met his burden to show preliminary relief was warranted does not constitute a conclusion that he

will be unable to prove any of his claims.  Such a determination can be made only in the context of motions for summary judgment or at trial.[1]

Second,  Steshenko's motion for a preliminary injunction was expressly based solely on his position as to the import of defendants' discovery responses; as noted in the order, he made no effort to show a likelihood of success on proving the dismissal was motivated by discrimination. As such, those claims were simply not before the Court, and his contention that they have been effectively adjudicated against him is not warranted.

Steshenko's present motions also complain of the pace at which this litigation has progressed.  While delays have arisen from a variety of sources, Steshenko fails to recognize that significant slowdowns have resulted from his own strategic choices.  As one example,  Steshenko insisted on attempting to pursue prior interlocutory appeals despite a lack of legal authority to do so.  Because Steshenko's position was that only the Court of Appeals could properly resolve the issues he was presenting, proceedings in this court were effectively placed on hold for several months.  This is not to suggest that Steshenko is solely responsible for the fact that this action has been pending for an extended period of time; he is not.  His actions, however, have significantly contributed.  Nevertheless, upon resolution of the pending motions for summary judgment, any remaining claims for relief will be set for trial at the earliest possible date.[2]

---

[1]  Some of the considerations relevant to deciding motions for preliminary relief, such as the showing of irreparable harm and the timeliness with which a plaintiff has acted, fall away completely when the merits are decided.  Additionally, in this instance some of the specific relief Steshenko requested, such as monthly cash payments from an individual defendant , lacked a legal basis.

[2]  Steshenko has asserted that his motion for sanctions based on spoliation remains unresolved. He is mistaken.  The disposition of that motion was set out in an order filed March 25, 2013 (Dkt. No. 535).  As explained therein, the motion was granted insofar as evidentiary sanctions will be imposed.  "At a minimum, the jury will be given an instruction that they may draw an adverse inference in light of the email destruction."  The order further advised the parties the spoliation finding will be taken into account in connection with the summary judgment motions.

United States District Court
For the Northern District of California

1   IT IS SO ORDERED.

2

3   Dated: 10/9/13

4                                                   RICHARD SEEBORG
                                                    UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28