1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                 SAN JOSE DIVISION
10
11

**United States District Court**
For the Northern District of California

12  GREGORY NICHOLAS STESHENKO,          No. C 09-5543 RS

13              Plaintiff,

14        v.                             **ORDER RE STATUS OF
                                         PROCEEDINGS DURING
15                                       PENDENCY OF
                                         INTERLOCUTORY APPEAL AND
16  THOMAS MCKAY, et al.,                ORDER DENYING MOTION TO
                                         REASSIGN**
17              Defendants.

18  _____/

19

20        While the various motions for summary judgment or partial summary judgment

21  brought by plaintiff Gregory Steshenko and both sets of defendants were pending, Steshenko

22  expressly requested that a ruling on his motion for preliminary injunction issue separately.

23  Steshenko has now filed an appeal of the resulting order.

24        One line of authority holds that "ordinarily" where an interlocutory order is

25  immediately appealable, the filing of an appeal divests the trial court of jurisdiction to act.

26  *See*, *e.g.*, *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984), *U.S. v. Hickey*, 580

27  F.3d 922, 926 (9th Cir. 2009).  As explained in *Claiborne*, this is "a judge made rule

28

1   originally devised in the context of civil appeals to avoid confusion or waste of time resulting

2   from having the same issues before two courts at the same time."  727 F.2d at 850.  In

3   contrast, other cases suggest it is "firmly established that an appeal from an interlocutory

4   order does not divest the trial court of jurisdiction to continue with other phases of the case."

5   *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

6          Reconciling these two seemingly conflicting threads turns on examining the

7   relationship between the matter being appealed and the issues remaining to be adjudicated in

8   the district court.  Even *Claiborne* cautions that rule should not be employed to defeat its

9   purpose, and that certain pre-trial matters can go sometimes forward in the trial court during

10  an interlocutory appeal without creating potential problems.  727 F.2d at 850.

11         In the present case, Steshenko's application for a preliminary injunction was premised

12  on his contention that he necessarily will prevail on the merits of his second claim for relief,

13  which alleges defendants violated his due process rights.  Those same arguments underlie

14  both Steshenko's pending motion for partial summary judgment on that claim, and his

15  opposition to defendants' motion seeking summary judgment in their favor.

16          As noted in a prior order, the standards for preliminary injunction and summary

17  judgment are not the same, and the denial of injunctive relief to Steshenko is not equivalent

18  to a finding that he cannot prevail on his second claim for relief.  Thus, it is entirely possible

19  that the Circuit court could uphold the decision to deny the preliminary injunction without

20  passing on the merits of his underlying claim.  The very goal of Steshenko's appeal,

21  however, is to obtain a ruling that his view of the merits of the due process claim is correct.

22  Were he to succeed in that endeavor, the Circuit court's ruling would be of tremendous

23  consequence to the disposition of the pending motions.  While such a decision by the

24  appellate court might not compel that Steshenko's pending motion be granted (given the

25  differing standards), it likely at a minimum would preclude granting defendants' motion, and

26  certainly would provide substantial guidance as to the appropriate lens through which to

27  analyze virtually all of the pending questions.   Accordingly, this is an instance where the

28

issues presented by the interlocutory appeal are so intertwined with the matters still pending in this court that effectively both courts would be dealing with the same questions at the same time. There are no "other phases" as to which it would be appropriate to proceed until the interlocutory appeal has been decided or dismissed.

This case is now in its fourth year, a fact about which Steshenko has repeatedly complained. As noted in a recent order, his litigation strategies are not the sole cause of delay, although they have played a substantial role. In this instance, Steshenko has elected first to seek a preliminary injunction at this late date in the litigation, and then to take an interlocutory appeal. That is his right. The consequence, however, is that this Court must abstain from taking further action until jurisdiction has been returned to it upon disposition of the appeal.

For administrative purposes, the pending motions for summary judgment will be terminated. They will be automatically re-submitted for decision upon conclusion of the appeal, without the need for the parties to take any additional action. Pursuant to Civil Local Rule 7-1(b), Steshenko's motion to reassign this action is suitable for disposition without oral argument, and the hearing set for November 21, 2013 is vacated. That motion, which is frivolous, is denied without prejudice.

IT IS SO ORDERED.

Dated: 10/23/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE