IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

v.

THOMAS MCKAY, et al.,

    Defendants.

_____/

No. C 09-5543 RS

**ORDER DENYING IN PART AND GRANTING IN PART COLLEGE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, GRANTING HOSPITAL DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, GRANTING IN PART, MOTION FOR LEAVE TO AMEND, AND SCHEDULING TRIAL SETTING CONFERENCE**

## I. INTRODUCTION

The parties are familiar with the history of this long-running litigation and the factual background of the underlying disputes. The respective motions for summary judgment brought by the College Defendants and the Hospital Defendants were previously heard and are now ripe for decision. For reasons explained below, the former will be denied except as to one claim, and the latter granted. Plaintiff Gregory Steshenko's motion for leave to amend his complaint will also be granted, solely as to the College, and solely as an alternative legal theory in support of his

claims for injunctive relief.[1] Steshenko's previously submitted motion for further sanctions will be addressed in conjunction with the ruling on the College Defendants' summary judgment motion. Finally, a trial setting conference will be scheduled so that this matter may proceed to trial at the earliest available date.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323–24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (citations and internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which he bears the burden of proof at trial. *Id.* at 322–23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, *i.e.*, "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986).

---

[1] Pursuant to Civil Local Rule 7-1(b), that motion is suitable for disposition without oral argument, and the hearing set for February 6, 2014 is vacated.

1  The court must draw all reasonable inferences in favor of the non-moving party, including
2  questions of credibility and of the weight to be accorded particular evidence. *Masson*
3  *v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) (citing *Anderson*, 477 U.S. at
4  255); *Matsushita*, 475 U.S. at 588 (1986). It is the court's responsibility "to determine whether
5  the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or
6  contextual facts, are such that a rational or reasonable jury might return a verdict in its favor
7  based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 631 (9th
8  Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that
9  is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."
10 *Anderson*, 477 U.S. at 248.  However, "[w]here the record taken as a whole could not lead
11 a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' "
12 *Matsushita*, 475 U.S. at 587.

### III.  DISCUSSION

A.  <u>College Defendants</u>

The central thrust of the College Defendants' motion for summary judgment is their contention that, in a decision made solely by defendant Anne Lucero, Steshenko was dismissed from the nursing program as the result of alleged clinical performance failures and patient safety issues, and not as the result of any discriminatory or retaliatory animus on the part of Lucero or anyone else.

For his part, Steshenko has recounted various conversations he purportedly had with the individual defendants, and comments they allegedly made, which included observations regarding his age, gender, ethnicity, and an (incorrect) perception that he suffers from a disability.  While some of defendants' evidentiary objections may have merit, Steshenko's declarations as to what he claims defendants said is not inadmissible hearsay, as the statements are not being offered for the truth of the matters asserted, but to show discriminatory animus.  Although defendants may be able to persuade a trier of fact that the various statements were not made at all, or that Steshenko

has misinterpreted or distorted what was said, there is no basis to preclude his testimony as to what he contends the individual defendants said to him.

Additionally, as set out in prior orders regarding the College Defendants' failures to take all appropriate steps to preserve evidence, Steshenko is entitled to the benefit of certain inferences regarding what might have been shown in email documents that are no longer available. While the precise contours of any jury instructions as to such inferences will be decided at trial, at this juncture, the College Defendants' deficient preservation of evidence serves as an additional reason that their version of how and why Steshenko was terminated from the program cannot be accepted as a matter of undisputed fact.[2] Whether the decision was solely made by Lucero, and only for the reasons she contends, presents questions for the trier of fact. Without the central premise that it can be shown as a matter of law that the dismissal decision was made by Lucero for only legitimate reasons, the College Defendants' motion fails as to most of the specific claims for relief.

1. *First Amendment*

While the College Defendants may be correct that Steshenko had no First Amendment right to criticize the curriculum, his alleged complaints about the treatment of students and patient safety cannot be fairly characterized as merely a demand for modification of the curriculum. The balance of the College Defendants' attack on this claim rests on their assertions that Steshenko was put on probation and later dismissed for purely legitimate reasons, that defendants McKay and Nunn did not even participate in the decision, that the decision was not motivated by Steshenko's alleged exercise of speech rights, and that the individual defendants are entitled to qualified immunity. All of these arguments are premised on accepting defendants' explanations and version of events, and accordingly are insufficient to demonstrate an absence of triable facts.

