1  David C. Kiernan (State Bar No. 215335)
   dkiernan@JonesDay.com
2  David L. Wallach (State Bar No. 233432)
   dwallach@JonesDay.com
3  Abigail Johnson (State Bar No. 294243)
   ajohnson@JonesDay.com
4  Gabriel Ledeen (State Bar No. 291311)
   gledeen@JonesDay.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:   415.626.3939
7  Facsimile:   415.875.5700

8  Attorneys for Plaintiff
   GREGORY N. STESHENKO
9

10                 UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

| 14 | GREGORY N. STESHENKO, | Case No. 09-cv-05543 RS |
|---|---|---|
| 15 | Plaintiff, | NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL |
| 16 | v. | |
| 17 | THOMAS MCKAY, DOROTHY NUNN, and ANNE LUCERO of the Cabrillo Community College District; CABRILLO COMMUNITY COLLEGE DISTRICT; KRISTINE SCOPAZZI, BERTHALUPE CARRILLO, and SALLY NEWELL of Watsonville Community Hospital; WATSONVILLE COMMUNITY HOSPITAL, | Date:        September 18, 2014<br>Time:        1:30 PM<br>Judge:       Honorable Richard Seeborg<br>Courtroom:  3 – 17th Floor |
| 22 | Defendants. | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that at 1:30 p.m. on August 28, 2014, or as soon as the matter may be heard, before the Honorable Richard Seeborg, in Courtroom 3, Floor 17, 450 Golden Gate Ave, San Francisco, California, Mr. David C. Kiernan and Jones Day will and hereby do move to withdraw as counsel for Plaintiff Gregory N. Steshenko pursuant to Rule 11-5 of the Civil Local Rules of the Northern District of California and Rule 3-700 of the California Code of Professional Responsibility on the ground that the attorney-client relationship has broken down irreparably.

## RELIEF REQUESTED

An order revoking the appointment of and relieving Mr. Kiernan and Jones Day from further representation of Mr. Steshenko in light of the breakdown in the attorney-client relationship.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Kiernan and Jones Day (collectively, "Jones Day") respectfully request that the Court enter an Order allowing their withdraw as counsel of record for Plaintiff Gregory N. Steshenko under Local Rule 11-5 and Rule 3-700 of the California Rules of Professional Conduct ("Rule 3-700"). Pursuant to the Federal Pro Bono Project Guidelines, Jones Day consulted with the supervising attorney of the Project regarding their withdrawal.

Jones Day met and conferred with Defendants regarding the motion to withdraw and Defendants do not take any position. Kiernan Decl. ¶ 7.

**A.    Background**

This matter was filed by Mr. Steshenko, acting pro se, on November 23, 2009. Mr. Steshenko continued to represent himself pro se until 2011, when he was represented by James Dal Bon, who was appointed by this Court through the Federal Pro Bono Project. Mr. Dal Bon asked the Court for permission to withdraw as counsel on the ground that the attorney-client relationship had broken down. (ECF No. 165). On October 25, 2011, the Court revoked the appointment and relieved Mr. Dal Bon from further representation of Mr. Steshenko "[i]n view of the breakdown in the attorney-client relationship." (ECF No. 166).

On April 1, 2014, the Court appointed Mr. Kiernan of Jones Day as pro bono counsel

through the Federal Pro Bono Assistance Project. At the time of appointment, fact and expert discovery was closed, and trial was set for July 23, 2014. Mr. Steshenko had taken no depositions and had not disclosed any experts on any issues, including those for which he carries the burden of proof. Jones Day promptly asked the Court to vacate the trial date and reopen discovery for a limited period. On May 1, the Court granted that motion. (ECF No. 683). Under the current schedule, affirmative expert reports are due August 25; supplemental and rebuttal expert reports are due September 15. All expert and non-expert discovery closes September 29. (ECF No. 697). The Final Pretrial Conference will be held November 21, at 10:00 a.m. (ECF No. 698), and trial is scheduled to begin December 8. (ECF No. 697).

Since being appointed pro bono counsel, Jones Day has dedicated more than 1,400 attorney-hours to Mr. Steshenko's case, which has included preparing for and participating in a settlement conference with Judge Corley, completing substantial fact discovery, and working on expert discovery. Kiernan Decl. ¶ 2. Among other things, Jones Day deposed the three individual defendants and the following relevant witnesses: Christine Madsen, Linda Foster, and Marty Potkin. Jones Day also deposed several 30(b)(6) witnesses. In addition to depositions, Jones Day drafted and served requests for production and interrogatories on defendants and met and conferred many times with defendants regarding their objections and responses. Jones Day also served subpoenas on several third parties. And as detailed in the recent Joint Case Management Conference Statement (ECF No. 693), Jones Day has also drafted an amended complaint that makes two changes, neither of which will require additional discovery or delays in the trial schedule.

**B. Reasons For Withdrawal**

Over recent months, however, the attorney-client relationship between Mr. Steshenko and Jones Day deteriorated and has now broken down irreparably, making it unreasonably difficult and impossible for Jones Day to continue its appointment effectively in representing Mr. Steshenko. It is no longer possible for Jones Day to continue its appointment effectively in representing Mr. Steshenko in this matter, and thus withdrawal is appropriate under Rule 3-700. Kiernan Decl. ¶ 3.

Jones Day has taken all reasonable steps to prevent prejudice to Mr. Steshenko. Jones Day gave Mr. Steshenko notice of its intent to withdraw on August 6, provided Mr. Steshenko detailed reasons for withdrawing as counsel, provided time for Mr. Steshenko to seek counsel, and agreed to provide Mr. Steshenko all external correspondence, pleadings, deposition transcripts, exhibits, evidence, expert reports and other items reasonably necessary to Mr. Steshenko's continued prosecution of this matter. Kiernan Decl. ¶ 4 & 5. Jones Day also has continued to work actively on the matter after notifying Mr. Steshenko of its intent to withdraw.

**C.    Mr. Steshenko's Statement and Requests**

Mr. Steshenko asked Jones Day to include his opposition, which is attached as Exhibit 1. Although he opposes withdrawal, he has asked Jones Day not to provide the Court with details for Jones Day's withdrawal. In addition, Mr. Steshenko asked Jones Day to request that the Court (1) restore Mr. Steshenko's "e-filing privileges immediately so that [he] can brief the Court timely on [his] position"; (2) order that any further briefing on Jones Day's withdrawal be under seal; and (3) that the Court set an "ex parte in chambers hearing on [Jones Day's] motion."

**D.    Conclusion**

For the foregoing reasons, Mr. Kiernan and Jones Day respectfully request that the Court enter an Order allowing their withdraw as counsel of record for Plaintiff Gregory Steshenko.

Dated: August 13, 2014                     Respectfully submitted,

                                           Jones Day


                                           By:  /s/ David C. Kiernan
                                                David C. Kiernan

                                           Counsel for Plaintiff
                                           GREGORY N. STESHENKO