UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>　　　　Plaintiff,<br>　　v.<br><br>THOMAS MCKAY, et al.,<br><br>　　　　Defendants. | Case No. 09-cv-05543-RS  (JSC)<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 699 |

Plaintiff Gregory Steshenko filed this employment discrimination action pro se in November 2009. He was represented by pro bono counsel from May 2011 through October 2011, when pro bono counsel was allowed to withdraw due to a breakdown in the attorney-client relationship. Following the withdrawal, he again represented himself, and was able to defeat in part Defendants' motion for summary judgment. In April 2014, Plaintiff was again referred to the Federal Pro Bono Project, and David Kiernan, and the law firm of Jones Day was appointed to represent Plaintiff. Now pending before the Court is Plaintiff's counsel's motion to withdraw. (Dkt. No. 699.) After carefully considering counsel's motion, Plaintiff's written opposition, and the statements made by counsel and Plaintiff at the September 2, 2014 hearing, the Court GRANTS counsel's motion to withdraw.[1] Withdrawal is warranted due to an irreparable breakdown in the attorney-client relationship.

---

[1] The district court referred the motion to the undersigned magistrate judge to mitigate any prejudice to Plaintiff from his counsel's need to explain on the record the reasons for seeking to withdraw. The September 2, 2014 hearing was conducted under seal and without Defendants' presence.

**DISCUSSION**

Northern District of California Civil Local Rule 11-5(a) provides that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." In addition, Rule 11-4 requires every attorney that practices in the Northern District to "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California." Civil L.R. 11-4(a)(1). The California standards of professional conduct govern when an attorney may withdraw from representing a client. Cal. R. Prof. Conduct 3-700. Among other circumstances, an attorney may request withdrawal on the grounds of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively." *Id.* 3-700(C)(1)(d). In addition, the attorney seeking to withdraw must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) [providing for forwarding papers to the client], and complying with applicable laws and rules." *Id.* 3-700(A)(2).

Based on Plaintiff's written opposition, counsel's representations at the ex parte hearing, and Plaintiff's statements during the hearing, the Court finds that there has been a breakdown in the attorney-client relationship that "renders it unreasonably difficult for [Jones Day] to carry out" its representation of Plaintiff effectively. *See, e.g., Gong v. City of Alameda*, No. 03-05495, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (a breakdown in the attorney-client relationship warrants permissive withdrawal).

Further, counsel has taken reasonable steps to avoid foreseeable prejudice to Plaintiff. Counsel advised Plaintiff nearly a month ago that they would seek to withdraw as counsel. Further, they have also agreed to provide Plaintiff will all of the external correspondence, pleadings, deposition transcripts, exhibits, evidence, and expert reports in their possession. They also ensured that he had an opportunity to file a written opposition to their motion and that the hearing was held at a time and in a manner at which Plaintiff could be heard.

1 Plaintiff has ample time to prepare for trial. The pretrial conference is in November 2014, with trial scheduled to commence on December 8, 2014. After counsel successfully reopened discovery, they engaged in voluminous discovery on Plaintiff's behalf, all of which will be provided to Plaintiff. Plaintiff's concern that he is unable to afford to retain an expert is not a valid reason to force pro bono counsel to continue with their representation notwithstanding the breakdown in the attorney-client relationship.

**CONCLUSION**

For the reasons explained above, and on the record at the hearing on September 2, 2014, Plaintiff's counsel's motion to withdraw is GRANTED. The appointment of David Kiernan and Jones Day is REVOKED. Counsel shall provide Plaintiff with all the discovery, pleadings, etc. referred to in their supporting declaration on or before September 5, 2014. Unless and until new counsel make an appearance on Plaintiff's behalf, Plaintiff shall represent himself, as he did before the appointment of Jones Day; thus he may, and should, communicate directly with Defendants' counsel.

The Clerk shall amend the docket to reflect Plaintiff's current address: 3030 Marlo Court Aptos, California 95003, tel. (831) 688-1210. Plaintiff is granted permission to e-file and should be able to do so immediately.

This Order terminates Docket No. 699.

**IT IS SO ORDERED.**

Dated: September 2, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge