United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

THOMAS MCKAY, et al.,

Defendants.

Case No. 09-cv-05543-RS   (JSC)

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 708

The Court is in receipt of Plaintiff's Motion for Leave to File Motion for Reconsideration of the Court's Order granting Plaintiff's counsel's motion to withdraw. (Dkt. No. 708.) The Court granted counsel's motion to withdraw because of an irreparable breakdown in the attorney-client relationship. (Dkt. No. 707.) Having carefully considered Plaintiff's motion, the Court concludes that Plaintiff has not identified any grounds for reconsideration and DENIES Plaintiff's motion.

Pursuant to Local R. 7-9(b), a motion for reconsideration is proper where a party can show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

1  Plaintiff's motion does not satisfy any of these grounds for reconsideration.  Plaintiff
2  appears to be attempting to argue that the Court manifestly failed to consider material facts or
3  legal arguments; however, the Court carefully and impartially considered counsel's motion and
4  Plaintiff's written opposition, as well as the statements made by counsel and Plaintiff at the
5  September 2, 2014 hearing.  The new arguments raised in Plaintiff's motion for reconsideration,
6  arguments which could have been but were not made prior to the Court's decision on the motion
7  to withdraw, are not a proper basis for a motion for reconsideration.  *See Christie v. Iopa*, 176 F.3d
8  1231, 1239 n.5 (9th Cir. 1999) ("[W]e do not consider evidence or arguments presented for the
9  first time in a motion for reconsideration."); *In re Cathode Ray Tube (CRT) Antitrust Litig.,* MDL
10 No. 1917, 2014 WL 4446294, at *7 (N.D. Cal. Sept. 8, 2014) (denying motion for reconsideration
11 where party sought "proverbial second bite at the apple in an effort to remedy error" of not
12 presenting certain facts with the underlying motion.).  These new arguments also fail on the
13 merits.

Accordingly, Plaintiff's motion is DENIED.

This Order disposes of Docket No. 708.

**IT IS SO ORDERED.**

Dated: September 16, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge