1  Gregory Nicholas Steshenko, Plaintiff *Pro Se*
   3030 Marlo Court
2  Aptos, CA 95003
   tel. (831)688-1210
3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 | **GREGORY N. STESHENKO,**                    | Case No. 09-cv-05543 RS |

13 |        **Plaintiff,**                        | **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE  TESTIMONY OF DEFENDANT'S "REBUTTAL EXPERT" ALWARD  AND EXCLUDE HER "REBUTTAL EXPERT REPORT" FROM EVIDENCE** |

14 |        v.                                    |

15 | **THOMAS MCKAY, DOROTHY NUNN, and ANNE LUCERO of the Cabrillo Community College District; CABRILLO COMMUNITY COLLEGE DISTRICT; KRISTINE SCOPAZZI, BERTHALUPE CARRILLO, and SALLY NEWELL of Watsonville Community Hospital; WATSONVILLE COMMUNITY HOSPITAL,** |

18 |                                              | Date:    November 6, 2014   Thursday
19 |                                              | Time:    1:30 PM
                                                    Judge:   Honorable Richard Seeborg
20 |        **Defendants.**                       | Courtroom: 3 – 17th Floor

**NOTICE OF MOTION**

On November 6, 2014, Plaintiffs will move for an Order precluding testimony of Defendants' "rebuttal expert" witness Sandra Castillo Alward and excluding her "rebuttal expert report" from evidence.

**RELIEF SOUGHT**

Plaintiff seeks the Court's entry of an Order precluding testimony of Defendants' "rebuttal expert" witness Sandra Castillo Alward and excluding her "rebuttal expert report" from evidence.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Legal Standards**

Rebuttal is a form of evidence that is presented to contradict or nullify evidence offered by an adverse party. Rebuttal evidence or rebuttal witnesses must be confined solely to the subject matter of the evidence rebutted. New evidence on other subjects may not be brought in rebuttal.

Generally, evidence is admissible if it is relevant and reliable. According to FRE Rule 702, an expert witness may testify if:

   **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

   **(b)** the testimony is based on sufficient facts or data;

   **(c)** the testimony is the product of reliable principles and methods; and

   **(d)** the expert has reliably applied the principles and methods to the facts of the case.

**B. Background of Plaintiff's Expert Witness Dr. Peter Schultz and his Expert Report**

On August 25, 2014, Plaintiff designated Dr. Schultz as one of the experts. See Exhibit A. As Defendants on multiple occasions alleged that Plaintiff's hasty expulsion was necessitated by the exceptional danger of the procedures that he allegedly performed outside of the presence of his clinical instructors, Dr. Shultz was asked to give his medical evaluation of the safety of these procedures. Dr. Schultz is a licensed and practicing physician with many years of experience. See his resume in Exhibit A. Dr. His expert report, also presented in Exhibit A, and his intended testimony are solely confined to the medical safety of four procedures alleged by Defendants to be exceptionally dangerous and putting patient's life at high risk.

**C. Background of Defendants' "Rebuttal Expert" Sandra Castillo Alward and her "Rebuttal Expert" report.**

On August 25, 2014, Defendants designated Sandra Castillo Alward as one of the experts. See Exhibit B. According to her resume in Exhibit B, Ms. Alward possesses degrees of Ed.D. in Healthcare Education, M.A. in Hispanic Studies and B.S. in Nursing. Her career includes work as a Registered Nurse and various administrative and instructional roles at a community college. Ms. Alward has no medical education and holds no medical license. She also has no education in any of the fields associated with biomedical research, expertise in which might put to question medical testimony. Accordingly, Ms. Alward has no qualifications to rebut medical testimony of Dr. Shultz.

On September 15, the cutoff date for rebuttal expert designation, Defendants served on Plaintiff no such designation, but submitted "rebuttal expert" report of Ms. Alward presented in

Exhibit C. The report does not contradict the medical testimony of Dr. Schultz[1], but instead addresses in general words the extraneous matters of the uncontroverted[2] role of the nursing instructor in the instructional process.

### C. Alward's "Rebuttal Expert" Report is not a Rebuttal of Medical Testimony and is not Relevant.

The "rebuttal" report and the intended "rebuttal" testimony of Ms. Alward do not constitute a rebuttal of the expert medical testimony of Dr. Schultz. They also do not contain any specialized knowledge opinions on the matters of controversy in this case. As such, they are irrelevant, and should be excluded from trial in their entirety.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court excludes from trial the "rebuttal expert" report and the intended "rebuttal expert" testimony of Ms. Alward in their entirety.

:   October 2, 2014                             Respectfully submitted,

_____
Gregory Steshenko, Plaintiff *pro se*

---

[1] As Ms. Alward possesses no expertise to contradict or nullify a medical testimony.

[2] The controversy in this case is not about the role of an instructor, but about omissions of work duties and bad faith acts by certain nursing instructors and administrators of Cabrillo College.