# EXHIBIT B

Linda J. Lynch, Esq., SBN: 88811
John A. Shupe, Esq., SBN: 87716
Eric K. Shiu, Esq., SBN: 156167
LYNCH AND SHUPE, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
Telephone: (650) 579-5950
Facsimile: (650) 579-0300

Attorneys for Defendants Cabrillo Community College
District, Thomas McKay, Dorothy Nunn and Anne
Lucero

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>       Plaintiff,<br><br>       v.<br><br>THOMAS MCKAY, DOROTHY NUNN and<br>ANNE LUCERO, of the Cabrillo Community<br>College District; CABRILLO COMMUNITY<br>COLLEGE DISTRICT; KRISTINE SCOPAZZI,<br>BERTHALUPE CARRILLO, and JANE DOE,<br>of Watsonville Community Hospital;<br>WATSONVILLE COMMUNITY HOSPITAL,<br><br>       Defendants. | CASE NO:  C 09 05543 RS<br><br>**DEFENDANTS' EXPERT WITNESS<br>DISCLOSURE**<br><br>[Rule 26(a)(2), F.R.Civ.P.] |

Pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure, and the scheduling Order of the Court, Defendants Thomas McKay, Dorothy Nunn, Anne Lucero and the Cabrillo Community College District ("College Defendants") disclose the following expert witnesses who College Defendants expect to offer  expert opinion testimony pursuant to Rules 702, 703 or 705, Federal Rules of Evidence:

      1.     Sandra Luz Castillo Alward, RN, BSN, MA, EdD, 2875 Sandyhills Lane, Brentwood, CA 94513; Tel: (925) 202-4422, who will offer the opinions and testimony described in and arising from her Report, and Supplement to Report, which are attached hereto, and which contain the information required by Rule 26(a)(2)(B).

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

2.      Mark Cohen, Cohen Volk, 1155 Alpine Road, Walnut Creek, CA 94596; Tel: (925) 299-1200, who will offer the opinions and testimony described in and arising from his Report, which is attached hereto, and which contains the information required by Rule 26(a)(2)(B).

In addition, College Defendants, along with their percipient witness testimony, intend to solicit expert opinion testimony from individual Defendants Thomas McKay, Dorothy Nunn and Anne Lucero, who are by education, training and experience qualified to provide expert opinion testimony regarding the following:

Subject Matter of Expected Opinion Testimony:

Thomas McKay will provide testimony about (a) the purpose of the College's Nursing Program, and whether the Cabrillo College Nursing Program purpose was within the industry standard for such Programs (b) the academic/curricular requirements of the Cabrillo College Nursing Program, including the clinical training portions of the Program, and whether the Cabrillo College Nursing Program curricular requirements were within the industry standard for such Programs; (c) the standards used by instructors in the College Nursing Program in evaluating the performance of students, including whether the student is a patient safety risk, and whether those standards in use at  Cabrillo College Nursing Program were within the industry standard for such Programs; (d) the application of evaluation standards by instructor Anne Lucero to her students, including Plaintiff, and whether Ms. Lucero's application of those evaluation standards to Plaintiff was  within the industry standard for such Programs; (e) whether the dismissal of Plaintiff from the Nursing Program was a disciplinary or academic outcome, and whether his dismissal was within the industry standard for such outcomes ; (f) whether the dismissal of Plaintiff from the Nursing Program was preceded by any notice to Plaintiff that his standing was at risk due to his patient safety failures, and whether the notice  was within the industry standard for such outcomes in nursing programs.

Dorothy Nunn will provide testimony about (a) the purpose of the College's Nursing Program, and whether the Cabrillo College Nursing Program purpose was within the industry standard for such Programs (b) the academic/curricular requirements of the Cabrillo College Nursing Program, including the clinical training portions of the Program, and whether the Cabrillo College Nursing Program curricular requirements were within the industry standard for such Programs; (c) the standards used by

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

instructors in the College Nursing Program in evaluating the performance of students, including whether the student is a patient safety risk, and whether those standards in use at  Cabrillo College Nursing Program were within the industry standard for such Programs; (d) the application of evaluation standards by instructor Anne Lucero to her students, including Plaintiff, and whether Ms. Lucero's application of those evaluation standards to Plaintiff was  within the industry standard for such Programs; (e) whether the dismissal of Plaintiff from the Nursing Program was a disciplinary or academic outcome, and whether his dismissal was within the industry standard for such outcomes ; (f) whether the dismissal of Plaintiff from the Nursing Program was preceded by any notice to Plaintiff that his standing was at risk due to his patient safety failures, and whether the notice  was within the industry standard for such outcomes in nursing programs.

Anne Lucero will provide testimony about (a) the purpose of the College's Nursing Program, and whether the Cabrillo College Nursing Program purpose was within the industry standard for such Programs (b) the academic/curricular requirements of the Cabrillo College Nursing Program, including the clinical training portions of the Program, and whether the Cabrillo College Nursing Program curricular requirements were within the industry standard for such Programs; (c) the standards used by instructors in the College Nursing Program in evaluating the performance of students, including whether the student is a patient safety risk, and whether those standards in use at  Cabrillo College Nursing Program were within the industry standard for such Programs; (d) the application of evaluation standards by instructor Anne Lucero to her students, including Plaintiff, and whether Ms. Lucero's application of those evaluation standards to Plaintiff was  within the industry standard for such Programs; (e) whether the dismissal of Plaintiff from the Nursing Program was a disciplinary or academic outcome, and whether his dismissal was within the industry standard for such outcomes ; (f) whether the dismissal of Plaintiff from the Nursing Program was preceded by any notice to Plaintiff that his standing was at risk due to his patient safety failures, and whether the notice  was within the industry standard for such outcomes in nursing programs.

Summary of Facts and Opinions To Which Witness is Expected to Testify:

Thomas McKay will provide opinion and related fact testimony: (a) that  the purpose of the College's Nursing Program is to prepare students to take and pass the Statewide nursing examination,

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

1    and that this purpose was and is within the industry standard for such Programs (b) describing the

2    academic/curricular requirements of the Cabrillo College Nursing Program, including the clinical

3    training portions of the Program, and will testify that the Cabrillo College Nursing Program curricular

4    requirements were within the industry standard for such Programs; (c) describing the standards used by

5    instructors in the College Nursing Program in evaluating the performance of students, including whether

6    the student is a patient safety risk, and will testify that those standards in use at Cabrillo College Nursing

7    Program were within the industry standard for such Programs; (d) describing the application of

8    evaluation standards by instructor Anne Lucero to her students, including Plaintiff, and will testify that

9    Ms. Lucero's application of those evaluation standards to Plaintiff was within the industry standard for

10   such Programs; (e) that the dismissal of Plaintiff from the Nursing Program was an academic rather than

11   disciplinary outcome, and will testify that his dismissal was within the industry standard for such

12   outcomes ; (f) that the dismissal of Plaintiff from the Nursing Program was preceded by adequate notice

13   to Plaintiff that his standing was at risk due to his patient safety failures, and that the notice provided

14   was within the industry standard for such outcomes in nursing programs.

15        Dorothy Nunn will provide opinion and related fact testimony: (a) that the purpose of the

16   College's Nursing Program is to prepare students to take and pass the Statewide nursing examination,

17   and that this purpose was and is within the industry standard for such Programs (b) describing the

18   academic/curricular requirements of the Cabrillo College Nursing Program, including the clinical

19   training portions of the Program, and will testify that the Cabrillo College Nursing Program curricular

20   requirements were within the industry standard for such Programs; (c) describing the standards used by

21   instructors in the College Nursing Program in evaluating the performance of students, including whether

22   the student is a patient safety risk, and will testify that those standards in use at Cabrillo College Nursing

23   Program were within the industry standard for such Programs; (d) describing the application of

24   evaluation standards by instructor Anne Lucero to her students, including Plaintiff, and will testify that

25   Ms. Lucero's application of those evaluation standards to Plaintiff was within the industry standard for

26   such Programs; (e) that the dismissal of Plaintiff from the Nursing Program was an academic rather than

27   disciplinary outcome, and will testify that his dismissal was within the industry standard for such

28   outcomes ; (f) that the dismissal of Plaintiff from the Nursing Program was preceded by adequate notice

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950

1   to Plaintiff that his standing was at risk due to his patient safety failures, and that the  notice provided

2   was within the industry standard for such outcomes in nursing programs.

3          Anne Lucero will provide opinion and related fact testimony: (a) that  the purpose of the

4   College's Nursing Program is to prepare students to take and pass the Statewide nursing examination,

5   and that this  purpose was and is within the industry standard for such Programs (b) describing the

6   academic/curricular requirements of the Cabrillo College Nursing Program, including  the clinical

7   training portions of the Program, and will testify that the Cabrillo College Nursing Program curricular

8   requirements were within the industry standard for such Programs; (c) describing the standards used by

9   instructors in the College Nursing Program in evaluating the performance of students, including whether

10  the student is a patient safety risk, and will testify that those standards in use at  Cabrillo College Nursing

11  Program were within the industry standard for such Programs; (d) describing the application of her

12  evaluation standards for  her students, including Plaintiff, and will testify that her application of those

13  evaluation standards to Plaintiff was  within the industry standard for such Programs; (e) that her

14  dismissal of Plaintiff from the Nursing Program was an academic rather than disciplinary outcome, and

15  will testify that his dismissal was within the industry standard for such outcomes ; (f) that the dismissal

16  of Plaintiff from the Nursing Program was preceded by adequate notice to Plaintiff that his standing was

17  at risk due to his patient safety failures, and that the  notice provided was within the industry standard

18  for such outcomes in nursing programs.

19

20  Dated: August 25, 2014                                    **LYNCH AND SHUPE, LLP**

21

22

23                                                          By: _____

24                                                               John Shupe, attorneys for
                                                                College Defendants
25

26

27

28

Date:   September 21, 2012

To:     Lynch and Shupe, LLP
        700 Airport Blvd., Suite 410
        Burlingame, California 94010

From:   Sandra Luz Castillo Alward, RN, BSN, MA, EdD.

Re:     Steshenko v. Tom McKay, et al
        Case No: C09-05543 RS
        File No: 935

I, Sandra Luz Castillo Alward, have been a registered nurse since 1971. My experience includes acute care experience as staff nurse, clinical faculty experience, and administrative experience. My publications include a nursing book entitled, Strategies, Techniques, and Approaches to Thinking . The 5th edition to be release in 2013. Calculating Drug Dosages: An Interactive Approach to Leaning Nursing Math 2012, 3rd Ed. I am a co-author.  A copy of my Curriculum Vitae is attached as Exhibit A.

My compensation for reviewing the documents and preparing this statement, and for any testimony at deposition or trial in this matter is $150.00 per hour.

I have never testified as an expert witness.

The following documents were reviewed: (a) the Third Amended Complaint; (b) Mr. Steshenko's Responses to the College discovery, Mr. Stesheko's documents produced in response to the College's discovery and the College's Responses to Mr. Steshenko's interrogatories, Sets One – Four; (c) Mr. Steshenko's Student File; (d) the Student Handbook; (e) Mr. Steshenko's plan of remediation; and (f) Mr. Steshenko's transcripts at Cabrillo, (g) Cabrillo's Motion for Summary Judgment; (h) Cabrillo Board Policy 3120.

Brief Statement of Facts: Cabrillo College's Associate Degree Nursing Program ("ADN") is a two year pre-licensure nursing program approved by California's Board of Registered Nursing; nursing faculty design curriculum and establishing the clinical objectives; clinical faculty are responsible for evaluating a student during the clinical experience; Mr. Gregory Steshenko violated the IV policy in the N35 course on 9/2/2009, Mr. Gregory Steshenko was counseled and given a written warning on 9/3/09. Mr. Gregory Steshenko violated the nursing program's IV policy in the N35 course on 9/30/2009; Mr. Gregory Steshenko was dismissed from the nursing program on October 5, 2009, the instructor has the sole responsibility for assigning the course grade; Mr. Gregory Steshenko was informed of the grievance process.

Issue No. 1:  Is Cabrillo's Nursing Program approved by the Board of Registered Nursing?

Opinion No. 1:  Associate Degree Nursing Programs in California are approved by the Board of Registered Nursing. Nursing students graduating from an approved nursing program are eligible to apply to take the National Council Licensing Exam (NCLEX-RN) for licensure.  Like other ADN programs throughout the State of California, Cabrillo College's Nursing Program must comply with the Board of Registered Nursing ("BRN") regulations.  Approval by the BRN indicates that the nursing program meets the Board's requirements and includes in its curriculum the required subjects of instruction and the clinical instruction necessary for students to achieve clinical competency at the entry level of a registered nurse.  Cabrillo's ADN Program was inspected by the BRN in 2006 and was found to be in compliance with the Board's rules and regulations and was granted approval as indicated in Exhibit B.

