UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>    Plaintiff,<br><br>      v.<br><br>THOMAS MCKAY, et al.,<br><br>    Defendants. | Case No. 09-cv-05543-RS<br><br>**ORDER RE CERTAIN PENDING MOTIONS** |

This order addresses several pending motions that have previously been, or hereby are, submitted without oral argument, pursuant to Civil Local Rule 7-1(b).

1. <u>Leave to amend (Dkt. No. 710)</u>

Plaintiff seeks leave to file a Sixth Amended Complaint. His motion includes a request for reconsideration, as a prerequisite to the portion of the proposed amendments that would otherwise be foreclosed by prior rulings. The parties characterize the proposed amendments as permitting plaintiff to:

  (1) Include the defendants Dorothy Nun and Anne Lucero in their official capacities for claims seeking injunctive relief;

  (2) Add certain college officials in their official capacities for purposes of plaintiff's claims under 42 U.S.C. § 1983 and 1985;

  (3) Re-assert Plaintiff's claim for monetary damages against Cabrillo Community College

District under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 200d et seq., Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., and the Age Discrimination Act of 1975, 42 U.S.C. § 6101 et seq., and;

(4) Expressly state the federal statutes on which plaintiff's discrimination claims are based.

At this stage in this long-running litigation, the liberal policy permitting amendment must be balanced against the potential prejudice to defendants. The request to add claims against Nun and Lucero in their official capacities, and to add wholly-new individual defendants in their official capacities, is denied. Plaintiff's concern is that there be an appropriate defendant or defendants against whom prospective injunctive relief can be entered. Even if it may sometimes be proper to name individual defendants in their official capacities for that purpose, in this instance the College is a party directly, and it acknowledges that individual capacity claims would be redundant. Under the circumstances here, in the event plaintiff were to prevail on any claim for prospective injunctive relief, there is no doubt that the Court has jurisdiction to enter an enforceable order against the College itself. Accordingly, while plaintiff will not be permitted to add the individual capacity claims at this late juncture, he need not be concerned that the absence of those claims will prejudice him.

Plaintiff's request to amend the complaint to identify additional statutory bases of his discrimination claims is granted. His request for reconsideration and for leave to reassert damages claims against the College based on the specified statutes is granted. (To the extent plaintiff might prove liability only under statutes or claims not providing for Eleventh Amendment waiver, however, monetary damages against the College would remain unavailable.)

The Sixth Amended Complaint, as limited by this order, is hereby deemed filed as of this date. While defendants may file a response if they so elect, they are hereby relieved from the obligation to do so, and their existing answer shall be deemed to apply, with any new factual averments of the Sixth Amended Complaint deemed to have been denied.

2. Motion to compel (Dkt. No. 740)

Plaintiff seeks an order compelling defendants to "authenticate" documents they have produced in discovery. A party has no such obligation. Indeed, a party must produce any document in its possession, custody, or control that is responsive to a proper document request without regard to whether the party has means to "authenticate" the document, and even if there were reason to doubt the "authenticity" of the document. The parties should, of course, meet and confer as part of the pre-trial preparation process to reach stipulations as to the authenticity of any documents where feasible. Plaintiff's further request that defendants be compelled to provide certain verifications of their discovery responses is moot, as the verifications have now been provided. Accordingly, this motion is denied.

3. Motion to clarify sanctions ruling (Dkt. No. 749)

Plaintiff seeks further guidance as to the nature and scope of sanctions to be imposed against defendants for evidence spoliation. As reflected in the order denying the College Defendants' motion for summary judgment, presumptions have already been applied against them in that context. No further pre-trial determinations are appropriate as to the extent to which spoliation may have occurred or as to what, if any, sanctions should result, but must await testimony at trial.

4. Motion to preclude McKay testimony (Dkt. No. 750)

Plaintiff seeks to preclude defendant McKay from testifying, based on a contention that he has offered false testimony and responses during discovery, and in light of the spoliation issues. A witness' veracity, or lack thereof, is for the trier of fact to evaluate. Purported inconsistencies in discovery responses my provide a basis for cross-examination, but are not grounds to exclude a party from testifying. The motion is denied.

5. Motion to compel identification of document "sources" (Dkt. No. 765)

Contending that defendants have produced some documents that appear to be "crudely made forgeries," plaintiff seeks to compel defendants to identify the "sources" from which documents were collected, or, in the alternative, to preclude them from testifying about their document preservation efforts and arguing that they did not engage in spoliation. The motion is denied. Plaintiff has pointed to no timely discovery request regarding the "sources" of the documents that defendants failed to answer, and there is no other basis for compelling the types of information plaintiff is demanding at this juncture.

6. Motion to compel production of the "Johnson Study" (Dkt. No. 783)

Plaintiff seeks a copy of a study conducted by Barbara Johnson, discussed at the Rule 30(b)(6) deposition of Dorothy Nunn on July 21, 2014. Whatever technical merit defendants' opposition may have regarding the adequacy of plaintiff's meet and confer efforts, the absence of a formal request, the timeliness of this motion, and whether it should have been presented to the magistrate judge, the record reflects that at the deposition counsel appropriately committed to make good faith efforts to produce the document. Even if there was a subsequent failure on plaintiff's side to follow up, defendants should now honor that commitment. Defendants shall produce the study within one week of the date of this order.

7. Motion to "clarify" order re experts (Dkt. No. 786)

Plaintiff's prior motion to appoint experts was denied. Apparently because plaintiff may be considering presenting the experts at his own expense, he now complains that the order did not address his additional request for time limitations to be imposed on *voir dire*, examination and cross-examination of those experts to minimize costs. Plaintiff requests that such limits now be imposed. The motion is denied. At the pretrial conference, the parties will be given strict time limitations that will apply to the presentation of all of the evidence. While no specific limitations will be imposed as to how parties use their time, plaintiff may be assured that in the event he presents expert testimony, defendants will not be permitted to engage in unreasonably lengthy *voir*

1 *dire* or cross-examination merely to drive up his costs.  That said, neither will defendants be
2 precluded from spending such time in *voir dire* and cross-examination as is reasonably necessary
3 in light of the expert testimony proffered.

   8. Motion seeking court funds  (Dkt. No. 787)

   Plaintiff's request to be provided funds from the Court to pay his expert witnesses for trial testimony is denied.

   9. Motion for leave to seek reconsideration (Dkt. No. 811)

   Plaintiff's motion for leave to seek reconsideration of the order granting summary judgment in favor of the Hospital Defendants is denied.  The purported "new facts" on which plaintiff relies do not support reconsideration.

**IT IS SO ORDERED**.

Dated:  November 14, 2014

_____
RICHARD SEEBORG
United States District Judge