UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

THOMAS MCKAY, et al.,

Defendants.

Case No. 09-cv-05543-RS

**ORDER RE MOTIONS *IN LIMINE***

<u>Docket Nos. 757 and 761</u>

Plaintiff's motion to preclude in its entirety any testimony offered by Sandra Castillo Alward as an expert witness, and his separate motion to preclude her opinions offered in purported "rebuttal," are denied, without prejudice to determinations at trial as to the admissibility of any specific evidence or the proper scope of expert testimony.

<u>Docket No. 763</u>

Plaintiff's motion to preclude Mark Cohen's proffered expert testimony rests primarily on arguments that go to the weight to be afforded to Cohen's opinions, rather than their admissibility. The motion is denied, without prejudice to determinations at trial as to the admissibility of any specific evidence or the proper scope of expert testimony.

<u>Docket No. 778</u>

Plaintiff seeks to compel the College either to accept service of trial subpoenas on behalf

of certain former employees he intends to call as witnesses, or to provide their addresses. Plaintiff relies on California Evidence Code §776 (b)(3) as authority for the relief he seeks. Plaintiff also accuses the College of having deliberately terminated the employment of these individuals "under a variety of pretexts to prevent their appearances at trial" and of "hiding their whereabouts."

Even assuming the rules embodied in California Evidence Code §776 (b)(3) might apply to federal proceedings in some instances, nothing in the section imposes an obligation on a party to accept service on behalf of former employees, or to disclose their addresses. Rather, the section merely governs when persons may be treated as adverse witnesses. Plaintiff's present motion cannot substitute for a discovery motion he did not file. The motion is denied.

Docket No. 793

Plaintiff's motion to preclude defendants from making various assertions and arguments he contends are false or without merit is denied. Such credibility and related factual determinations are for the trier of fact. His request to have certain terms defined and used only "according to law and the language norms" is denied. Witnesses may be examined as to how they understand words used at trial, and what they mean by the terms they employ.

Docket No. 809

Plaintiff moves to preclude defendants from taking certain legal positions with respect what rights and responsibilities the parties had in connection with plaintiff's participation and eventual dismissal from the nursing program. The motion is denied. Initially, it is not clear that plaintiff has accurately characterized defendants' various legal positions. More fundamentally, the jury will be instructed in the applicable law. To the extent otherwise relevant and admissible, defendant witnesses may be asked to explain their understanding of the legal basis of their actions, but the focus of witness testimony is factual, not legal. There is no basis to preclude defendants from taking any particular legal positions, or making legal arguments, beyond the usual constraints on legal arguments at trial with regard to when and by whom they may be presented.

Docket No. 827

Plaintiff seeks an order compelling the former Hospital defendant either to accept service of a trial subpoena on behalf of a former employee or to disclose his address so that plaintiff can arrange for service. Plaintiff again incorrectly relies on California Evidence Code §776(b)(3). As with the former College employees, there is no basis for the relief sought. The motion is denied.

Docket No. 853

Plaintiff's motion to exclude certain trial exhibits proffered by defendants is granted in part and denied in part, as follows:

*Exhibit LLL*

The motion to exclude is denied with respect to the portion of the document containing an email exchange between plaintiff and another student. The motion is granted as to the portion of the document containing the fellow student's email to College administrators. The probative value of that email, if any, is substantially outweighed by its potential to cause unfair prejudice. Fed R. Evidence 403.

*Exhibit MMMM*

The motion to exclude a claim presented by plaintiff against the County of Santa Cruz on an unrelated matter in 2003 is granted. The probative value of the document, if any, is substantially outweighed by its potential to cause unfair prejudice. Fed R. Evidence 403.

*Exhibits NNNN, OOOO, PPPP, and QQQQ*

The motion to exclude these exhibits, relating to other pending suits brought by plaintiff, is granted, with the proviso that in the event plaintiff offers testimony at trial that is sufficiently inconsistent with statements made in these documents to warrant their introduction for impeachment purposes, defendants may make a request, outside the presence of the jury, that they

be permitted to use them in such a manner.

### *Exhibit SSSS*

Plaintiff's motion to exclude this document, a 1993 article quoting plaintiff regarding a dispute he then had with the University of Texas is granted. The probative value of the document, if any, is substantially outweighed by its potential to cause unfair prejudice. Fed R. Evidence 403.

### *Exhibit VVVV*

Plaintiff's motion to exclude this document, an expert report prepared on behalf of the now-dismissed Hospital Defendants, is granted.  The College defendants acknowledge the document is not independently admissible.  This ruling, however, does not preclude testifying experts from offering testimony that may be in part based on this report.

### Docket No. 854

A separate order will issue addressing proceedings on the spoliation issue.  This motion is therefore denied without prejudice.

### Docket No. 856

Plaintiff's motion seeking sanctions for purported evidence forgery, and "to impose remedial steps to prevent forgeries from affecting an outcome of trial" is denied.  Even if plaintiff had made a compelling showing that the document in question is "forged," which he has not, such a determination is for the trier of fact.

