UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

    v.

THOMAS MCKAY, et al.,

    Defendants.

Case No. 09-cv-05543-RS

**ORDER OVERRULING OBJECTION TO RULING ON MOTION TO COMPEL, DENYING MOTION TO CONTINUE TRIAL**

Under the modified order of the magistrate judge, plaintiff must appear for up to three hours of deposition, in the event he intends to offer any testimony at trial as an expert witness. That ruling is neither clearly erroneous nor contrary to law. As such, there is no basis to overturn it. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).

Plaintiffs' original objection to appearing for the deposition was based solely on his contention that he was entitled to compensation for doing so, at an hourly rate comparable to those typically charged by retained experts. Plaintiff relies on Rule 26(b)(4) of the Federal Rules of Civil Procedure, which provides: "[u]nless manifest injustice would result . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . ." The purpose of that rule "is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 879 (9th Cir. 1986). There is no such purpose to

be served where, as here, the expert is the party, and is therefore charging no fee to the party who designated him that ought, in fairness, be shifted to the side seeking the deposition. Additionally, it is highly questionable whether Rule 26(b)(4) applies to any witness, party or otherwise, who is not offering expert testimony developed "in anticipation of litigation or for trial," but who instead claims his value as an expert witness stems from his being "an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit." *Congrove v. St. Louis S. F. Ry. Co*., 77 F.R.D. 503, 504 (W.D. Mo. 1978). To the extent plaintiff may have any relevant expert testimony to offer here, it would appear to fall primarily or exclusively into the latter category.[1] Accordingly, the decision that plaintiff's deposition must go forward without payment of a fee is neither clearly erroneous nor contrary to law. In short, it is plaintiff's choice either to make himself available for the limited deposition contemplated or withdraw his request to offer expert testimony, at which point no deposition would be required.

Plaintiff's new objection is that requiring him to prepare and sit for deposition at this juncture will unfairly burden his trial preparation. In light of the three hour limit, and the time remaining before trial, this argument is not persuasive. For the same reason, plaintiff's motion to continue the trial is denied.

**IT IS SO ORDERED**.

Dated: November 26, 2014

_____
RICHARD SEEBORG
United States District Judge

---

[1] Although plaintiff and other individual parties were permitted to designate themselves as expert witnesses in this matter, it remains quite dubious that all or any of them in fact have testimony to offer that they cannot present as percipient witnesses, but which they are qualified to present if characterized as expert witnesses. The present controversy, therefore, may have very little bearing on what would be admissible at trial in any event.