UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br>    Plaintiff,<br>    v.<br>THOMAS MCKAY, et al.,<br>    Defendants. | Case No. 09-cv-05543-RS<br><br>**ORDER RE SPOLIATION CONTENTIONS** |

The parties are familiar with the history of plaintiff's claims of spoliation made in this action and the prior motion practice and orders relating thereto. Those matters will not be recounted here other than to note that the order denying the summary judgment motions brought by the remaining defendants expressly pointed to their failure to take all appropriate steps to preserve evidence as one reason that their version of the operative events could not be accepted as a matter of undisputed fact. Thus, plaintiff has already been given the benefit of an evidentiary inference at the summary judgment stage. The question now is whether any further measures would be appropriate at trial.

Courts are vested with inherent powers arising out of "'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). The Ninth Circuit has specifically recognized trial courts have "inherent discretionary power to make appropriate

evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). These inherent powers include the ability to levy appropriate sanctions against a party who prejudices its opponent through the spoliation of evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 881 F.Supp.2d 1132, 1135 (N.D.Cal. 2012) (citing *Glover*, 6 F.3d at 1329). A trial court's discretion regarding the form of a spoliation sanction is broad, and sanctions can range from the minor, such as the awarding of attorney fees, to the more serious, such as dismissing claims or instructing the jury that it may draw an adverse inference. *Apple*, 881 F.Supp.2d at 1136 (citing *Leon*, 464 F.3d at 958, 961; *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386–87 (9th Cir. 2010)) (some citations omitted). The determination of an appropriate sanction "is assessed on a case-by-case basis." *Io Group, Inc. v. GLBT Ltd.*, 2011 WL 4974337, at *3 (N.D.Cal. 2011) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)) (internal citations omitted).

     To determine whether spoliation occurred, the majority of courts use some variation of the so-called *Zubulake* test. *See Apple*, 881 F.Supp.2d at 1138 (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 215 (S.D.N.Y.2003) ("*Zubulake IV*")). That test has three elements: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Zubulake IV*, 220 F.R.D. at 220. If spoliation is found, then courts generally consider three factors to determine whether and what type of sanctions to issue: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Nursing Home Pension Fund v. Oracle Corp.*, 254 F.R.D. 559, 563 (N.D.Cal.2008) (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir.1994)) (courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim"). After considering these factors, a

Case No. 09-cv-05543-RS
2

court may decide to defer or decline to grant sanctions, despite a finding of spoliation. *See, e.g., Hamilton v. Signature Flight Support Corp.*, 2005 WL 3481423, at *8 (N.D.Cal. 2005) (finding spoliation but declining to impose adverse inference sanctions because of lack of prejudice).

Here, the parties previously provided extensive briefing and evidentiary submissions regarding the alleged spoliation. At this Court's direction, they have recently provided offers of proof, in summary form, together with supporting deposition testimony excerpts. As before, the record demonstrates that defendants fell short of complying with their legal obligation to take reasonable steps to preserve potentially relevant evidence, specifically email that may have been exchanged among College employees relating to the subject matter of this action. While defendants continue to insist that all or nearly all relevant emails likely were produced notwithstanding the search and retention deficiencies, it is reasonable to presume at least some emails were irretrievably lost that would have been responsive to discovery requests, and that such loss occurred after the duty to preserve arose, no later than October of 2009. Thus, the first element of the *Zubulake* test is met.

Plaintiff contends emails were deliberately destroyed with the intent of concealing evidence that would support the claims he is making in this action. Nothing in the record, nor any reasonable inference that can be drawn from the record, supports such a claim. The Ninth Circuit, however, has recognized "the power of the district court to sanction under its inherent powers not only for bad faith, but also for willfulness or fault by the offending party." *Unigard*, 982 F.2d at 368 n.2. "A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed." *Leon*, 464 F.3d at 959 (internal quotation marks and citation omitted) (emphasis in original). "All that the court must find is that [the spoliating party] acted with a 'conscious disregard' of its obligations." *Apple*, 881 F.Supp.2d at 1147. As reflected in prior orders, the circumstances surrounding the deletion of defendants McKay's email account at least arguably meets this standard. Plaintiff's contentions regarding other email accounts are less compelling. While defendants apparently failed to communicate effectively the need to search for, preserve, and

produce potentially relevant email, the conduct does not rise to a "conscious disregard." Accordingly, while the second *Zubulake* factor arguably is present as to the McKay email, the showing of any culpable state of mind is extremely weak.

Finally, while it is possible that at least some emails with discovery relevance were destroyed, the record simply does not support a conclusion that substantial evidence supporting plaintiffs' claims, or undermining the defenses, was lost. Plaintiff's primary theory is that evidence was selectively and deliberately destroyed. If that contention were tenable, then it would be reasonable to assume material emails were destroyed. The record, however, shows carelessness and inadequate diligence, not targeted destruction of evidence. Under all the circumstances, it is *not* reasonable to presume that any emails or other documents that may have been irretrievably lost were of significant relevance. Thus, "spoliation," if it occurred at all, was relatively minor, and not prejudicial to plaintiff to the degree that further evidentiary sanctions would be warranted at this juncture.

To be clear, defendants should not conclude from this result that their conduct met minimal standards. It did not. If and when they are involved in further litigation, they must take appropriate steps to ensure similar issues do not arise. In this instance, however, while the failures on defendants' part are not excusable, there is no reason to infer that plaintiff has thereby been deprived of his right to a fair trial and a decision on the merits.

As reflected by the authorities cited above, spoliation is an issue to be determined by the Court. In light of this order, defendants' motion to exclude evidence and argument at trial regarding the alleged spoliation is granted.

**IT IS SO ORDERED**.

Dated: December 1, 2014

RICHARD SEEBORG
United States District Judge