UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

THOMAS MCKAY, et al.,

Defendants.

Case No. 09-cv-05543-RS

**ORDER RE REMAINING PRE-TRIAL MOTIONS**

Docket No. 889

Defendants previously moved *in limine* for an order "excluding from the courtroom any evidence, whether offered in the form of testimony, documents or comment of Plaintiff or his witnesses, that nursing students constitute employees who are entitled to receive wages under Federal or State law because they are assigned to clinical rotations in local area hospitals as part of the Cabrillo Nursing Program." Plaintiff responded that the motion was "moot" because "the related causes of action were dismissed." The motion was granted, as the matter appeared not to be in controversy. Plaintiff now seeks leave to file a motion for reconsideration, contending some aspect of the issue was not previously dismissed. Plaintiff apparently wishes to introduce evidence that he made complaints to the effect that nursing students should be paid in light of the tasks they were asked to perform. In clarification, the *in limine* ruling does not preclude plaintiff from introducing any otherwise admissible evidence regarding complaints he made. If, however, plaintiff elects to introduce evidence that he complained that the clinical program was conducted

1  in violation of labor laws, defendants will be entitled to a limiting instruction that such evidence is

2  not being admitted for the truth of the claims but rather for the purpose of demonstrating a

3  potential reason for defendants' subsequent conduct.

Docket No. 890

Plaintiff's motion to "correct" the name of a witness is granted.

Docket No. 891

Plaintiff's motion to add the so-called "Johnson Study" to his exhibit list is granted.

Docket No. 839

Defendants' request for a ruling in advance of trial as to what alleged complaints made by plaintiff would qualify for First Amendment protection, and which would not, is denied. Defendants acknowledge that at least some of plaintiff's complaints, such as those relating to purported patient safety concerns, do not fall within the category of "curricular speech" held in *Brown v. Li*, 308 F.3d 939 (9th Cir. 2002) to be outside the ambit of the First Amendment. Additionally, even to the extent some of plaintiff's complaints might be characterized as criticisms of the curriculum, it is not clear that such statements would be unprotected. While students may ultimately have no right under the First Amendment to *change* the curriculum or academic requirements, it does not automatically follow that they lack the right to criticize those things, or cannot advance claims for any retaliation resulting from the voicing of such criticism.

Where there is a legitimate pedagogical purpose, *Brown* plainly permits teachers to require student speech to conform to certain requirements in the context of completing assignments. 308 F.3d at 953 ("[A] teacher may require a student to write a paper from a particular viewpoint, even if it is a view-point with which the student disagrees, so long as the requirement serves a legitimate pedagogical purpose. For example, a college history teacher may demand a paper defending Prohibition, and a law-school professor may assign students to write "opinions" showing how Justices Ginsburg and Scalia would analyze a particular Fourth Amendment

question."). Thus, if a student refuses to write the paper defending Prohibition, he or she may be given a failing grade. If the student merely complains vociferously that the assignment is poorly conceived and does not further the educational aims of the course, but nevertheless completes the assignment to an acceptable standard, nothing in *Brown* plainly suggests that the criticism would fall outside the protection of the First Amendment.

Thus, at this juncture it is not feasible to determine which, if any, of plaintiff's alleged speech might not be protected. Not later than the close of the third day of trial, the parties may, if they wish, submit proposed jury instructions setting out the standards for what speech may support a First Amendment claim. Defendants' request for a finding that the individual defendants are entitled to qualified immunity is also denied, without prejudice.

**IT IS SO ORDERED**.

Dated: December 1, 2014

_____
RICHARD SEEBORG
United States District Judge