UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

THOMAS MCKAY, et al.,

Defendants.

Case No. 09-cv-05543-RS

**ORDER DENYING MOTION FOR SANCTIONS OR SUMMARY JUDGMENT**

Pursuant to Civil Local Rule 7-1(b), plaintiff's motion "to impose sanctions for spoliation of evidence, or, in the alternative, motion for summary judgment /partial summary judgment in favor of plaintiff or defendants" is suitable for disposition without oral argument, and the hearing set for January 8, 2015 is vacated. The further Case Management Conference set for that date remains on calendar.

The motion is denied. Plaintiff argues there are inconsistencies in orders regarding spoliation that, in his view, require entry of summary judgment for one side or the other. In the alternative, plaintiff effectively requests reconsideration of the order entered on December 1, 2014.

On March 25, 2013, an order issued stating, among other things, that "the jury will be given an instruction that they may draw an adverse inference in light of the email destruction." Plaintiff is correct that the order issued on December 1, 2014 reaches a contrary conclusion, and

determines no such jury instruction is warranted. The fact that the two orders differ, however, is not improper, and is not a basis for reconsideration or any other relief. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)(quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

Plaintiff contends the orders were entered on the same evidentiary record, and therefore no change in result would be warranted. Whether or not there was any additional or different evidence on the specific, narrow, issue of spoliation, the March 25, 2013 order and earlier orders regarding plaintiff's spoliation claims all issued prior to consideration of the extensive summary judgment motions brought by the parties in June of 2013. Those proceedings, and the record developed therein, provided substantially more context regarding the events at issue in this litigation and the contours of the parties' factual disputes. It was the lack of such context at the time of the March 25, 2013 order that resulted in the decision to postpone determining the scope of any instruction to be given. For the reasons explained in the December 1, 2014, consideration of the entire record, and the parties' recent offers of proof regarding spoliation, support the finding that no further sanctions are appropriate at this juncture.

Plaintiff further argues that in the absence of a presumption that destroyed emails contained evidence supporting his claims, the remaining evidence must either (1) be so strong as to mandate entry of summary judgment in his favor, or (2) be so lacking as to require that summary judgment be granted to defendants. Plaintiff's suggestion that summary judgment in his favor might be warranted rests on his premise that any lost emails necessarily were material unless his case otherwise is so compelling that any defense must fail. No basis exists for making such an assumption.

Plaintiff's request that summary judgment be entered in defendants' favor appears to be more a rhetorical device than a genuine admission that his claims lack merit. Accordingly, even though the doctrine of invited error might foreclose any viable appeal, at this juncture his

invitation to enter judgment against him will be declined.  Plaintiff's argument, in effect, is that without a presumption that emails existed in which defendants demonstrated their wrongful motives and conduct, his various claims simply cannot be proven, and it therefore is "manifestly unjust" to have applied such a presumption during summary judgment but not allow it at trial.  The fallacy in plaintiff's argument is that it would mean defendants could never be liable in cases of this nature unless they memorialized their wrongful motives and actions in writing.  In fact, wrongful motives and conspiracies often must be inferred from circumstantial evidence.

Indeed, plaintiff himself reached the conclusion that he had been the subject of discrimination and retaliation based on the circumstances and on his perceptions of his interactions with defendants and their employees, not from seeing any written communications containing admissions or other incontrovertible evidence of wrongdoing.  Even if there were no question that every email had been preserved and produced, and yet none of them even hinted at any wrongful motive or improper action, plaintiff likely would insist the conspiracy had been carried out through verbal communication.   Without suggesting that a trier of fact is likely to find wrongdoing from the facts and evidence here, it simply does not follow that there can be no issue for the jury to decide absent imposition of an evidentiary presumption at trial.

Plaintiff is entitled to testify as to what he perceived in his interactions with defendants and their employees.  Defendants are entitled to present their version of events.  It will be for the jury to decide what to believe.

**IT IS SO ORDERED**.

Dated:  December 29, 2014

RICHARD SEEBORG
United States District Judge