UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS MCKAY, et al.,<br><br>Defendants. | Case No. 09-cv-05543-RS   (RMW)<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 940 |

The undersigned has been assigned to hear Plaintiff Gregory Steshenko's Motion to Disqualify Judge Richard Seeborg from hearing the above-captioned case. *See* Dkt. No. 933. After denying plaintiff's motion to file his disqualification motion under seal, *see* Dkt. No. 939, plaintiff re-filed his motion, Dkt. No. 940, defendants filed an opposition, Dkt. No. 941, and plaintiff filed a reply, Dkt. No. 942.

The grounds for disqualification of federal judges are controlled by 28 U.S.C. § 144 and § 455. These statutes provide that a judge may be disqualified in two situations that are relevant to the instant motion: (1) where his or her "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and (2) where he or she possesses "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); § 144.

Under section 455(a), disqualification is "evaluated on an objective basis, so that what

ORDER RE MOTION TO DISQUALIFY
09-cv-05543-RS                                                          1

matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). In this circuit, the test for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990).

By contrast, disqualification under either § 144 or § 455(b)(1) is required only if the judge's bias or prejudice (a) is directed against a party; (b) stems from an extrajudicial source; and (c) casts doubt on his or her impartiality. *See Liteky*, 510 U.S. at 544–545; *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "Bias or prejudice" which meets this standard includes "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree . . . ." *Liteky*, 510 U.S. at 550.

In his motion, plaintiff recites various incidents that he contends illustrate Judge Seeborg's bias against plaintiff specifically and against pro se litigants in general. *See* Dkt. No. 940, at 5–6. Plaintiff also alleges that Judge Seeborg engaged in improper ex parte communications with defendants; falsified a hearing transcript; appointed pro bono counsel without plaintiff's consent; and undertook retributive or retaliatory actions against plaintiff. *Id*. at 6–9.[1] As explained below, none of plaintiff's allegations supports a finding that Judge Seeborg's "impartiality might reasonably be questioned," or that Judge Seeborg is biased or prejudiced such that he must be disqualified from this case.

First, plaintiff contends that his first pro bono attorney, James Dal Bon, "intimated" to plaintiff that either Judge Seeborg, or his staff, communicated to Dal Bon that it was Judge

---

[1] Plaintiff's contention that Judge Seeborg made prejudicial statements on the merits of the case in an order issued on August 31, 2013 is not a proper basis for a disqualification motion. Dkt. No. 940, at 7. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . only in the rarest circumstances [can judicial rulings] evidence the degree of favoritism or antagonism required" for a motion to disqualify. *Liteky*, 510 U.S. at 541. Additionally, plaintiff's bare assertion that "Judge Seeborg unreasonably delayed trial of this case" is not indicative of bias or prejudice. Dkt. No. 940, at 7. Nor is plainitff's allegation that Judge Seeborg engaged in improper ex parte communications with defendants, which is wholly conclusory and supported by no factual allegations whatsoever. *Id*. at 6.

ORDER RE MOTION TO DISQUALIFY
09-cv-05543-RS            2

Seeborg's opinion that plaintiff is "a schizophrenic who suffers from a delusion of winning a case against a public official." Dkt. No. 940, at 5. This allegation fails because it is not timely. Section 144 explicitly requires motions be timely, and the Supreme Court has read into section 455 an implicit requirement that motions to disqualify be brought in a timely manner. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 869 (1988). In *Liljeberg* the Supreme Court concluded that a delay of 10 months in moving for recusal "would normally foreclose relief based on a violation of § 455(a) . . ." *Id.* Courts strictly enforce these timeliness requirements to safeguard against use of the statute as a delaying tactic. *Polizzi v. United States,* 926 F2d 1311, 1321 (2nd Cir. 1991). Here, James Dal Bon withdrew as plaintiff's counsel in this case on October 25, 2011. Dkt. No. 166. Plaintiff brought the instant motion nearly three and a half years after he allegedly learned of Judge Seeborg's alleged opinion. Accordingly, the court finds plaintiff's allegation untimely raised as a potential source of prejudice.

The alleged opinion of Judge Seeborg is also hearsay within hearsay (possibly within further hearsay). Although the court accepts as true admissible factual allegations contained in plaintiff's affidavit, *see Berger v. United States*, 255 U.S. 22, 36 (1921), given the many levels of hearsay involved in this alleged statement, the accuracy and truthfulness of the statement must be viewed with a great deal of skepticism. Moreover, plaintiff offers no context for the statement, nor does he explain how the statement reflects improper bias or prejudice on the part of Judge Seeborg.

