UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

THOMAS MCKAY, et al.,

Defendants.

Case No. 09-cv-05543-RS

**ORDER DENYING INTRADISTRICT TRANSFER, CERTIFICATION FOR APPEAL, AND REQUEST TO RECORD**

Pursuant to Civil Local Rule 7-1(b), plaintiff's pending motions are suitable for disposition without oral argument, and the hearing set for March 18, 2015 is vacated.

1. Plaintiff's request that this matter be transferred to the San Jose Division, ostensibly for the purpose of making it less burdensome for him to attend trial, is denied. Intradistrict transfers are discretionary, and plaintiff has failed to establish good cause for a transfer at this stage in the proceedings.

2. Plaintiff seeks certification for interlocutory review under 28 U.S.C. §1292(b) of the orders filed December 1, 2014 and December 29, 2014 relating to his contentions that defendants engaged in spoliation of evidence. Pursuant to §1292(b), the district court may certify an appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial

ground for difference of opinion as to the question of law. *See also Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 687–88 (9th Cir. 2011) ("A non-final order may be certified for interlocutory appeal where it 'involves a controlling question of law as to which there is substantial ground for a difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.' ") (citing § 1292(b)).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Id.* A court has substantial discretion in deciding whether to grant a party's motion for certification. *Brown v. Oneonta,* 916 F.Supp. 176, 180 (N.D.N.Y. 1996), *rev'd* in *part* on *other grounds,* 106 F.3d 1125 (2d. Cir.1997).

Here, the orders plaintiff seeks to challenge encompass both factual determinations and discretionary judgments. While different conclusions might have been reached, there are no substantial grounds for disagreement on any issue of law that would result in a finding that the factual determinations were clearly erroneous or that there was any abuse of discretion. Accordingly, the motion for certification of the rulings is denied.

3. Plaintiff requests permission to make audio recordings of future court proceedings. Plaintiff contends the transcript of a hearing on June 27, 2013 was "falsified." Plaintiff has previously asserted that unspecified "prejudicial remarks" supposedly made by the Court at the hearing were omitted from the transcript and/or replaced with other statements not made at the hearing. Even assuming plaintiff genuinely believes that the transcript is inaccurate, his fanciful and unsupported accusations of "falsification" are frivolous. Plaintiff has argued that the Court ordered the "late filing" of the transcript in response to a complaint he made to the Judicial

1  Council.  In fact, as the record reflects, the transcript was prepared when plaintiff's motion to have
2  a transcript without payment was granted, to permit him to pursue his then-pending interlocutory
3  appeal.  That order stated, "[a]lthough the appeal Steshenko is pursuing lacks clear merit, under all
4  the circumstances, the interests of justice support allowing him to pursue it with the benefit of a
5  transcript, and he has adequately demonstrated that paying for a transcript would present undue
6  hardship."

In the event plaintiff believed there were inaccuracies in the transcript, it was incumbent on him to bring a timely and appropriate motion to correct the record.  His scurrilous accusations of deliberate falsification of the transcript are unfounded.  His request to make audio recordings of future proceedings is denied.

**IT IS SO ORDERED**.

Dated:  March 3, 2015

_____
RICHARD SEEBORG
United States District Judge