UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS MCKAY, et al.,<br><br>Defendants. | Case No. 09-cv-05543-RS<br><br>**ORDER RE AGE, SEX, AND NATIONAL ORIGIN DISCRIMINATION CLAIMS** |

At the pretrial conference held in this matter on this date, and as reflected on the record, plaintiff unequivocally stated his intent to present no evidence in support of his claims of age discrimination, sex discrimination, and national origin discrimination.[1] Plaintiff refused to characterize his statements as a voluntary abandonment or a request for dismissal of those claims. Plaintiff, however, specifically requested that those claims not be presented to the jury. Plaintiff suggested that summary judgment on those claims be entered against him.

In response to the Court's indication that it would enter a directed verdict on those claims, plaintiff argued that such a ruling would be unnecessarily prejudicial to him, and again requested entry of summary judgment instead. It appears plaintiff may have assumed that in the case of a "directed verdict," the jury would be advised that plaintiff had made claims for age, sex, and

---

[1] Plaintiff intends to go forward on his claim of discrimination based on a perceived disability, and on his claims that do not sound in discrimination.

national origin discrimination, and then directed to find against plaintiff on those claims.  Under the circumstances here, it will not be necessary to inform the jury about claims they will not be asked to decide.

Rule 50 of the Federal Rules of Civil Procedure provides, "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Here, plaintiff has advised that he will present no evidence in support of the specified claims.  Under the Court's inherent powers to manage the trial, plaintiff will be held to that position.  Accordingly, at the close of plaintiff's case, the jury will have no legally sufficient evidentiary basis to find in favor of plaintiff on any of the specified discrimination claims.  Judgment as a matter of law will therefore be granted in defendants' favor on those claims at that juncture, to be incorporated in the final judgment when issued.  The jury, however, will not be advised that plaintiff brought such claims, or asked to render any decision regarding them.

**IT IS SO ORDERED**.

Dated: March 18, 2015

_____
RICHARD SEEBORG
United States District Judge