---

[2] Steshenko filed a motion for further sanctions in November of 2013, contending "new evidence" supports an inference of intentional wrongdoing. This was effectively a motion for reconsideration, filed without prior permission as required by Civil Local Rule 7-9. While Steshenko continues to locate inconsistencies in defendants' filings and document productions that call into doubt the adequacy of their preservation and search efforts, the care with which they provided discovery responses and declarations, and, in some instances, their candor, his arguments are largely cumulative. The motion for further sanctions will be denied at this juncture, without prejudice to any remedy that may be imposed at trial, as previously discussed.

2. *Due process*

The College Defendants argue that Steshenko's due process claim fails because dismissals for *academic* reasons do not require notice and a hearing. Again, however, triable issues of fact exist as to whether Steshenko was in fact dismissed for legitimate academic reasons. The College Defendants further argue that even if the dismissal was disciplinary, Steshenko received post-dismissal opportunities to challenge it, *and* he voluntarily elected not to follow the internal grievance procedure. While that argument will be available to limit or potentially to foreclose Steshenko's recovery at trial, at the summary judgment stage it is insufficient to establish that he was unharmed by any failure to provide him with any requisite process in the first instance.

3. *Conspiracy, Discrimination, and Unruh Civil Rights*

The College Defendants again premise their arguments on the assertions that defendant Lucero alone made the decision to terminate Steshenko, and that there was no wrongful motive in any event. Because triable issues of fact on those points exist, the College Defendant's attempt to dispose of these claims for relief on summary judgment fails.

4. *Intentional Infliction of Emotional Distress*

Whether the College Defendants engaged in wrongful conduct towards Steshenko presents triable issues of fact, as discussed. Whether there is any evidence of outrageous conduct sufficient to support an intentional infliction of emotional distress claim presents a far closer question. Nevertheless, on the present record and under all the circumstances, it would be premature to conclude that the claim fails as a matter of law.

5. *Defamation*

The College Defendant's challenge to the viability of Steshenko's defamation claim does not rest on accepting their version of events, or implicate the issues surrounding the preservation of evidence to any material degree. Rather, as the Hospital Defendants point out, Steshenko is

attempting to characterize as defamatory Lucero's alleged republication to him or to other nursing program administrators information reported by Hospital staff. Statements made directly to Steshenko do not support a defamation claim. To the extent Lucero included reports she had received from the Hospital in her evaluation and documentation, and that material was shared within the College administration, the privilege of California Civil Code §47(c) applies, absent a showing of malice. Nothing in the record would support a conclusion by a reasonable trier of fact that there was any publication of defamatory matter about Steshenko that fell outside the privilege, even assuming any of the negative opinions, characterizations, and assessments could otherwise have risen to the level of actionable defamation in the first instance. Accordingly, summary judgment in the College Defendants' favor will enter on the defamation claim. The motion will in all other respects be denied.

### B. Hospital Defendants

The Hospital and the three individual defendants associated with it have each filed separate, but largely overlapping motions for summary judgment. The Hospital Defendants stand in a very different position than do the College Defendants, in part because they are not subject to inferences arising from a failure to comply with evidence preservation obligations. Additionally, while Steshenko disputes various aspects of the criticisms and complaints made about him by the individual Hospital Defendants, there is no genuine dispute as to what was said or done, or as to the basic facts underlying his claims.

#### 1. *First Amendment*

The Hospital Defendants correctly point out that the First Amendment Claims against them were previously dismissed, without leave to amend. Their continued presence in the operative complaint is of no legal consequence.

#### 2. *FLSA and California Labor Code*

The Fair Labor Standards Act of 1938 ("FLSA") (29 USC §§201-219) and the California Labor Code apply only if an employment relationship exists. Steshenko's FLSA and California

1  Labor Code claims survived dismissal at the pleading stage because the existence of an
2  employment relationship is evaluated under all the factual circumstances.  The Hospital
3  Defendants have now submitted evidence establishing that the clinical program it operates is a
4  bona fide internship program, displacing no regular nursing or other support staff.  Steshenko
5  complains, in essence, that he and other students were required to do too much work, such as
6  cleaning toilets, that lacked a valid academic purpose.  His complaints and dissatisfaction
7  regarding the degree to which nursing students may have been saddled with more menial tasks do
8  not rise to the level creating a triable issue of fact as to whether this was a bona fide training
9  program.