Issue No. 2:  Are the Clinical Practice Experiences for Cabrillo's Nursing Program the same as other two-year nursing programs in the Bay Area?

Opinion No. 2: Since nursing is a practice discipline, ADN pre-licensure nursing programs always include clinical experiences throughout the entire program. Nursing faculty design the curriculum and plan clinical experiences so that nursing students possess the level of knowledge, skills, and clinical experiences required of beginning registered nurses. Clinical faculty, as experienced practitioners, guide students to apply knowledge and skills so that the clinical objectives are achieved.  Through guided instruction each semester, students begin to develop the level of competency necessary for entry into practice. It is the responsibility of the clinical faculty to evaluate the student's clinical performance based on the clinical objectives of the course. Clinical faculty are responsible for ensuring that students maintain the standards of care when performing skills or caring patients. The clinical component of the nursing program at Cabrillo College was approved by the BRN, meaning that its design and integration of clinical experiences met the BRN standards in preparing students to achieve clinical competency at the entry level of a registered nurse. Cabrillo's nursing program curriculum and clinical experiences are consistent in scope and breadth with other Associate Degree Nursing Programs in the Bay Area.

Issue No. 3:  Is compliance with the Clinical Practice Experiences for Cabrillo's Nursing Program a part of the academic nursing curriculum?

Opinion No. 3:  Nursing programs are academic programs consisting of theory and clinical practice experiences. The BRN requires that all pre-licensure nursing programs include clinical practice experiences in the nursing program and, further, requires concurrency between theory and the clinical experience. This concurrency of theory and clinical practice is a sound educational strategy to enhance, strengthen, and support the application of learned knowledge. As a practice profession, the clinical practice experience must be included as a part of the nursing program's academic nursing curriculum. As an academic course, the clinical objectives are developed to service as a guide for satisfactory course completion. The clinical faculty is responsible in evaluating the student based on the course clinical objectives. Cabrillo's nursing program academic courses consists of both theory and clinical practice experiences. Cabrillo's

nursing program curriculum and the clinical practice experience have been approved by the BRN, thereby, meeting the standards for the academic preparation of nursing students.

Issue No. 4:  Is it within the custom and practice of two year nursing programs in the Bay Area for instructors to have final decision making authority to place students on probation or dismiss them from the nursing program for failure to meet academic standards?

Opinion No. 4:  Instructors have the sole and ultimate responsibility for evaluating the academic performance of a student based on the defined academic standards and learning objectives of the course. In the clinical practice experience of the academic nursing course, the clinical instructor has the responsibility to notify a student when the clinical objectives are not being achieved or when a student's clinical skills or performance increases the risk for harm to a patient. The clinical instructor has the responsibility and duty to the patient to ensure safe care. Departure from the standards of care and nursing practice increases the risk for harm to patients. Based on a clinical incident and the clinical objectives, the instructor, as an experienced practitioner, determines the need to place a student on probation or to dismiss the student. Mr. Gregory Steshenko had completed two semesters in the nursing program and was a Level 3 student in the N35 course in Fall 2009. Mr. Steshenko signed Cabrillo's nursing program's policy, Administrating Medications by IV Push, which specified that Level 2 & 3 nursing students must be directly supervised by the clinical instructor.  On 9/2/09, the first day the clinical rotation, Mr. Steshenko proceeded to flush an IV. This action is in direct violation of the IV policy. The instructor, Anne Lucero, followed proper procedure by counseling the student, documenting the incident, and developing a plan to assist Mr. Steshenko in meeting the clinical objectives. Mr. Steshenko signed the document written by Anne Lucero. The counseling was done on 9/3/09, a day after the violation, thereby affording Mr. Steshenko sufficient time to demonstrate adherence to program policies. To promote safe practice, nursing faculty would agree that this action is a safety violation and would support putting the student on probation. On 9/30/09, Mr. Steshenko violated the IV policy a second time by flushing a patient's central line port without the direct supervision of the instructor. Anne Lucero correctly solicited immediate input from Mr. Steshenko regarding the incident and followed proper procedure by scheduling a follow up conference the next day. The practice of nursing, first and foremost, is to protect the patient and promote patient safety. Repeated violations of program policies carry a high risk of patient harm and are grounds for immediate dismissal from the nursing program. Mr. Steshenko had been notified of the seriousness of this violation on 9/3/09 and he was given guidelines to prevent this from repeating. Protecting the patient from harm is paramount in nursing practice. A student who does not adhere to a policy that serves to protect the patient puts the patient at high risk for harm. A repetition of the same violation, warrants immediate removal of the student from the clinical experience and dismissal from the nursing program. Since the clinical experience is part of an academic course of study, the clinical instructor is solely responsible for assigning the course grade to the student. The instructor's grade is considered final.

3

Issue No. 5:  Is it the standard custom and practice among two year nursing programs in the Bay Area for students who fail to meet the academic requirements of the nursing program to be dismissed without a hearing.

Opinion No. 5:  The decision to dismiss a student for unsafe clinical performance indicates that the student has not met the academic standards of the course. The practice of nursing involves caring for patients who are not able to care for themselves. Families trust that their loved ones will be cared for in a competent manner and that all possible safe guards will be in place to prevent patient harm. It is never safe practice to knowingly allow a student to remain in the clinical practice experience who has demonstrated performance that may increase the risk for patient harm. The student's learning needs can never outweigh patient safety standards. The dismissal of a student for unsafe clinical performance is very serious and never done without careful consideration of all the facts. Dismissal from the nursing program may occur at anytime throughout the clinical experience. Nursing programs routinely inform students of instances that pose patient harm and of clinical performances that facilitate the likelihood of immediate dismissal from the nursing program. This is communicated through the program's nursing handbooks, academic course guidelines, and verbal and written guidelines by the instructor. Thus, the student is informed and cognizant of unsafe practices that bring about dismissal from a nursing program. Dismissal from the nursing program means that the student cannot continue in the academic course and therefore cannot continue in the nursing program. A hearing for the purposes of continuing in the program in the same semester is not warranted since the student is dismissed from the nursing program and cannot continue with the clinical practice experience. Since the clinical practice experience is a part of an academic course of study, the instructor will assign the grade. Mr. Steshenko was notified of the seriousness of his violation of the IV policy on 9/3/09 and he was given guidelines to prevent this from repeating. The repetition of the violation for the second time in the same month, warranted the removal from the clinical experience and the immediate dismissal from the nursing program. The decision by the clinical instructor, Anne Lucero, to dismiss Mr. Steshenko's after the second violation of the IV policy within the same semester was appropriate. Mr. Gregory Steshenko was informed of the college's grievance process but elected not to pursue this process.

Issue No. 6:  Was the violation of procedures sufficient basis for the instructor, Anne Lucero, to dismiss the student from the N35 course?

Opinion No. 6:  The clinical objectives in the nursing program identify professional skills and clinical performance which correlate with standards of care. As students participating in an academic program, students are expected to adhere to the guidelines of the program. Progression from one semester course to the next promotes a greater understanding of the professional role and also introduces the student to more complex skills. Skills such as IV insertion and the administration of IV Push medications require a greater degree of technique and safety. Cabrillo's nursing program clearly and explicitly informed the students of the policy for direct instructor supervision of IV Push medication administration. Mr. Steshenko violated the same program policy twice in the

4

same month. Mr. Steshenko was counseled and notified in writing as to the seriousness of the violation of the policy immediately following the first incident. A repeat of the same violation promotes grave concern as to the student's clinical judgment, safe practice, and accountability for adherence to program policies. The repetition of the violation regarding IV Push medication administration with no regard to the program policy by Mr. Steshenko, a Level 3 nursing student, is by itself grounds for immediate dismissal from the academic course. This dismissal is not a disciplinary matter, rather an academic dismissal for failure to meet the academic clinical objectives of the course.

Dated: _September 21, 2012_                    _Sandra Luz Castillo Alward_
                                               Sandra Luz Castillo Alward

6

EXHIBIT A

1

# VITAE

Sandra Luz Castillo                                      (925) 202-4422
2875 Sandyhills Lane
Brentwood, CA 94513

## EMPLOYMENT HISTORY:

| Dates | Job Title/Responsibilities |
|-------|---------------------------|

Contra Costa College
San Pablo, CA 94523

1/12 – present             Faculty – part time . Teaching drug dosage calculations course.

Los Medanos College
Pittsburg, CA 94565

1/07 – 12/11               Director of the Associate Degree Nursing Program
                           and Vocational Nursing Program

Contra Costa College
San Pablo, CA 94523

8/03 – 12/06               Director of the Associate Degree Nursing Program
                           Also continue to teach in the Fundamentals of Nursing course and
                           the Geriatrics/Advanced Med-Surg course.

7/00 – 7/03                Nursing Instructor, emphasis on medical- surgical nursing.
                           Department Chair (August 2002 – July 2003).

8/1999 - 7/2000            Interim Assistant Dean of Instruction.  Work with division chairs
                           to identify instructional needs and to implement college policies
                           and procedures.  Participated in numerous college wide
                           committees.  Collaborated with the community to develop and
                           implement noncredit outreach classes.  Network with the high
                           schools to promote higher education.

3/1982 - 7/1999            Nursing Instructor; emphasis on medical- surgical nursing.  Team
                           teach the fundamentals of nursing course every fall semester and
                           advanced medical-surgical nursing course every spring semester.

                           Co-teach the Drug Dosage Calculation math class for nursing
                           students every fall semester.

2

Co-teach "How to Think Like a Nurse" class for beginning nursing students in the fall semester. This involves use of critical thinking techniques and strategies.

College Resource Center Coordinator, Fall 1998 and Spring 1999.
Nursing Program Department Chair, Fall 1998 - August 1999

Involved with the implementation of classroom assessment techniques and in developing critical thinking strategies for classroom instruction.
Nursing Department Chair Assistant, 1993-1995.
Participated in a mentorship program for high-risk students.

(1/98 - 5/98)        Granted a one semester sabbatical leave. This was a co-sabbatical project that involved the development of an interactive CD-ROM related to drug dosage calculations for nursing students.

(8/92 - 12/92)       Granted a one semester sabbatical leave. The sabbatical project was the development of 28 Drug Dosage Calculation exams. The development of these exams provided consistency in the math content being tested throughout the two year nursing curriculum.

(10/92 - 11/92)      Taught a four-week Refresher RN course for Samuel Merritt College in Oakland, CA. This provided me with the opportunity to work with another nursing program and to develop teaching strategies for students in this program.

(Summers of 1986,    Hired as a Teaching Consultant for Veteran's Hospital in Martinez,
 1987, 1988)         California. Worked with the administrative staff to identify particular educational needs of the nursing staff and to develop and implement educational programs. This involved researching the nursing literature and teaching specific classes for staff nurses. Topics in Leadership, Team Nursing, Medication Administration and Computer Literacy were some of the classes taught.

7/81 - 3/82          Assistant Head Nurse, Oncology Unit.
Providence Hospital  Supervised staff on the evening shift. Worked collaboratively with
Oakland, CA          the Head Nurse. Assisted with teaching and supporting new RN graduates in their role transition to staff nurse.

5/79 - 7/81          Manager - Outpatient Center for Family Medicine.
Whittier Presbyterian Hosp.  Supervised staff and was responsible for the daily functions of the
Whittier, CA         clinic. This, also, included patient teaching and preparation of the yearly clinic budget.