### Docket No. 863

Plaintiff's motion to strike Docket No. 861 is denied.  The document does not constitute a "new" motion, untimely filed, as it merely represents a complete 3 page version of the motion filed at Docket No. 832.   Plaintiff insists the complete version must have been generated at a later

date because it purportedly refers to statements made in his opposition brief.  Nothing in the complete document, however, in fact appears to refer to the opposition brief.  While the date on the complete document is the same as the filing date, plaintiff has not shown that it includes substantive content that had not been prepared at the time of the original filing.  There is no reason to doubt defendants' representation that the omission of the two pages was other than an inadvertent filing error.

In any event, even if the additional argument in the complete document were disregarded, the motion as filed at Docket No. 832 would be sufficient to raise the issue defendants seek to have decided.  As set out below, that motion has merit and will be granted.

Docket No. 832

Defendants' motion to exclude evidence or argument regarding whether they have insurance or self-insurance applicable to this action is granted.  In the event defendants proffer evidence or argument that any damage award will negatively impact funding for public education, plaintiff may, outside the presence of the jury, request reconsideration of this issue.

Docket No. 833

Defendants' motion to exclude non-party witnesses from the courtroom, supported by plaintiff, is granted.

Docket No. 834

The manner in which plaintiff will be permitted to testify will be discussed at the pretrial conference, and an appropriate ruling will be made at that juncture.  This motion is therefore denied, without prejudice.

Docket No. 835

Defendants move to preclude plaintiff from offering at trial "testimony, documents or

comment that nursing students were forced to work for free at local area clinics and should be deemed 'employees' who are entitled to receive wages under Federal or State law." Plaintiff acknowledges such claims have been dismissed, and argues the motion is therefore "moot." Although it appears the matter is not in controversy, the motion will be granted.

### Docket No. 836

Defendants' motion to preclude plaintiff from pursuing any claim for emotional distress is denied.

### Docket No. 837

This motion, relating to Kirk Kelly, will be addressed at the pretrial conference.

### Docket No. 838

A separate order will address proceedings on the spoliation issue. This motion is therefore denied without prejudice.

### Docket No. 839

This motion, relating to defendants' requests for certain hearings under Rule 104, will be addressed at the pretrial conference.

### Docket No. 840

This motion is denied, without prejudice to defendants attempting to show at trial that that plaintiff's age discrimination claim is barred by a failure to exhaust administrative remedies.

### Docket No. 841

Defendants' motion to preclude plaintiff from going forward with a disability discrimination claim pending a Rule 104 hearing is denied.

Docket No. 842

Defendants' motion to exclude evidence or argument regarding the supposed financial resources, or lack thereof, of *any party* is granted. The probative value of such information, if any, is substantially outweighed by its potential to cause unfair prejudice. Fed R. Evidence 403.

Docket No. 843

This motion is denied, without prejudice to objections at trial to any specific testimony offered by plaintiff that is inadmissible for lack of foundation, speculation, or on other similar grounds.

Docket No. 844

Defendants seek to preclude plaintiff from offering any testimony at trial that he refused to provide at deposition under purportedly invalid invocations of work-product doctrine. Because the motion seeks to exclude an unduly broad and vague category of potential testimony, the motion is denied. Plaintiff may not, however, testify as to *facts* that were in his possession at the time of deposition, if any, which he elected not to disclose under a claim of privilege, work product protection, or for any other reason.

Docket No. 845

Defendants seek to exclude testimony from plaintiff that he purportedly refused to provide at deposition regarding statements allegedly made by defendant McKay concerning plaintiff's nationality, ethnicity or race. Defendants have not shown, however, that plaintiff in fact withheld any information in the deposition, as opposed to objecting, in essence, that he had already answered to the best of his ability. The motion is therefore denied.

Docket No. 846

1   Defendant's motion to preclude plaintiff from offering himself as an expert witness at trial
2   is denied, without prejudice. In the event any of the testimony plaintiff offers is otherwise relevant
3   and admissible but would be appropriate only if he qualifies as an expert, defendants may
4   challenge his qualifications and the basis of such opinions at that juncture.

Docket Nos. 847 and 848

Defendants' motions to preclude the testimony of plaintiffs' retained experts are denied, without prejudice to their right to conduct *voir dire* and a qualification determination at trial. The arguments defendants make at this juncture go to the weight to be accorded to the opinions, not admissibility.

Docket No. 849

A separate order will address proceedings on the spoliation issue. This motion is therefore denied without prejudice.

Docket No. 852

This motion, which seeks to preclude plaintiff from testifying regarding a document that has not yet been produced, is denied without prejudice. In the event plaintiff intends to offer opinions on the document, however, he shall raise the matter outside the presence of the jury and it will be addressed at that juncture.

**IT IS SO ORDERED**.

Dated: November 19, 2014

_____
RICHARD SEEBORG
United States District Judge