Second, plaintiff asserts that Judge Seeborg is biased against pro se litigants. Dkt. No. 940, at 6. According to plaintiff, Judge Seeborg expressed his opinion that cases with pro se parties are always troublesome, and that pro se parties are unable to effectively prosecute their cases on account of the complexity of the Federal Rules of Evidence. *Id*. Judge Seeborg allegedly communicated these sentiments to plaintiff in March, 2012 and June, 2013. *Id*. As such, they are also untimely brought. Regardless, the statements do not rise to the level of showing required to disqualify a judge for bias or prejudice. Most importantly, plaintiff does not explain how Judge Seeborg's alleged opinion—that pro se litigants are troublesome—suggests any bias.

ORDER RE MOTION TO DISQUALIFY
09-cv-05543-RS                3

"[E]xpressions of impatience, dissatisfaction, annoyance, and even anger that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" are not sufficient to establish bias or prejudice. *Liteky*, 510 U.S. at 555–56 (contrasting statements of irritation or annoyance, which do not show bias or prejudice, with a statement like it takes a "very judicial mind" to not be prejudiced against German Americans, because their "hearts are reeking with disloyalty"). Secondly, the court does not credit plaintiff's attestation that some unnamed "reasonable disinterested observer who witnessed the hearing" informed plaintiff that Judge Seeborg's alleged statements regarding the troublesome nature of pro se plaintiffs indicates his bias. The question is whether a reasonable person, possessed with all of the relevant facts, would find Judge Seeborg's conduct indicative of bias. The court concludes such a person would not.

Third, plaintiff contends that a hearing transcript provided to the Ninth Circuit and the Judicial Counsel was falsified. Dkt. No. 940, at 8. Plaintiff implies that Judge Seeborg was behind the alleged falsification, but does not say so specifically. Plaintiff also does not specifically identify what remarks were removed and what remarks were modified. This allegation is insufficient. To support a showing of bias or prejudice, a plaintiff must include in his accompanying affidavit "[f]acts of times, places, persons, occasions and circumstances with the particularity that would be reasonably expected in a bill of particulars." *United States v. Zagari*, 419 F.Supp. 494, 501 (N.D. Cal. 1976). Plaintiff's conclusory allegation that the transcript was falsified in some unknown way does not suffice.

Fourth, plaintiff alleges that the court appointed pro bono counsel to represent him without his consent. Dkt. No. 940, at 8. Again, plaintiff does not explain how this appointment indicates bias on the part of Judge Seeborg. Moreover, it appears that plaintiff not only agreed to the appointment, but actively opposed his counsel's motion to withdraw after relations between the two broke down to the point that counsel could no longer serve plaintiff. *See* Dkt. No. 705 (plaintiff's opposition to the motion to withdraw, in which plaintiff recounts how upon Judge Seeborg's recommendation he obtained counsel through the Federal Pro Bono Program).

ORDER RE MOTION TO DISQUALIFY
09-cv-05543-RS                     4

Lastly, plaintiff argues that Judge Seeborg took retributive or retaliatory action against plaintiff when Judge Seeborg changed his position regarding a possible spoliation instruction and inference at trial. Dkt. No. 940, at 9. After initially finding in March, 2013, *see* Dkt. No. 535, that plaintiff would be entitled to a spoliation instruction at trial, in December, 2014 Judge Seeborg reached the opposite conclusion and determined that no such jury instruction was warranted, *see* Dkt. No. 923. Plaintiff concludes that Judge Seeborg changed his ruling in retaliation for plaintiff's complaints to the Judicial Council seeking to disqualify Judge Seeborg. Dkt. No. 940, at 9. However, as Judge Seeborg explains in his order denying plaintiff's motion for sanctions based on the allegations of spoliation, his initial ruling was based on an incomplete record and was explicitly conditioned on further factual development. *See* Dkt. No. 905, at 3; Dkt. No. 535, at 4. Because further briefing and supplementation of the record provided no basis for the conclusion that defendants deliberately destroyed any evidence with the intent to conceal it, Judge Seeborg concluded that no jury instruction and inference regarding spoliation was warranted. *See* Dkt. No. 905, at 3–4. While plaintiff states that the "court order was replete with [] egregious errors on the issues of law and fact," plaintiff does not identify what these errors are, or why they could be indicative of bias or prejudice. Dkt. No. 940, at 9. The court further notes that even if plaintiff could show that Judge Seeborg's later ruling was in error, a judge's erroneous rulings are not enough to show bias or prejudice. *Cintron v. Union Pac. R.R. Co.*, 813 F2d 917, 921 (9th Cir. 1987); *Liteky*, 510 U.S. at 541 ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . only in the rarest circumstances [can judicial rulings] evidence the degree of favoritism or antagonism required" for a motion to disqualify.).

In sum, the court finds that plaintiff has not shown grounds to disqualify Judge Seeborg from hearing this case. Accordingly, plaintiff's motion is DENIED.

**IT IS SO ORDERED**.

Dated: February 23, 2015

_____
Ronald M. Whyte
United States District Judge

ORDER RE MOTION TO DISQUALIFY
09-cv-05543-RS                             5