 3. *Defamation*

11  As noted, there are no material disputes regarding the substance of the Hospital
12  Defendants' statements about Steshenko on which his defamation claims are based.  Steshenko
13  merely argues that the characterization of his behavior was unwarranted, or that in one instance
14  he was not at fault for loss of certain data.  None of the allegedly defamatory statements on which
15  Steshenko relies, however, rises to the level of demonstrably false statements of fact.  Steshenko
16  may disagree with the opinions the Hospital Defendants formed of him, and feel that he was
17  being judged or criticized unfairly. Steshenko merely takes issue with those opinions and argues
18  that he in fact behaved reasonably at all times given all the circumstances. Steshenko has failed to
19  point to any evidence demonstrating the existence of a triable issue of fact that the reports made
20  regarding him contained actionable misstatements.

 4. *Other Claims*

23  Apart from his own conclusory speculation, Steshenko offers nothing in support of his
24  claim that the Hospital Defendants engaged in a conspiracy with the College Defendants to
25  orchestrate his dismissal from the program. His claims asserting negligence and intentional
26  infliction of emotional distress derive from his underlying contentions that the conduct of the
27  Hospital Defendants was wrongful, and he has pointed to no evidence that would create a triable

7

issue of fact as to the independent viability of those claims. Accordingly the Hospital Defendants are entitled to summary judgment in their favor.

C. Leave to amend

Steshenko seeks leave to file a *fifth* amended complaint, which would add a claim for relief sounding in contract against both the Hospital and the College Defendants.[3] Notwithstanding the liberal standard for allowing amendments, the motion must be denied as to the proposed claim against the Hospital. A motion for leave to amend "is not a vehicle to circumvent summary judgment," *Schlacter-Jones v. Gen. Tel, of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991). While trial may not yet be scheduled, discovery is long closed and this matter is in the final stages of a long litigation process. Reopening the pleadings as to the Hospital now would be unduly prejudicial. Furthermore, Steshenko's vague allegations of some form of "implied" contract between him and the Hospital are legally insufficient to support a cognizable claim in any event.

Steshenko's proposed contractual claim against the College is somewhat better defined, as it is premised on the College's written policies and student handbooks. The prejudice in allowing such a claim at this late date is also minimized because it essentially is no more than a new label on theories Steshenko has been pursuing from the outset. The College has known that Steshenko contends he was expelled in violation of those policies, and has been able to conduct discovery accordingly.

The College, of course, has Eleventh Amendment immunity against any claim for *damages* in federal court. Thus, allowing the amendment merely provides Steshenko the opportunity to argue that the College was contractually obligated to comply with its written

---

[3] The proposed pleading does not attempt to assert a contract claim against the individual Hospital Defendants, but does appear to attempt to hold the individual College Defendants liable in contract. The differing treatment of the two groups of individuals may have been unintentional. There would be, however, no basis to hold *either* set of individuals liable for breach of any contract between Steshenko and the institutions, and no grounds for claiming any contract existed between Steshenko and any of the individuals. Accordingly, regardless of who Steshenko may have intended to include, leave to amend to pursue a contract claim against any individual defendant is denied.

8

policies (and that it did not do so) as an additional basis for seeking injunctive relief. The College will be free, of course, to argue that its policies did not give rise to an enforceable contract, and/or that it did not violate those policies in any event and/or that injunctive relief would not be appropriate as a contractual remedy. Accordingly, the motion for leave to amend will be granted, solely as to the College, and solely as a claim for injunctive relief.  As the amendment adds no new factual averments, the College's existing answer will be deemed sufficient to deny all liability, and no amended answer will be required or expected.  Although the College may have a right under the rules to move to dismiss, it should not bring such a motion unless it has a basis for doing so that is not adequately addressed by the limitations on the effect of the amendment discussed in this order.

## IV.  CONCLUSION

As set forth above, the Hospital Defendant's motion for summary judgment is granted, and a separate judgment in their favor will be entered. The College Defendants' motion is granted as to the defamation claim, and otherwise denied. Steshenko's motion for leave to amend is granted, limited to a contractual claim against the College, as a potential basis for injunctive relief.  A trial setting conference will be held on March 6, 2014 at 10:00 a.m.

IT IS SO ORDERED.

Dated: 2/4/14

RICHARD SEEBORG  
UNITED STATES DISTRICT JUDGE