3

| | |
|---|---|
| 7/76 - 5/79 | Supervisor - Outpatient Prenatal Clinic. |
| White Memorial Med. Ctr<br>Los Angeles, CA | Supervised staff and coordinated the functions of the clinic. Worked closely with patients and physicians, scheduled surgeries and follow-up care for patients.  Involved with developing prenatal and childbirth classes for the Hispanic population. |
| 7/73 - 6/76<br>Monterey Park Hospital<br>Monterey Park, CA | RN - Head Nurse for Medical Unit and Telemetry Unit. Supervised staff and taught in-service classes. |
| 7/71 - 6/73<br>Santa Marta Hospital<br>Los Angeles, CA | RN - Staff nurse; Medical-surgical Unit. Provided patient care, worked with staff and physicians. |
| 9/68 - 7/71<br>E.L.A. Community Hosp.<br>Los Angeles, CA | Licensed Vocational Nurse Staff nurse. |

## Educational Experience:

| | |
|---|---|
| 10/93 - 5/98 | NOVA Southeastern University. Fort Lauderdale, Florida. Ed.D. Healthcare Education. |
| 9/84 - 5/87 | Master's Degree in Hispanic Studies. Holy Names College, Oakland, CA |
| 9/75 - 5/79 | Baccalaureate of Science Degree in Nursing.  Public Health certification.   Cal-State Univ. L.A., Los Angeles, CA  90037 |
| 9/68 - 6/71 | Associate of Science Degree in Nursing. Rio Hondo Community College.  Whittier, CA  90608 |
| 7/67 - 8/68 | Vocational Nursing Certificate. Voc. Nursing School.  Los Angeles, CA |

## Professional affiliations:

1. Latina Leadership Network of the California Community Colleges.  Member since 1987.

2. Faculty Association of California Community Colleges. Member since 1990.

3. Assessment Technologies, Inc.  Advisory Board Member 1999 - 2006.

<u>Professional honor:</u>

    1.  Nominated for the Hayward Award for Excellence in Education - 1990.


<u>Publications:</u>

   Gabe, M. G., Perry, C. M., Castillo, S. L., Santina, B. A., & Werner-McCullough, M. (1997). Nursing student practicums in home care. <u>Caring, 16</u> (5), 48-53.

   Martinez de Castillo, S. & McCullough, M (2012) 3rd Ed., Calculating Drug Dosages – An Interactive Approach to Learning Nursing Math (CD-ROM). F.A. Davis: Philadelphia, Penn.

   Martinez de Castillo, Sandra (2010) <u>Strategies, Techniques and Approaches to Thinking.</u> 4th Ed, W. B. Saunders Company: USA.

<u>Workshops conducted:</u>

   May 26, 1999. College of Marin. Marin, CA. 2 hour workshop entitled: Integrating Critical Thinking in the Nursing Curriculum.

   June 10, 1999. Pacific Union College. Anguin, CA. 8 hour workshop presented in conjunction with Ann Carmack from Assessment Technologies Inc. Workshop entitled: Critical Thinking and Item Writing.

   November 15,1999. Biloxi, Mississippi. 1.5 hour presentation for the National Organization of Associate Degree Nursing Programs (N-OADN) 1999 Convention. Topic: Critical Thinking. Contact Person: Deanna Naddy

   January 9, 2000. Oklahoma City, Oklahoma. 3 hour presentation for the Health Occupations Education Division Mid-Winter Conference 2000. Topic: Teaching Critical Thinking. Contact Person: Ruth Eckenstein (405) 743-5526.

   January 28, 2000. Long Beach, CA. 6 hour presentation for the Vocational Directors - Long Beach Community College. Topic: Critical Thinking in Nursing Practice. (562) 938-4111.

   February 25, 2000. Lynchburg, Tennessee. 3 hour presentation for the TN-OADN. Topic: Teaching Critical Thinking. Contact Person: Susan Sanders (931) 393-1628.

   March 3, 2000. San Francisco, CA. 1.5 hour presentation for Deans and ADN Directors - COADN. Topic: Critical Thinking - Practical Applications for ADN Curriculums. Contact Person: Lynda Schweid (510) 235-7800 ext. 4268.

March 30, 2000.  Monterey, CA.  1.5 hour presentation for ADN nursing faculty.  Topic: Critical Thinking - Practical Applications for ADN Curriculums.  Contact Person:  Lynda Schweid (510) 235-7800 ext. 4268.

April 1, 2000.  Phoeniz, Arizona.  1 hour presentation for ADN nursing faculty.  Topic: Critical Thinking in Nursing Practice.  Yavapai College.

May 19, 2000.  Los Angeles, CA.  3 hour presentation for ADN Faculty.  Topic:  Critical Thinking and Nursing Practice.  Mount St. Mary's College.

October 10, 2000.  Columbus, Ohio.  3 hour presentaton for Practical Nurse Educators. Topic:  Critical Thinking.  Fall PN Coordinator/OOPNE Conference

March 9, 2001.  Marlborough, MA.  4 hour presentation for Practical Nurse Educators. Topic:  Critical Thinking and Test Question Development.  MARILN League Office.

February 9, 2002.  Santa Ana, CA. 2.5 hour presentation for the Los Angeles/Orange County Regional Consortium Nursing Faculty Collaborative.  Topic:  Test Construction. Santa Ana College.

May 17, 2002.  Los Angeles, CA.  3 hour presentation for East Los Angeles College nursing faculty.  Topic:  Test Construction. Contact person: Lurelean Gaines (323) 265-8896  x8961.

May 31, 2002.  Palm Springs, CA.  2.5 hour presentation on Preceptor Development and Critical Thinking.  Contact person: Charlene Fobi (760) 322-7000.

August 13, 2002.  Pittsburgh, Pennsylvania.  5 hour presentation for nursing faculty at the Community College of Allegheny County.    Topic:  Critical Thinking and Test Construction.  Contact person:  Kathy Malloy (412) 237-2236

August 15, 2002.  Wichita, Kansas.  4 hour presentation for nursing faculty at the University of Wichita.    Topic:  Test Construction.  Contact person:  Phyllis Jacobs

September 13, 2002.  Whittier, California.  3 hour presentation for Rio Hondo Community College faculty    Topic: Test Construction.  Contact person: Joanne Haskins

January 7, 2003.  Cypress, California.  4 hour presentation for Regional Health Occupations Resource Center (RHORC).  Topic:  Preceptor Instructor Workshop. Contact person: Mary O'Connor (714) 970-5633.

March 26, 2003.  Palm Springs, CA.  4 hour presentation for Regional Health Occupations Resource Center (RHORC).  Catch the Educator's Dream. Workshop Topic: The Nurse as Clinician and Educator.  Contact person: Mary O'Connor (714) 970-5633.

June 12, 2003. Angwin, CA.  6 hour presentation for Pacific Union College.  Topic:  Test Construction.  Contact person: Donna Stretter (707) 965-7262.

February 8, 2004.  Chicago, Il. 6 hour presentation for University of Chicago.  Topic: Critical Thinking and Test Construction.

April 21, 2004.  Costa Mesa, CA.  3.5 hour presentation for Regional Health Occupations Resource Center (RHORC).  Catch the Educator's Dream. Workshop Topic: The Nurse as Clinician and Educator.  Contact person: Mary O'Connor (714) 970-5633.

June 6, 2004.  Mission College 3.0 hour presentation on Test Construction. 3000 Mission College Blvd., Santa Clara, CA.  95054  Contact person:  Ann H. Cowels (408) 855-5377

September 18, 2004. International Myotherapy Association Annual Conference, 3.0 hour presentation on Critical Thinking. Las Vegas, Nevada.  Contact person: Brice Leonard (508) 633-5217.

May 11, 2005.  Chicago, Il.  4 hour presentation for University of Chicago.  Topic:  Best Practices in Education.

Sept 16th and Sept 30th , 2005  2 day workshop for the nursing faculty at City College of San Francisco and California Pacific Medical Center nurses on critical thinking and test construction.

May 15 and 24th, 2006   Consultancy for the nursing faculty at City College of San Francisco and California Pacific Medical Center nurses on the implementation of critical thinking in the nursing curriculum

June 26 and 27th, 2006  3 hour presentation for Regional Health Occupations Resource Center (RHORC).  Caring for the Preceptor Workshop Topic: Critical Thinking.  Contact person: Joanne Gray joannegray3255@sbcglobal.net

EXHIBIT   B

STATE OF CALIFORNIA – STATE AND CONSUMER SERVICES AGENCY                                    Arnold Schwarzenegger, Governor



State of
California
Department of
**Consumer
Affairs**

**BOARD OF REGISTERED NURSING**
1170 Durfee Avenue, Suite G
South El Monte, Ca  91733-4400
TELEPHONE (626) 575-7080
www.rn.ca.gov
Ruth Ann Terry, MPH, RN
Executive Officer



February 20, 2007

Tom McKay, RN, PhD
Director, Allied Health
Cabrillo College
6500 Soquel Drive
Aptos, California  95003

Dear Dr. McKay:

The Board of Registered Nursing, at its February 16, 2007 meeting in Los Angeles voted the
following actions:

"Continue Approval of Cabrillo College, Associate Degree Nursing Program."

If further information is needed please do not hesitate to contact Janette Wackerly, MBA, RN,
Nursing Education Consultant, at (916) 574-7686.

Sincerely,

BOARD OF REGISTERED NURSING

Maria E. Bedroni, EdD, MN, NP, RN
Supervising Nursing Education Consultant

c. Janette Wackerly

*Steshenko v. McKay*                                              *Case No: C 09 5543 RS*

<div align="center">

**PROOF OF SERVICE**
</div>

1.    I am over the age of 18 and not a party to this cause.  I am a resident of or employed in the county where the mailing took place and my residence or business address is:

700 Airport Blvd., Suite 410, Burlingame, California  94010-3191

2.    I served a copy of the following document(s):

**College Defendant's Disclosure of Expert Testimony/Written Report**

3.    I served a copy of the foregoing documents by mailing them in a sealed envelope with first class postage fully prepaid, to the address stated below, as follows:

a.  [ X ]  **By E-Mail or Electronic Transmission.**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to each party at their e-mail addresses of record (listed herein). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Email addressed as follows:

gsteshen@yahoo.com
carolyn.latzorke@dbtlaw.org
daniela.stoutenburg@dbtlaw.org
jesse.hutto@dbtlaw.org

4.    Date of Service:   September 21, 2012
5.    Place mailed from: 700 Airport Blvd., Suite 410, Burlingame, California  94010

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on the above date at Burlingame, California.

Adriana Campuzano

935

<div style="writing-mode: vertical">Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950</div>

August 21, 2014

To: Lynch and Shupe, LLP
   700 Airport Blvd., Suite 410
   Burlingame, Calif. 94010

From: Sandra Luz Castillo Alward, RN, BSN, MA, EdD

Re: **FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B) – Supplemental Report**

STESHENKO V. CABRILLO COLLEGE, ET AL., CASE NUMBER 5:09-CV-05543-RS UNITED STATES
DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

In the matter, Steshenko v. Cabrillo Community College et al., I have reviewed the additional
depositions and have relied upon these exhibits, and the facts contained therein for the
formation of my opinions in this supplemental report:

- Linda Foster
- Dennis Bailey-Fourgnier Volume I, Volume II
- Annette Lucero
- Tom McKay
- Christine Madsen
- Dorothy Nunn Volume I, Volume II
- Marty Potkin Volume I, Volume II
- Terence Willett

I also reviewed the:

- Expert Report of Katherine A. Kelly, RN, DNP, FNP-C, CEN (September 21, 2012)

Based on the foregoing, I adopt the statement in the Sept 21, 2012 report and add the following:

The testimony reviewed reiterated the behaviors demonstrated by Mr. Steshenko that
substantiated the safety concerns in clinical practice and dismissal from the nursing program
(violation of Cabrillo College Nursing Program policy related to IV push administration).

Additionally, the following facts stated in the deposition statements (bulleted above) lead to the
following opinions of Mr. Steshenko's behavior:

In N15 Mr. Steshenko demonstrated poor clinical judgment, decision making, and
communication while in the perioperative area by proceeding to carry out skills that required
observation and approval from the instructor. In N25 Mr. Steshenko failed to chart the
assessment finding of a patient and failed to seek guidance in handling a situation with a family
member in a timely manner. In N35 Mr. Steshenko flushed a central line with a nurse after being
instructed to wait for the instructor. Mr. Steshenko did not adhere to the nursing program policy.
These behaviors manifest poor clinical judgment and patient safety concerns.

Providing patient care is a part of the professional nursing role. Comments related to "dirty jobs"
or "… students are free labor dedicated to relieving them from the responsibilities they do not
want to do and they are getting paid for" present a limited view of the role of the nurse. The

clinical experience provides the students the opportunity to develop skills, to observe, and to engage in professional activities that enhance their theory and practice.

**Opinions:**

Nursing is a practice profession which requires specific knowledge and skills as well as ongoing communication. Additionally, the use of clinical judgment is critical in helping the nurse to make clinical decisions. With guidance from the instructor, nursing students begin to demonstrate the use of clinical judgment and decision making as they identify, plan, and care for patients.

Since the clinical environment provides a variety of experiences, students may be asked to perform several skills. It is imperative that all students communicate with the instructor anytime they are asked to perform a skill they have not been approved to do independently or if they are uncertain how to handle a situation professionally. The instructor is the best authority in knowing the required skill set for the course level and in working with the learning needs of a student. Failure to communicate and to seek guidance from the instructor increases the risk for errors and demonstrates poor clinical judgment.

In the care of patients, students need to maintain clear ongoing communication with staff to ensure that patient care is not compromised and that patient safety is maintained.  Mr. Steshenko's behavior in N15, N25, and N35 demonstrates poor communication with the instructor and the staff and inappropriate decision making.

**The role of the registered nurse (RN) in providing basic fundamental care to patients in the clinical setting.**

The role of the RN is to promote patient safety in the care of patients. The Standards of Competent Performance set forth by the Board of Registered Nursing (Title XVI California Code of Regulations, Division 14 Board of Registered Nursing, Article 4, Section 1443.5) define the skills necessary for competent practice. With guidance, registered nursing students begin to apply the standards of competent practice in the care of patients.

Providing fundamental care to a patient, such as bathing, ambulating, feeding, assisting with elimination needs, such as in placing or emptying bedpans, are important to the overall care of a patient. It is in the direct performance of these skills that nursing students have the opportunity for hands-on experience and apply everyday skills used in the RN role such as assessment, therapeutic communication, evaluation, time management, and priority setting.

Although the fundamental care of the patient may be performed by the nursing assistant, it is the RN that interprets the data and makes a clinical judgment based on the data to help meet the individual needs of the patient. Thus, the more opportunities the student has to apply basic fundamental care, the more proficient the student becomes in carrying out fundamental care, and the more knowledge and experience gained, the sooner the student is able to grow into the professional RN role.

It is important to remember that assisting to meet the basic human physical needs of a patient is at the heart of nursing practice and should not be separate from or defined by the title of the care giver.

**The Associate Degree Nursing (ADN) prepared RN**

Associate Degree nursing graduates who passed the State Board Exam for Licensure and obtained the title of "RN" had traditionally been able to find employment in the acute care setting prior to 2008.

However, the recession experienced in 2008 changed the availability of employment opportunities for nurses, especially the ADN graduate RN. The recession lead to nurses who were thinking of retiring to continue to work, for retired nurses to return to work, and for nurses working part-time to seek full-time employment, thus decreasing the number of available RN positions all around. Secondly, in compliance with the recommendations by the Institute of Medicine to increase the proportion of nurses with baccalaureate degrees to 80 percent by 2020, acute care hospitals began hiring the baccalaureate prepared nurses when vacancies became available.  Therefore, the opportunities for employment in the acute care setting for the ADN graduate RN decreased.

Although there has been much discussion nationwide over a nursing shortage, new RNs continue to have difficulty finding employment. Currently, it is not uncommon to hear that recent RN graduates are relocating out of state for employment opportunities. Other recent RN graduates may seek employment in physician's office, clinics, or skilled nursing facilities. However, most of these employment sites have limited RN positions since medical assistants or certified nursing assistants are readily utilized.

To imply with certainty that Mr. Steshenko or any other nursing student would successfully complete the nursing program is speculation at best. To assert that Mr. Steshenko or any other nursing student will successfully pass the State Board Exam for Licensure and be guaranteed employment at the completion of the nursing program are speculative and unpredictable assumptions. To assume that Mr. Steshenko or any other nursing student will be hired by a clinical facility and into the position they seek are equally unpredictable assumptions. It is therefore impossible to assume that Mr. Steshenko or any other nursing student will make $6000 monthly at the start of their nursing career.

Date: _August 21, 2014_     Signed: _Sandra Luz Castillo Alward_
Sandra Luz Castillo Alward

COHEN | VOLK
ECONOMIC CONSULTING GROUP

3650 MT. DIABLO BLVD. SUITE 104
LAFAYETTE CA 94649
T 925.299.1200
F 925.299.1490
WWW.COHENVOLK.COM

September 21, 2012

Ms. Daniela Stoutenburg
Dummit, Buchholz & Trapp
1661 Garden Highway
Sacramento, CA 95833

Re:  Gregory Steshenko v. Watsonville Community Hospital, et al.

Dear Ms. Stoutenburg:

As Chief Economist of Cohen | Volk Economic Consulting Group, I have been
retained to evaluate the economic losses to Mr. Steshenko in the above-
captioned case.  This evaluation includes an evaluation of Mr. Steshenko's lost
earnings, attempts to mitigate his loss, his employability and his mitigation
earning capacity.  I have also been retained to comment upon work product and
testimony of plaintiff retained economic loss and mitigation experts.

In order to complete the assignment, I have reviewed the following documents:

1.    Plaintiff's Third Amended Complaint;
2.    Plaintiff's Responses to Watsonville Community Hospital's Special
      Interrogatories, Set One;
3.    Plaintiff's Responses to Watsonville Community Hospital's Special
      Interrogatories, Set Two;
4.    Plaintiff's Responses to Watsonville Community Hospital's Request for
      Production of Documents, Set One;
5.    Plaintiff's Evidentiary Exhibits #'s 34, and 99-104, produced by Plaintiff
      to all parties;
6.    Documents produced by Co-defendants, Cabrillo Community College
      District, Dorothy Nunn and Anne Lucero;
7.    Plaintiff's educational records from UC Santa Cruz;
8.    Plaintiff's Responses to Watsonville Community Hospital's Request for
      Production of Documents, Set Two;
9.    Plaintiff's Supplemental Responses to Watsonville Community
      Hospital's Request for Production of Documents, Set Two;
10.   Plaintiff's Second Supplemental Responses to Watsonville Community
      Hospital's Request for Production of Documents, Set Two;
11.   Plaintiff's academic records from the following locations: UCSC
      Extension in the Silicon Valley, Monterey Peninsula College, Foothill
      College, San Jose State University;

Daniela Stoutenburg
September 21, 2012
Page 2

    12.    Documents produced by the College Defendants in response to
           Plaintiff's Request for Production of Documents, Set One. Bates
           stamped pages GNS 001516 – GNS 001835;
    13.    Expert Report of Katherine A. Kelly, RN, DNP, FNP-C, CEN.

In forming my opinions I have also relied upon data provided by the Bureau of
Labor Statistics, Challenger, Gray and Christmas, California Board of Registered
Nursing, the Institute of Medicine, and the American Nursing Credentialing
Center.

<u>Evaluation of Lost Income:</u>

Mr. Steshenko is claiming lost income as a nurse due to his expulsion from the
Cabrillo Associate Degree Nursing Program. This claim for lost income is flawed
in a number of notable ways.

First, Mr. Steshenko has not provided information to allow one to conclude that
he would have completed the nursing program absent the expulsion. Mr.
Steshenko had a history of violating patient safety rules while attending Cabrillo
College according to Anne Lucero.

According to the California Board of Registered Nursing, the attrition rate for
Associate Degree Nursing (ADN) programs was 18.1% 2010-2011. Mr.
Steshenko may have failed or dropped out of the program on his own.

Second, if Mr. Steshenko were to graduate from his ADN program he would then
have to pass the National Council Licensure Examination for Registered Nurses
(NCLEX). Mr. Steshenko has not provided information to allow one to conclude
that he would have passed the licensing examination.

Third, even if Mr. Steshenko did finish the degree program and pass the licensing
examination, he has provided no information to conclude that he would have
worked as a registered nurse. On the contrary, Mr. Steshenko has indicated that
he is educated as an electrical engineer, yet based on records provided to date,
has not worked as an employee in a paid position since June 1, 2002. The job
market for engineering technicians and engineers has been healthy since 2003 in
the Bay Area and the South Bay Area in particular.

Furthermore, he has indicated that he has applied to thousands of jobs since his
expulsion with no results. Of those thousands of jobs that he has allegedly
applied for, occupational titles range from store clerk to electrical engineer. He
has a higher likelihood obtaining a job in one of the fields that he has already
qualified for than a position for which he is not yet qualified.

Mr. Steshenko would be starting from a far less advantageous point in his
attempts to find employment as a registered nurse when compared to other
occupations or fields in which he has a demonstrated work history. Mr.
Steshenko would be competing against other job applicants with bachelor's

Daniela Stoutenburg
September 21, 2012
Page 3

degrees and master's degrees. With his associate's degree, he would be less
qualified than over half of California's nursing students 2010-2011. Further, the
Institute of Medicine, American Nurses Credentialing Center and others are
seeking to make sure 80% of registered nurses in hospitals have bachelor's
degrees or higher by 2020.

The $6,000 per month rate of pay that Mr. Steshenko claims as lost income is
without foundation according to the Katherine Kelly expert report. Additionally,
this expert report cites the Institute of Medicine indicating most acute care setting
jobs are given to students who graduate from a baccalaureate nursing degree
program.

Per the California Board of Registered Nursing, recent graduates of nursing
programs only found hospital employment 54.4% of the time 2010-2011. This
includes all three degree types (ADN, BSN, ELM) and would likely be far lower if
it only measured ADN graduates. The rest of the graduates had found
employment in long-term care facilities, community/public health facilities, other,
or were unable to find employment (after an approximately 5 month job search
period). In fact, 21.8% of the recent graduates were unable to find any
employment as nurse at all. Interestingly, only 68% were able to find work in
California, the rest of the employed nurses were forced travel out-of-state.

Assuming, arguendo, that Mr. Steshenko did achieve an ADN level of
education, with no prior employment experience in the nursing field, he would
likely have had the best chance of finding nursing employment with a skilled
nursing facility. According to Ms. Kelly's expert report, these jobs pay on average
less than hospital setting jobs. Additionally, entry level nurses earn even less.
However, as indicated above, and reinforced by Ms. Kelly's report, given Mr.
Steshenko's past performance in searching for and obtaining employment, it
would be speculative to say that he would ever find employment as a nurse, even
in a skilled nursing facility.

Evaluation of Mitigation Earning Capacity:

Mr. Steshenko has not provided information to indicate that he has applied to
other nursing programs. To the extent that he has not applied to other nursing
programs, he has not made reasonable attempts to mitigate claimed losses.

Moreover, Mr. Steshenko can mitigate in other lines of employment. Mr.
Steshenko has work experience as an electrical engineer. His most lucrative
mitigation option would be to redouble his efforts to find employment in the
electronics or engineering field. Continuing education, vocational counseling, and
a focused job search would all potentially increase his chances of re-
employment. In fact, this would have been Mr. Steshenko's best path to follow
even absent the subject incident, due to the potentially higher earnings for an
electrical engineer in comparison to a registered nurse with an ADN.

Daniela Stoutenburg
September 21, 2012
Page 4

Based on the information provided, however, Mr. Steshenko has not continued to
pursue his nursing degree, or use his electrical engineering education and work
experience. Emails provided indicate that Mr. Steshenko has obtained a second
bachelor's degree, a bachelor's in biochemistry and molecular biology in the
summer of 2010 from the University of California at Santa Cruz. In 2010 and
2011, Mr. Steshenko was pursuing acceptance in pharmacy schools and Ph.D.
programs in a variety of disciplines. Such further education is not consistent with
reasonable attempts to mitigate his losses as a nurse with an associate's degree.

Lastly, Mr. Steshenko has not provided any up-to-date information on his current
employment status. If one were to assume that Mr. Steshenko would have
finished the training program and find work as a nurse, then one should also
assume that given his duty to mitigate his losses, he could have expected to
have found some kind of re-employment since his expulsion from the program. In
October of 2009, the median expected duration of unemployment for men in
professional and related occupations was 4.7 months according to the Bureau of
Labor Statistics. Challenger, Gray and Christmas, an outplacement firm,
indicates the median job search time in the fourth quarter of 2009 was
3.5 months.

Conclusion

Any calculation of economic loss to Mr. Steshenko would be speculative based
on information provided. There is no way of knowing that Mr. Steshenko would
have completed his degree, passed the licensing test, and found employment as
a nurse. Prior to joining the nursing program, he had been unemployed for years
even though he was academically qualified and had work experience in the
engineering field, a field with a healthy labor market. Even if Mr. Steshenko found
work as a nurse, it would likely be at the level of a skilled nursing facility. This
earnings rate would be no higher than his current earning capacity.

Please note that this report is preliminary. As additional information becomes
available through discovery or offered at the time of trial, I may augment or
change my opinions. Additionally, please note that at this juncture, I have not
received any economic loss analysis prepared on behalf of Mr. Steshenko. As
such, I cannot comment upon such analysis at this point in time.

I have attached my CV, rate sheet and a list of testimonies in the past four years.
If you have any questions, please do not hesitate to call me.

Sincerely,

Mark Cohen
Chief Economist

Attachments

COHEN | VOLK
ECONOMIC CONSULTING GROUP

3650 MT. DIABLO BLVD. SUITE 104
LAFAYETTE CA 94549
T 925.299.1200
F 925.299.1490
WWW.COHENVOLK.COM

## MARK COHEN

## CURRICULUM VITAE

## FINANCIAL, STATISTICAL & REHABILITATION ECONOMIST

COHEN VOLK ECONOMIC CONSULTING GROUP, Lafayette, CA, 1995 to Present.
Principal, Chief Economist. Valuation of businesses and economic losses in
business, personal injury, wrongful death, labor and marital litigation. Preparation of
statistical analyses, vocational, labor and job market consultation and studies.
Development and placement of structured settlement alternatives.

BAY AREA PSYCHOTHERAPY TRAINING INSTITUTE, Lafayette, CA, 1994 to 2001.
Member, Board of Directors. Consultation in the business development and
management of this non-profit training institute.

THE UDINSKY GROUP, Berkeley, CA, 1984 to 1995.
Vice President. Valuation of businesses and economic losses in business, personal
injury, wrongful death, labor and marital litigation. Preparation of statistical analyses,
labor and job market consultation and studies. Development and placement of
structured settlement alternatives.

## TEACHING EXPERIENCE

DOMINICAN UNIVERSITY, San Rafael, CA, 1992 to 1998.
Adjunct Professor of Graduate Level International Finance, Monetary Systems and
Investments, M.B.A. Program; Undergraduate Level International Finance and
Investments, Business School Program.

EUROPEAN BUSINESS SCHOOL, Brussels, Belgium, 1991.
Adjunct Professor of Undergraduate Level Money and Banking, Statistics, and
Management.

## EDUCATION

UNIVERSITY OF CALIFORNIA AT BERKELEY. Bachelors of Science, Business
Administration, 1982. Emphasis in Finance.

BOSTON UNIVERSITY. Masters of Science, Management, 1991. Emphasis in
International Finance. Graduated first in class.

## EDUCATION CONTINUED

ST. MARY'S COLLEGE.  Masters of Arts, Counseling, 1998.  Emphasis in Vocational
Rehabilitation and Career Counseling.

LINDENWOOD COLLEGE:  (1) Principles of Business Valuation, (2) Business Valuation
Theory and Methodology, (3) Business Valuation: Selected Advanced Topics.


## PUBLICATIONS AND INVITED PRESENTATIONS

"Economic Issues For Vocational Experts To Consider in Vocational Analysis,"
presented to the California Association of Rehabilitation and Re-Employment
Professionals, Oakland, November 2002.

"Estimating Economic Loss To Injured Self Employed Workers," presented to the
American Rehabilitation Economics Associations (AREA), Reno, May 1998.

"Methodologies to Improve Economic and Vocational Analysis in Personal Injury
Litigation," with Thomas Yankowski, M.S., C.V.E., Litigation Economics Digest, National
Association of Forensic Economics, Missouri.  Volume II, Issue No. 2, Summer 1997.
Also published in Vocational Evaluation and Work Adjustment Journal, The Professional
Journal of The Vocational Evaluation and Work Adjustment Association, Volume 31, No.
¾, Fall/Winter 1998.

"Vocational Evaluation and Economic Analysis In Personal Injury and Wrongful
Termination Cases," with Thomas Yankowski, M.S., C.V.E., presented to the National
Association of Rehabilitation Professional in the Private Sector, San Francisco, April
1995.

"The Economics of Employment Discharge and Your Case," with Jerald H. Udinsky,
Ph.D., A.S.A., The Lawyer's Brief, Business Laws, Inc., Ohio. . Volume 20, Issue No. 5,
March 15, 1990.

"Estimation of Future Medical and Rehabilitation Care Costs: Issues and Questions for
The Attention of Rehabilitation Professionals," presented to the Registered Nurses
Professionals Association, Santa Clara Valley Medical Center, January 1990.


## LICENSES, CERTIFICATIONS AND ASSOCIATIONS

Certified Earnings Analyst, American Rehabilitation Economics Association.
American Society of Appraisers, Business Valuation.
California State Licensed Life Insurance Agent.
American Economics Association.
Western Economic Association.
National Association of Forensic Economics.

COHEN | VOLK
ECONOMIC CONSULTING GROUP

3650 MT. DIABLO BLVD., SUITE 104
LAFAYETTE. CALIFORNIA 94549
TELEPHONE 925.299.1200
FACSIMILE  925.299.1490

## Rate Schedule

Effective 1/1/12

$320 per hour for review, consultation, analysis and travel

$590 per hour, one hour minimum, for deposition and trial testimony

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2007 | Seitz v. New Holland | Deposition testimony. |
| 2007 | Kuchta v. Neopost, Inc. | Deposition testimony. |
| 2007 | James v. Phillips Services Corp. | Deposition testimony. |
| 2007 | Singh v. Winchell's Donut Houses | Trial testimony. |
| 2007 | O'Neill v. City of Palo Alto | Deposition testimony. |
| 2007 | Piper v. Peralta Community College Dist. | Trial testimony. |
| 2007 | Merritt v. Modesto Disposal Service | Deposition testimony. |
| 2007 | Tripodi v. Rider | Deposition testimony. |
| 2007 | Housley v. CCSF and CHP | Deposition testimony. |
| 2007 | Pilare v. Matson | Deposition testimony. |
| 2007 | Pilare v. Matson | Trial testimony. |
| 2007 | West v. Kmart | Deposition testimony. |
| 2007 | Zottoli v. Erasmus | Deposition testimony. |
| 2007 | Nakamori v. DMC San Pablo | Deposition testimony. |
| 2007 | Ivance v. Asbestos Defendants | Trial testimony. |
| 2007 | Kuchta v. Neopost, Inc. | Trial testimony. |
| 2007 | Franklin v. Alameda County Sheriff's Dept. | Deposition testimony. |
| 2007 | Little v. RMC | Deposition testimony. |
| 2007 | Bloom v. Kaiser | Deposition testimony. |
| 2007 | Caro v. Enviro-Commercial Sweeping | Deposition testimony. |
| 2007 | Barajas v. Ramos | Deposition testimony. |
| 2007 | Loustalot v. Regents | Deposition testimony. |
| 2007 | Lopez v. Bimbo Bakeries | Deposition testimony. |
| 2007 | Lopez v. Bimbo Bakeries | Trial testimony. |
| 2007 | Silong v. USA | Deposition testimony. |
| 2007 | Bauto v. Best Collateral | Deposition testimony. |
| 2007 | Bauto v. Best Collateral | Trial testimony. |
| 2007 | Watkins v. Davis | Deposition testimony. |
| 2007 | Watkins v. Davis | Trial testimony. |
| 2007 | Erickson v. Torres | Deposition testimony. |
| 2007 | Erickson v. Torres | Trial testimony. |
| 2007 | Freed v. USA | Deposition testimony. |
| 2007 | Day v. Mt. Diablo Hospital | Deposition testimony. |
| 2007 | Day v. Mt. Diablo Hospital | Trial testimony. |
| 2007 | USA v. Union Pacific | Deposition testimony. |
| 2007 | Smith, Joe Alan v. Spears | Deposition testimony. |
| 2007 | Smith, Joe Alan v. Spears | Trial testimony. |
| 2007 | Hoang v. UWMC | Deposition testimony. |
| 2007 | Hoang v. UWMC | Trial testimony. |
| 2007 | Chang & Chen v. Charles Schwab | Deposition testimony. |
| 2007 | Khosravi v. Ball | Deposition testimony. |
| 2007 | Khosravi v. Ball | Trial testimony. |
| 2007 | Beals-Martin v. Connell's Glass | Deposition testimony. |
| 2007 | Shilaimon v. Ray | Deposition testimony. |
| 2007 | Price, Colleen v. Cordova | Deposition testimony. |
| 2007 | Moore v. Avon | Deposition testimony. |
| 2007 | Bartlett v. Reiger | Deposition testimony. |
| 2007 | Bartlett v. Reiger | Trial testimony. |
| 2007 | Salvador v. Aero Speed Mail | Deposition testimony. |
| 2007 | Dougherty v. Sears | Deposition testimony. |

# MARK COHEN
### LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2007 | Wing v. Horizon Lines | Deposition testimony. |
| 2007 | Huong Que v. Pro Enterprise | Deposition testimony. |
| 2007 | Thomas, Audrey v. San Leandro Hospital | Deposition testimony. |
| 2008 | Cole v. Joe's Trucking | Deposition testimony. |
| 2008 | Ewing v. USA | Deposition testimony. |
| 2008 | Williams, Billy v. Kaiser | Deposition testimony. |
| 2008 | Williams; Billy v. Kaiser | Arbitration testimony. |
| 2008 | Moss v. LOTA USA | Deposition testimony. |
| 2008 | Moss v. LOTA USA | Arbitration testimony. |
| 2008 | Abdelrahim v. Guardsmark | Trial testimony. |
| 2008 | Starr v. Rados, Inc. | Deposition testimony. |
| 2008 | Bavaro v. Curtis | Deposition testimony. |
| 2008 | Dalman v. Kaiser | Deposition testimony. |
| 2008 | Melchor v. Kaiser | Deposition testimony. |
| 2008 | Melchor v. Kaiser | Arbitration testimony. |
| 2008 | Day v. Mt. Diablo Hospital | Deposition testimony. |
| 2008 | Barnett v. Balciunas | Deposition testimony. |
| 2008 | Iten v. Guardsmark | Trial testimony. |
| 2008 | Perez v. Walmart | Deposition testimony. |
| 2008 | Dahl v. Jennaro | Deposition testimony. |
| 2008 | Lawlor v. Olsen | Trial testimony. |
| 2008 | Bush v. Allianz Life Insurance Co. | Deposition testimony. |
| 2008 | Cano v. Barcelo Enterprises | Deposition testimony. |
| 2008 | Gentry v. State Farm | Deposition testimony. |
| 2008 | Gentry v. State Farm | Arbitration testimony. |
| 2008 | Evans v. Benicia Housing Authority | Deposition testimony. |
| 2008 | Ewing v. USA | Trial testimony. |
| 2008 | Hernandez v. USA | Deposition testimony. |
| 2008 | Altamini v. Kaiser | Deposition testimony. |
| 2008 | Altamini v. Kaiser | Arbitration testimony. |
| 2008 | Dept. of Fair Employment v. Standards of Excellence | Deposition testimony. |
| 2009 | Perez v. Walmart | Trial testimony. |
| 2009 | Bolo v. Cisco Systems | Deposition testimony. |
| 2009 | Bolo v. Cisco Systems | Arbitration testimony. |
| 2009 | Kiser v. Ralph Lauren | Deposition testimony. |
| 2009 | Gove v. Kaiser | Deposition testimony. |
| 2009 | Dept. of Fair Employment v. Standards of Excellence | Trial testimony. |
| 2009 | Walton v. Amoroso | Deposition testimony. |
| 2009 | Sutton v. Krones | Deposition testimony. |
| 2009 | Roth v. Division I All Services | Deposition testimony. |
| 2009 | Ureta v. ABS-CBN International | Trial testimony. |
| 2009 | Lawrence v. Hartnell College | Deposition testimony. |
| 2009 | Gutherie v. City of Mill Valley | Trial testimony. |
| 2009 | Miller v. State of California | Trial testimony. |
| 2009 | Stanley v. Kaiser | Deposition testimony. |
| 2009 | Stanley v. Kaiser | Arbitration testimony. |
| 2008 | Nikolayew v. R House | Deposition testimony. |
| 2009 | Sacramento Hotel Partners v. Swinterton, et al. | Deposition testimony. |
| 2009 | Kaznowski v. Biesen-Bradley | Deposition testimony. |
| 2009 | Ehlert v. Stutsman & Ken Fowler Motors | Deposition testimony. |
| 2009 | McElroy v. Lane | Deposition testimony. |

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2009 | Dobson v. Garcia | Deposition testimony. |
| 2009 | Grunwald v. Kaiser | Deposition testimony. |
| 2009 | Picchi v. West Star | Deposition testimony. |
| 2009 | Pappas v. ABC School District | Deposition testimony. |
| 2009 | Ballesteros v. United Road Service | Trial testimony. |
| 2009 | DeAnza Interiors v. Hsu | Deposition testimony. |
| 2010 | DeAnza Interiors v. Hsu | Deposition testimony. |
| 2010 | Howard v. Washington Township | Trial testimony. |
| 2010 | Kleinberg v. Corte Madera | Deposition testimony. |
| 2010 | Moran v. Quest Communications | Trial testimony. |
| 2010 | Masters v. Roberts | Deposition testimony. |
| 2010 | Masters v. Roberts | Trial testimony. |
| 2010 | Nikolayew v. R House | Trial testimony. |
| 2010 | Tilley v. Muir Orthopedics | Deposition testimony. |
| 2010 | Tilley v. Muir Orthopedics | Trial testimony. |
| 2010 | Mendez v. Mercy Hospital | Deposition testimony. |
| 2010 | Kierans v. Acupuncture & Integrative Medical | Deposition testimony. |
| 2010 | Oswalt v. Salinas Valley Memorial | Deposition testimony. |
| 2010 | Fox v. Good Samaritan Hospitals | Deposition testimony. |
| 2010 | Mendez v. Mercy Hospital | Deposition testimony. |
| 2010 | Masters v. Roberts | Trial testimony. |
| 2010 | Lui v. CCSF | Deposition testimony. |
| 2010 | Wences v. Congress, M.D. | Deposition testimony. |
| 2010 | O'Neal v. Baclow Auto Repair | Trial testimony. |
| 2010 | Aguilar v. CTB-McGraw Hill | Trial testimony. |
| 2010 | O'Connell v. UC Regents | Deposition testimony. |
| 2010 | Pierre v. Cox | Deposition testimony. |
| 2010 | Adge v. Sutter Memorial | Deposition testimony. |
| 2010 | Klaas v. Valley Care Health Systems | Deposition testimony. |
| 2010 | Hernandez v. CCC | Deposition testimony. |
| 2010 | Kim v. Interdent | Deposition testimony. |
| 2010 | Klaas v. Valley Care Health Systems | Trial testimony. |
| 2010 | Shen v. City of San Ramon | Deposition testimony. |
| 2010 | Pierre v. Cox | Trial testimony. |
| 2010 | Ballesteros v. United Road Service | Deposition testimony. |
| 2010 | Harper v. Adesa | Deposition testimony. |
| 2010 | Albert v. Denny Plumbing Company | Deposition testimony. |
| 2010 | Flair v. Adaptec | Deposition testimony. |
| 2010 | Ballesteros v. United Road Service | Trial testimony. |
| 2010 | Aranda v. Centex Homes | Trial testimony. |
| 2010 | Hernandez v. CCC | Trial testimony. |
| 2010 | Impey v. Office Depot | Deposition testimony. |
| 2010 | Dawe v. Corrections USA | Trial testimony. |
| 2010 | Winter v. Jervis | Deposition testimony. |
| 2010 | Lui v. CCSF | Trial testimony. |
| 2010 | Holt v. Doctors Medical Center | Deposition testimony. |
| 2010 | Gilmore-Green v. Kaiser | Deposition testimony. |
| 2010 | Loustalot v. Regents | Trial testimony. |
| 2010 | Taylor v. Rupley | Deposition testimony. |
| 2010 | Adams v. Safway | Deposition testimony. |
| 2010 | Pederson v. Fox Investment | Deposition testimony. |

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|---|---|---|
| 2010 | Beauperthuy v. 24 Hour Fitness | Deposition testimony. |
| 2011 | Jacobs v. Medical Anesthesia Consultants | Arbitration testimony. |
| 2011 | Flair v. Adaptec | Trial testimony. |
| 2011 | Avakoff v. County of Santa Clara | Deposition testimony. |
| 2011 | Vanderheiden v. City of Alameda | Deposition testimony. |
| 2011 | McFadden v. Kaiser | Arbitration testimony. |
| 2011 | Thompson v. UC Regents | Arbitration testimony. |
| 2011 | Alvarez v. John Hopkins | Deposition testimony. |
| 2011 | Vanderheiden v. City of Alameda | Trial testimony. |
| 2011 | Hutson v. Raffle & Bar-K | Deposition testimony. |
| 2011 | Hutson v. Raffle & Bar-K | Trial testimony. |
| 2011 | Winter v. Jervis | Trial testimony. |
| 2011 | Lopez v. United Road Service | Trial testimony. |
| 2011 | Weiss v. Oroville Hospital | Deposition testimony. |
| 2011 | Neves v. Rounds Logging | Deposition testimony. |
| 2011 | Patino v. CHW | Deposition testimony. |
| 2011 | Khan v. Kaiser | Arbitration testimony. |
| 2011 | Clark v. Palo Alto Foundation | Deposition testimony. |
| 2011 | Savage v. State of California | Deposition testimony. |
| 2011 | Savage v. State of California | Trial testimony. |
| 2011 | Abdell All v. Stanford | Trial testimony. |
| 2011 | Lewis v. City of Benicia | Deposition testimony. |
| 2011 | Lewis v. City of Benicia | Trial testimony. |
| 2011 | Corbo v. Vascor | Deposition testimony. |
| 2011 | Corbo v. Vascor | Trial testimony. |
| 2011 | Nichols v. AC Transit | Deposition testimony. |
| 2011 | Impey v. Office Depot | Trial testimony. |
| 2011 | McElroy v. Lane | Trial testimony. |
| 2011 | Benson v. Newton | Deposition testimony. |
| 2011 | Uffer v. County of San Bernardino | Deposition testimony. |
| 2011 | Cole v. Joe's Trucking | Trial testimony. |
| 2011 | Stewart v. Kusumoto | Deposition testimony. |
| 2011 | Stewart v. Kusumoto | Trial testimony. |
| 2011 | Specialized Bicylces v. Volagi | Deposition testimony. |
| 2012 | Specialized Bicylces v. Volagi | Trial testimony. |
| 2012 | Hall v. Rugg | Deposition testimony. |
| 2012 | Duenas v. AC Transit | Deposition testimony. |
| 2012 | Brandt v. Freimuth | Deposition testimony. |
| 2012 | Reyes v. Lions Raisins | Deposition testimony. |
| 2012 | Reyes v. Lions Raisins | Trial testimony. |
| 2012 | Savemart v. Valley Pallet, et al. | Deposition testimony. |
| 2012 | Booker v. City of Richmond | Trial testimony. |
| 2012 | 7 Dawn LLC v. Groundwell Construction | Deposition testimony. |
| 2012 | Ike v. Ford Motor Company, et al. | Deposition testimony. |
| 2012 | Ross v. Redd | Deposition testimony. |
| 2012 | Ross v. Redd | Trial testimony. |
| 2012 | Myers v. Topflight | Trial testimony. |

# COHEN | VOLK

ECONOMIC CONSULTING GROUP

1155 ALPINE ROAD
WALNUT CREEK, CA 94596
T 925.299.1200
F 925.482.0824
WWW.COHENVOLK.COM

August 25, 2014

Mr. Eric K. Shiu
Lynch and Shupe, LLP
700 Airport Blvd., Suite 410
Burlingame, CA 94010

Re: **Gregory Steshenko v. McKay, Cabrillo College District, et al.**

Dear Mr. Shiu:

This report supplements my September 21, 2012 report.  Since that time, I have received the following documents:

1.  Plaintiff's September 22, 2012 email regarding his computation of damages;
2.  Plaintiff's December 21, 2012 email attaching his resume template;
3.  Plaintiff's December 4, 2012 deposition transcript;
4.  Bates Stamped documents 003215-003419;
5.  Dorothy Nunn July 21, 2014 deposition transcript;
6.  Terrence Willett July 30, 2014 deposition transcript;
7.  Sandra Luz Castillo Alward report September 21, 2012;
8.  Sandra Luz Castillo Alward report August 21, 2014;

In forming my opinions for this supplemental report, I have also relied upon data provided by the Bureau of Labor Statistics and Wanted Analytics.

Comment on Plaintiff's computation of damages submitted September 22, 2012:

Mr. Steshenko provided an email indicating special damages to be computed at $60 per hour for a hospital nurse.  No documentation has been provided indicating that he would be employable as a hospital nurse.

The email indicates that his former classmates earn $60 per hour as nurses.  Mr. Steshenko has not provided the basis to suggest that his former classmates earn $60 per hour.

The email indicates that Mr. Steshenko would have worked as a nurse 40 hours per week, 52 weeks per year for 30 years.  Mr. Steshenko was 48 years old on October 25, 2009.  He would have been 78 years old or more had he worked for 30 years as

Eric K. Shiu
August 25, 2014
Page 2

a nurse. No foundation has been provided for the assumption that Mr. Steshenko
would have worked as a nurse to age 78. Occupational Tenure statistics from the
Bureau of Labor Statistics as well as published worklife expectancies based on
statistics from the Bureau of Labor Statistics indicate that Mr. Steshenko's
assumption of work as a nurse to age 78 is speculative.

Mr. Steshenko's email calculation does not include a calculation of mitigation
earnings. As such, his computation of loss is not complete, and as such, is an
overestimate of loss.

The email calculation adds in losses based on increased taxes. The calculation
provides no basis for the assumption that there is a tax differential or the basis for
such a differential. As such, this calculation is completely speculative. Even if a
basis was provided, the attempt at such a calculation in unreliable because he over-
estimates annual losses, lifetime losses, and does not include a mitigation earning
rate when making the calculation.

The calculations inflate lost earnings based on a 4.5% interest calculation applied to
the entire 30 year loss calculation. This calculation is without foundation. In fact,
future losses, if any, should be calculated at present cash value. The calculations
provided are not discounted to present cash value.

Lastly, Mr. Steshenko requests punitive damages at two times the special damage
amount. He has not provided any information as to the basis for punitive damages
in his report, nor has he provided information from which a punitive damage
calculation can be calculated.


Evaluation of Lost Income:

In addition to my comments in my initial report, the $6,000 per month rate of pay, or
the $125,280 per year rate of pay that Mr. Steshenko claims as lost income is
without foundation according to the 2014 Sandra Luz Castillo Alward expert report.


Evaluation of Mitigation Earning Capacity:

No additional information regarding mitigation job search or earnings has been
produced by Mr. Steshenko since my initial report. Since that time, however, I have
obtained a resume template of Mr. Steshenko. The resume indicates that in July
2010, Mr. Steshenko received a Bachelor of Science in Biochemistry and Molecular
Biology from the University of California at Santa Cruz. Participation in such a
program indicates that Mr. Steshenko has changed his educational focus.
Participation in such a program also indicates that Mr. Steshenko has not focused on
mitigating his alleged lost earnings. If Mr. Steshenko were to focus on mitigating his
alleged loss of earnings, he would have focused on obtaining a job as an engineer.
Even if finders of fact determine that continuing his education would have been
appropriate, he could have been expected to enter a nursing or engineering

Eric K. Shiu
August 25, 2014
Page 3

program. These programs would have used his prior experience and transferable skills, and enhanced his abilities to mitigate his alleged lost earnings.

Since my initial report, I have also obtained a report from Wanted Analytics. This report provides job posting information from employment websites like monster.com, Dice, Yahoo! Hot Jobs and others. Between October 1, 2009 and December 31, 2010 there were over 15,000 job postings in the relevant geographical region for electrical/electronic engineer, computer hardware engineer, research scientist and medical and clinical laboratory technician positions were documented. These job postings suggest that the job market for Mr. Steshenko to mitigate his alleged lost earnings was healthy.


Conclusion

Any calculation of economic loss to Mr. Steshenko would be speculative based on information provided. There is no way of knowing that Mr. Steshenko would have completed his degree, passed the licensing test, and found employment as a nurse. Prior to joining the nursing program, he had been unemployed for years even though he was academically qualified and had work experience in the engineering field, a field with a healthy labor market. Further, he elected to pursue courses of study from 2007 to 2010 at UC Santa Cruz in Biochemistry and Molecular Biology. While he has obtained a bachelor's degree in this course of study in July 2010, he has not obtained a job in this field based on the information provided to date.

Even if Mr. Steshenko completed the Cabrillo College nursing program and found work as a nurse, it would not likely be at a hospital. His earnings rate as a nurse would be no higher than his mitigation earning capacity with his engineering experience and biochemistry degree.

Please note that this report is preliminary. As additional information becomes available through discovery or is offered at the time of trial, I may augment or change my opinions.

I have attached my CV, rate sheet and a list of testimonies in the past four years. If you have any questions, please do not hesitate to call me.


Sincerely,

Mark Cohen
Chief Economist


Attachments

COHEN | VOLK

ECONOMIC CONSULTING GROUP

1155 ALPINE ROAD
WALNUT CREEK, CA 94596
T 925.299.1200
F 925.482.0824
WWW.COHENVOLK.COM

## MARK COHEN

## CURRICULUM VITAE

### FINANCIAL, STATISTICAL & REHABILITATION ECONOMIST

COHEN VOLK ECONOMIC CONSULTING GROUP, Walnut Creek, CA, 1995
to Present.
Principal, Chief Economist. Valuation of businesses and economic losses in
business, personal injury, wrongful death, labor and marital litigation. Preparation of
statistical analyses, vocational, labor and job market consultation and studies.
Development and placement of structured settlement alternatives.

BAY AREA PSYCHOTHERAPY TRAINING INSTITUTE, Lafayette, CA, 1994 to 2001.
Member, Board of Directors. Consultation in the business development and
management of this non-profit training institute.

THE UDINSKY GROUP, Berkeley, CA, 1984 to 1995.
Vice President. Valuation of businesses and economic losses in business, personal
injury, wrongful death, labor and marital litigation. Preparation of statistical analyses,
labor and job market consultation and studies. Development and placement of
structured settlement alternatives.

### TEACHING EXPERIENCE

DOMINICAN UNIVERSITY, San Rafael, CA, 1992 to 1998.
Adjunct Professor of Graduate Level International Finance, Monetary Systems and
Investments, M.B.A. Program; Undergraduate Level International Finance and
Investments, Business School Program.

EUROPEAN BUSINESS SCHOOL, Brussels, Belgium, 1991.
Adjunct Professor of Undergraduate Level Money and Banking, Statistics, and
Management.

### EDUCATION

UNIVERSITY OF CALIFORNIA AT BERKELEY. Bachelors of Science, Business
Administration, 1982. Emphasis in Finance.

BOSTON UNIVERSITY. Masters of Science, Management, 1991. Emphasis in
International Finance. Graduated first in class.

## EDUCATION CONTINUED

ST. MARY'S COLLEGE.  Masters of Arts, Counseling, 1998.  Emphasis in Vocational Rehabilitation and Career Counseling.

LINDENWOOD COLLEGE:  (1) Principles of Business Valuation, (2) Business Valuation Theory and Methodology, (3) Business Valuation: Selected Advanced Topics.

## PUBLICATIONS AND INVITED PRESENTATIONS

"Income and Net Worth Analysis for Punitive Damages Testimony," presented to the American Rehabilitation Economics Association Reno, Nevada, June 2014.

"Economic Issues For Vocational Experts To Consider in Vocational Analysis," presented to the California Association of Rehabilitation and Re-Employment Professionals, Oakland, November 2002.

"Estimating Economic Loss To Injured Self Employed Workers," presented to the American Rehabilitation Economics Associations (AREA), Reno, May 1998.

"Methodologies to Improve Economic and Vocational Analysis in Personal Injury Litigation," with Thomas Yankowski, M.S., C.V.E., Litigation Economics Digest, National Association of Forensic Economics, Missouri. Volume II, Issue No. 2, Summer 1997. Also published in Vocational Evaluation and Work Adjustment Journal, The Professional Journal of The Vocational Evaluation and Work Adjustment Association, Volume 31, No. ¾, Fall/Winter 1998.

"Vocational Evaluation and Economic Analysis in Personal Injury and Wrongful Termination Cases," with Thomas Yankowski, M.S., C.V.E., presented to the National Association of Rehabilitation Professional in the Private Sector, San Francisco, April 1995.

"The Economics of Employment Discharge and Your Case," with Jerald H. Udinsky, Ph.D., A.S.A., The Lawyer's Brief, Business Laws, Inc., Ohio.  Volume 20, Issue No. 5, March 15, 1990.

"Estimation of Future Medical and Rehabilitation Care Costs: Issues and Questions for The Attention of Rehabilitation Professionals," presented to the Registered Nurses Professionals Association, Santa Clara Valley Medical Center, January 1990.

## LICENSES, CERTIFICATIONS AND ASSOCIATIONS

Certified Earnings Analyst, American Rehabilitation Economics Association.
American Society of Appraisers, Business Valuation.
California State Licensed Life Insurance Agent.
American Economics Association.
Western Economic Association.
National Association of Forensic Economics.

COHEN | VOLK

ECONOMIC CONSULTING GROUP

1155 ALPINE ROAD
WALNUT CREEK, CA 94596
T 925.299.1200
F 925.482.0824
WWW.COHENVOLK.COM

## RATE SCHEDULE

## Effective 1/1/14

$345 per hour for review, consultation, analysis and travel

$610 per hour, one-hour minimum, for deposition and trial testimony

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2007 | Seitz v. New Holland | Deposition testimony. |
| 2007 | Kuchta v. Neopost, Inc. | Deposition testimony. |
| 2007 | James v. Phillips Services Corp. | Deposition testimony. |
| 2007 | Singh v. Winchell's Donut Houses | Trial testimony. |
| 2007 | O'Neill v. City of Palo Alto | Deposition testimony. |
| 2007 | Piper v. Peralta Community College Dist. | Trial testimony. |
| 2007 | Merritt v. Modesto Disposal Service | Deposition testimony. |
| 2007 | Tripodi v. Rider | Deposition testimony. |
| 2007 | Housley v. CCSF and CHP | Deposition testimony. |
| 2007 | Pilare v. Matson | Deposition testimony. |
| 2007 | Pilare v. Matson | Trial testimony. |
| 2007 | West v. Kmart | Deposition testimony. |
| 2007 | Zottoli v. Erasmus | Deposition testimony. |
| 2007 | Nakamori v. DMC San Pablo | Deposition testimony. |
| 2007 | Ivance v. Asbestos Defendants | Trial testimony. |
| 2007 | Kuchta v. Neopost, Inc. | Trial testimony. |
| 2007 | Franklin v. Alameda County Sheriff's Dept. | Deposition testimony. |
| 2007 | Little v. RMC | Deposition testimony. |
| 2007 | Bloom v. Kaiser | Deposition testimony. |
| 2007 | Caro v. Enviro-Commercial Sweeping | Deposition testimony. |
| 2007 | Barajas v. Ramos | Deposition testimony. |
| 2007 | Loustalot v. Regents | Deposition testimony. |
| 2007 | Lopez v. Bimbo Bakeries | Deposition testimony. |
| 2007 | Lopez v. Bimbo Bakeries | Trial testimony. |
| 2007 | Silong v. USA | Deposition testimony. |
| 2007 | Bauto v. Best Collateral | Deposition testimony. |
| 2007 | Bauto v. Best Collateral | Trial testimony. |
| 2007 | Watkins v. Davis | Deposition testimony. |
| 2007 | Watkins v. Davis | Trial testimony. |
| 2007 | Erickson v. Torres | Deposition testimony. |
| 2007 | Erickson v. Torres | Trial testimony. |
| 2007 | Freed v. USA | Deposition testimony. |
| 2007 | Day v. Mt. Diablo Hospital | Deposition testimony. |
| 2007 | Day v. Mt. Diablo Hospital | Trial testimony. |
| 2007 | USA v. Union Pacific | Deposition testimony. |
| 2007 | Smith, Joe Alan v. Spears | Deposition testimony. |
| 2007 | Smith, Joe Alan v. Spears | Trial testimony. |
| 2007 | Hoang v. UWMC | Deposition testimony. |
| 2007 | Hoang v. UWMC | Trial testimony. |
| 2007 | Chang & Chen v. Charles Schwab | Deposition testimony. |
| 2007 | Khosravi v. Ball | Deposition testimony. |
| 2007 | Khosravi v. Ball | Trial testimony. |
| 2007 | Beals-Martin v. Connell's Glass | Deposition testimony. |
| 2007 | Shilaimon v. Ray | Deposition testimony. |
| 2007 | Price, Colleen v. Cordova | Deposition testimony. |
| 2007 | Moore v. Avon | Deposition testimony. |
| 2007 | Bartlett v. Reiger | Deposition testimony. |
| 2007 | Bartlett v. Reiger | Trial testimony. |
| 2007 | Salvador v. Aero Speed Mail | Deposition testimony. |
| 2007 | Dougherty v. Sears | Deposition testimony. |

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2007 | Wing v. Horizon Lines | Deposition testimony. |
| 2007 | Huong Que v. Pro Enterprise | Deposition testimony. |
| 2007 | Thomas, Audrey v. San Leandro Hospital | Deposition testimony. |
| 2008 | Cole v. Joe's Trucking | Deposition testimony. |
| 2008 | Ewing v. USA | Deposition testimony. |
| 2008 | Williams, Billy v. Kaiser | Deposition testimony. |
| 2008 | Williams, Billy v. Kaiser | Arbitration testimony. |
| 2008 | Moss v. LOTA USA | Deposition testimony. |
| 2008 | Moss v. LOTA USA | Arbitration testimony. |
| 2008 | Abdelrahim v. Guardsmark | Trial testimony. |
| 2008 | Starr v. Rados, Inc. | Deposition testimony. |
| 2008 | Bavaro v. Curtis | Deposition testimony. |
| 2008 | Dalman v. Kaiser | Deposition testimony. |
| 2008 | Melchor v. Kaiser | Deposition testimony. |
| 2008 | Melchor v. Kaiser | Arbitration testimony. |
| 2008 | Day v. Mt. Diablo Hospital | Deposition testimony. |
| 2008 | Barnett v. Balciunas | Deposition testimony. |
| 2008 | Iten v. Guardsmark | Trial testimony. |
| 2008 | Perez v. Walmart | Deposition testimony. |
| 2008 | Dahl v. Jennaro | Deposition testimony. |
| 2008 | Lawlor v. Olsen | Trial testimony. |
| 2008 | Bush v. Allianz Life Insurance Co. | Deposition testimony. |
| 2008 | Cano v. Barcelo Enterprises | Deposition testimony. |
| 2008 | Gentry v. State Farm | Deposition testimony. |
| 2008 | Gentry v. State Farm | Arbitration testimony. |
| 2008 | Evans v. Benicia Housing Authority | Deposition testimony. |
| 2008 | Ewing v. USA | Trial testimony. |
| 2008 | Hernandez v. USA | Deposition testimony. |
| 2008 | Altamini v. Kaiser | Deposition testimony. |
| 2008 | Altamini v. Kaiser | Arbitration testimony. |
| 2008 | Dept. of Fair Employment v. Standards of Excellence | Deposition testimony. |
| 2009 | Perez v. Walmart | Trial testimony. |
| 2009 | Bolo v. Cisco Systems | Deposition testimony. |
| 2009 | Bolo v. Cisco Systems | Arbitration testimony. |
| 2009 | Kiser v. Ralph Lauren | Deposition testimony. |
| 2009 | Gove v. Kaiser | Deposition testimony. |
| 2009 | Dept. of Fair Employment v. Standards of Excellence | Trial testimony. |
| 2009 | Walton v. Amoroso | Deposition testimony. |
| 2009 | Sutton v. Krones | Deposition testimony. |
| 2009 | Roth v. Division I All Services | Deposition testimony. |
| 2009 | Ureta v. ABS–CBN International | Trial testimony. |
| 2009 | Lawrence v. Hartnell College | Deposition testimony. |
| 2009 | Gutherie v. City of Mill Valley | Trial testimony. |
| 2009 | Miller v. State of California | Trial testimony. |
| 2009 | Stanley v. Kaiser | Deposition testimony. |
| 2009 | Stanley v. Kaiser | Arbitration testimony. |
| 2009 | Nikolayew v. R House | Deposition testimony. |
| 2009 | Sacramento Hotel Partners v. Swinterton, et al. | Deposition testimony. |
| 2009 | Kaznowski v. Biesen-Bradley | Deposition testimony. |
| 2009 | Ehlert v. Stutsman & Ken Fowler Motors | Deposition testimony. |

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2009 | McElroy v. Lane | Deposition testimony. |
| 2009 | Dobson v. Garcia | Deposition testimony. |
| 2009 | Grunwald v. Kaiser | Deposition testimony. |
| 2009 | Picchi v. West Star | Deposition testimony. |
| 2009 | Pappas v. ABC School District | Deposition testimony. |
| 2009 | Ballesteros v. United Road Service | Trial testimony. |
| 2009 | DeAnza Interiors v. Hsu | Deposition testimony. |
| 2010 | DeAnza Interiors v. Hsu | Deposition testimony. |
| 2010 | Howard v. Washington Township | Trial testimony. |
| 2010 | Kleinberg v. Corte Madera | Deposition testimony. |
| 2010 | Moran v. Quest Communications | Trial testimony. |
| 2010 | Masters v. Roberts | Deposition testimony. |
| 2010 | Masters v. Roberts | Trial testimony. |
| 2010 | Nikolayew v. R House | Trial testimony. |
| 2010 | Tilley v. Muir Orthopedics | Deposition testimony. |
| 2010 | Tilley v. Muir Orthopedics | Trial testimony. |
| 2010 | Mendez v. Mercy Hospital | Deposition testimony. |
| 2010 | Kierans v. Acupuncture & Integrative Medical | Deposition testimony. |
| 2010 | Oswalt v. Salinas Valley Memorial | Deposition testimony. |
| 2010 | Fox v. Good Samaritan Hospitals | Deposition testimony. |
| 2010 | Mendez v. Mercy Hospital | Deposition testimony. |
| 2010 | Masters v. Roberts | Trial testimony. |
| 2010 | Lui v. CCSF | Deposition testimony. |
| 2010 | Wences v. Congress, M.D. | Deposition testimony. |
| 2010 | O'Neal v. Baclow Auto Repair | Trial testimony. |
| 2010 | Aguilar v. CTB-McGraw Hill | Trial testimony. |
| 2010 | O'Connell v. UC Regents | Deposition testimony. |
| 2010 | Pierre v. Cox | Deposition testimony. |
| 2010 | Adge v. Sutter Memorial | Deposition testimony. |
| 2010 | Klaas v. Valley Care Health Systems | Deposition testimony. |
| 2010 | Hernandez v. CCC | Deposition testimony. |
| 2010 | Kim v. Interdent | Deposition testimony. |
| 2010 | Klaas v. Valley Care Health Systems | Trial testimony. |
| 2010 | Shen v. City of San Ramon | Deposition testimony. |
| 2010 | Pierre v. Cox | Trial testimony. |
| 2010 | Ballesteros v. United Road Service | Deposition testimony. |
| 2010 | Harper v. Adesa | Deposition testimony. |
| 2010 | Albert v. Denny Plumbing Company | Deposition testimony. |
| 2010 | Flair v. Adaptec | Deposition testimony. |
| 2010 | Ballesteros v. United Road Service | Trial testimony. |
| 2010 | Aranda v. Centex Homes | Trial testimony. |
| 2010 | Hernandez v. CCC | Trial testimony. |
| 2010 | Impey v. Office Depot | Deposition testimony. |
| 2010 | Dawe v. Corrections USA | Trial testimony. |
| 2010 | Winter v. Jervis | Deposition testimony. |
| 2010 | Lui v. CCSF | Trial testimony. |
| 2010 | Holt v. Doctors Medical Center | Deposition testimony. |
| 2010 | Gilmore-Green v. Kaiser | Deposition testimony. |
| 2010 | Loustalot v. Regents | Trial testimony. |
| 2010 | Taylor v. Rupley | Deposition testimony. |

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2010 | Adams v. Safway | Deposition testimony. |
| 2010 | Pederson v. Fox Investment | Deposition testimony. |
| 2010 | Beauperthuy v. 24 Hour Fitness | Deposition testimony. |
| 2011 | Jacobs v. Medical Anesthesia Consultants | Arbitration testimony. |
| 2011 | Flair v. Adaptec | Trial testimony. |
| 2011 | Avakoff v. County of Santa Clara | Deposition testimony. |
| 2011 | Vanderheiden v. City of Alameda | Deposition testimony. |
| 2011 | McFadden v. Kaiser | Arbitration testimony. |
| 2011 | Thompson v. UC Regents | Arbitration testimony. |
| 2011 | Alvarez v. John Hopkins | Deposition testimony. |
| 2011 | Vanderheiden v. City of Alameda | Trial testimony. |
| 2011 | Hutson v. Raffle & Bar-K | Deposition testimony. |
| 2011 | Hutson v. Raffle & Bar-K | Trial testimony. |
| 2011 | Winter v. Jervis | Trial testimony. |
| 2011 | Lopez v. United Road Service | Trial testimony. |
| 2011 | Weiss v. Oroville Hospital | Deposition testimony. |
| 2011 | Neves v. Rounds Logging | Deposition testimony. |
| 2011 | Patino v. CHW | Deposition testimony. |
| 2011 | Khan v. Kaiser | Arbitration testimony. |
| 2011 | Clark v. Palo Alto Foundation | Deposition testimony. |
| 2011 | Savage v. State of California | Deposition testimony. |
| 2011 | Savage v. State of California | Trial testimony. |
| 2011 | Abdell All v. Stanford | Trial testimony. |
| 2011 | Lewis v. City of Benicia | Deposition testimony. |
| 2011 | Lewis v. City of Benicia | Trial testimony. |
| 2011 | Corbo v. Vascor | Deposition testimony. |
| 2011 | Corbo v. Vascor | Trial testimony. |
| 2011 | Nichols v. AC Transit | Deposition testimony. |
| 2011 | Impey v. Office Depot | Trial testimony. |
| 2011 | McElroy v. Lane | Trial testimony. |
| 2011 | Benson v. Newton | Deposition testimony. |
| 2011 | Uffer v. County of San Bernardino | Deposition testimony. |
| 2011 | Cole v. Joe's Trucking | Trial testimony. |
| 2011 | Stewart v. Kusumoto | Deposition testimony. |
| 2011 | Stewart v. Kusumoto | Trial testimony. |
| 2011 | Specialized Bicylces v. Volagi | Deposition testimony. |
| 2012 | Specialized Bicylces v. Volagi | Trial testimony. |
| 2012 | Hall v. Rugg | Deposition testimony. |
| 2012 | Duenas v. AC Transit | Deposition testimony. |
| 2012 | Brandt v. Freimuth | Deposition testimony. |
| 2012 | Reyes v. Lions Raisins | Deposition testimony. |
| 2012 | Reyes v. Lions Raisins | Trial testimony. |
| 2012 | Savemart v. Valley Pallet, et al. | Deposition testimony. |
| 2012 | Booker v. City of Richmond | Trial testimony. |
| 2012 | 7 Dawn LLC v. Groundwell Construction | Deposition testimony. |
| 2012 | Dagnino v. Nurstech | Deposition testimony. |
| 2012 | Ike v. Ford Motor Company, et al. | Deposition testimony. |
| 2012 | Ross v. Redd | Deposition testimony. |
| 2012 | Ross v. Redd | Trial testimony. |
| 2012 | Myers v. Topflight | Trial testimony. |

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2012 | Kammerer v. Alimak | Deposition testimony. |
| 2012 | Kammerer v. Alimak | Trial testimony. |
| 2012 | Smith v. Rafael Lumber | Deposition testimony. |
| 2012 | Smith v. Rafael Lumber | Trial testimony. |
| 2012 | Chevalier v. Kaiser | Deposition testimony. |
| 2012 | Chevalier v. Kaiser | Trial testimony. |
| 2012 | Benson v. Newton | Trial testimony. |
| 2012 | King v. SAM, Inc. | Deposition testimony. |
| 2012 | Castillo v. Lodgeworks | Deposition testimony. |
| 2012 | Bookhamer v. Sunbeam | Deposition testimony. |
| 2012 | Colfer v. Segue Construction | Deposition testimony. |
| 2012 | Colfer v. Segue Construction | Trial testimony. |
| 2013 | Arkay v. Akal Development Co. | Deposition testimony. |
| 2013 | EK Pneuma v. Great China | Trial testimony. |
| 2013 | Towfighi v. Associated Constructors | Deposition testimony. |
| 2013 | Arkay v. Akal Development Co. | Trial testimony. |
| 2013 | Savemart v. Valley Pallet, et al. | Trial testimony. |
| 2013 | Jolly v. Larsen & Tourbo Infotech | Deposition testimony. |
| 2013 | Ehrlich v. Zlot, et al. | Deposition testimony. |
| 2013 | Cabrera v. Taylor Fresh Foods | Deposition testimony. |
| 2013 | Cabrera v. Taylor Fresh Foods | Trial testimony. |
| 2013 | Dereschuk v. Dereschuk | Deposition testimony. |
| 2013 | Dereschuk v. Dereschuk | Trial testimony. |
| 2013 | Singh v. Merlo, et al. | Deposition testimony. |
| 2013 | Kramer v. Dr. Pepper-Snapple | Trial testimony. |
| 2013 | Ehrlich v. Zlot, et al. | Trial testimony. |
| 2013 | Mathis v. J.S. Trucking, et al. | Deposition testimony. |
| 2013 | Adame v. Alcoa | Deposition testimony. |
| 2013 | Kidwell v. Ward | Deposition testimony. |
| 2013 | Smith v. Solanki | Deposition testimony. |
| 2013 | Longenecker v. Lawrence | Deposition testimony. |
| 2013 | Toma v. Singh | Deposition testimony. |
| 2013 | Seidman v. Allstate | Deposition testimony. |
| 2013 | Seidman v. Allstate | Arbitration testimony. |
| 2013 | Toma v. Singh | Trial testimony. |
| 2013 | Mangel v. State of California | Deposition testimony. |
| 2013 | Singh v. Merlo, et al. | Trial testimony. |
| 2013 | Calderon v. Shell | Deposition testimony. |
| 2013 | Longenecker v. Lawrence | Trial testimony. |
| 2013 | Peterson v. Metzger | Arbitration testimony. |
| 2013 | Salim v. Sunnyvale Acura | Deposition testimony. |
| 2013 | Fischler v. Roman Catholic Bishop | Trial testimony. |
| 2013 | Wigmore v. Kaiser | Deposition testimony. |
| 2014 | Wigmore v. Kaiser | Arbitration testimony. |
| 2013 | Salim v. Sunnyvale Acura | Deposition testimony. |
| 2013 | Salim v. Sunnyvale Acura | Trial testimony. |
| 2013 | Phoenician HOA v. Phoenician LLC | Deposition testimony. |
| 2014 | Hugger v. Hugger | Arbitration testimony. |
| 2014 | Duncan v. Airline Coach Service, Inc. | Deposition testimony. |
| 2014 | Estate of Fitzgerald v. CA State Auto Assn. | Deposition testimony. |

# MARK COHEN
## LIST OF TESTIMONIES

| Date | Name | Memo |
|------|------|------|
| 2014 | Morello v. Amco Insurance Co. | Deposition testimony. |
| 2014 | Deeik v. Klingman | Deposition testimony. |
| 2014 | Delara v. Sears & Roebuck | Trial testimony. |
| 2014 | McVeigh v. Recology | Deposition testimony. |

1    *Steshenko v. McKay*                                    *Case No: C 09 5543 RS*

2                              **PROOF OF SERVICE**

3    1.      I am over the age of 18 and not a party to this cause.  I am a resident of or employed in the county
     where the mailing took place and my residence or business address is:

4

5            700 Airport Blvd., Suite 410, Burlingame, California  94010-3191

6    2.      I served a copy of the following document(s):

7            **DEFENDANTS' EXPERT WITNESS DISCLOSURE** [Rule 26(a)(2), F.R.Civ.P.]

8    3.      I served a copy of the foregoing documents by mailing them in a sealed envelope with first class
     postage fully prepaid, to the address stated below, as follows:

9            a.   [ X ]      I placed the envelope for  collection and processing for mailing following this
                             business's ordinary practice with which I am readily familiar.  On the same day
10                           correspondence is placed for collection and mailing, it is deposited in the
                             ordinary course of business with the United States Postal Service.

11

12           b.   [  ]       I faxed a copy of the above described document to the following fax number:

13           c.   [  ]       I served a copy of the foregoing documents by placing them in a sealed box via
                             **ON TRAC** service, to the address stated below, as follows:.

14   4.      Date of Service:  August 25, 2014
     5.      Place mailed from:  700 Airport Blvd., Suite 410, Burlingame, California  94010
15   6.      Addressed as follows:

16   David L. Wallach, Esq.
     David C. Kiernan, Esq.
17   JONES DAY
     555 California Street, 26th Floor
18   San Francisco, CA 94104

19

20           I declare under penalty of perjury under the laws of the United States of America that the
     foregoing is true and correct.  Executed on the above date at Burlingame, California.

21

22                                                    _____
                                                      Adriana P. Campuzano
23   935

24

25

26

27

28

*Lynch and Shupe, LLP*
700 Airport Blvd., Suite 410
Burlingame, CA 94010
(650) 579-5950