United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

THOMAS MCKAY, et al.,

Defendants.

Case No. 09-cv-05543-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT AS A MATTER OF LAW**

Trial having commenced in this action, plaintiff rested his case on March 27, 2015. For reasons set out in the order entered on March 18, 2015 (Dkt. No. 976) judgment as matter of law will now be granted in defendants' favor on plaintiff's claims of age discrimination, sex discrimination, and national origin discrimination.

Additionally, pursuant to Rule 50 of the Federal Rules of Civil Procedure, judgment as a matter of law will be granted in defendants' favor on plaintiff's claim for discrimination based on perceived disability. The sole evidence presented by plaintiff relating to perceived disability was his testimony that defendant Anne Lucero made a few remarks and physical gestures accusing plaintiff of not being able to hear, such as "old daddy cannot hear" and "your ears not working?" Even giving full credit to plaintiff's testimony on this point, the reasonable inference is that Lucero was, at most, criticizing plaintiff for what she saw as his failure to listen to and follow instructions, not that she believed he was actually suffering from age-related or other physical

hearing loss.[1] Moreover, even assuming a reasonable jury could infer that Lucero in fact perceived plaintiff to have an actual hearing loss disability, there would still be no legally sufficient evidentiary basis to find a causal nexus between such a perception and plaintiff's dismissal or expulsion from the Cabrillo College nursing program. Accordingly, as pleaded in the operative Sixth Amended Complaint,[2] judgment as a matter of law is hereby granted against plaintiff on the Fifth "Cause of Action" for "educational discrimination" and the Ninth "Cause of Action" brought under the Unruh Act.

As pleaded in the Sixth Amended Complaint, plaintiff's negligence claim purports to be brought against all defendants. The first paragraph, of the count, however, merely incorporates the first 73 paragraphs of the complaint by reference, without explication. The sole charging allegation, paragraph 94, asserts only that former defendant Watsonville Community Hospital breached its duty of care with respect to hiring, training, overseeing, and disciplining its own employees. As such, plaintiff has not pleaded a viable negligence theory against the remaining defendants. As the evidence at trial does not suggest that plaintiff's claims sound in negligence such that he should be permitted to amend to conform to proof, judgment as a matter of law is hereby granted against plaintiff on the Eighth "Cause of Action."

Additionally, when plaintiff was given leave to assert a claim for breach of contract, the order provided that (1) the claim could only be asserted against Cabrillo College, and (2) it would

---

[1] Prior to the close of plaintiff's case, defendants were permitted to present a witness out of order, as the result of a scheduling issue. During the course of cross examination of that witness, plaintiff introduced an exhibit (Exh. No. 111) containing a written assessment by Lucero that plaintiff "has difficulty hearing/or misinterprets directions given by instructor and nurses . . . ." Even to the extent this evidence could be deemed to have been presented in plaintiff's case in chief, it likewise supports no reasonable inference that Lucero perceived plaintiff as having an actual physical hearing disability.

[2] As set forth in the Order filed November 20, 2014 (Dkt. No. 881), the operative pleading is the document originally submitted as the proposed Sixth Amended Complaint (Dkt. No. 710-1), as limited by the order granting the motion for leave to amend (Dkt. No. 850).
Plaintiff subsequently filed a "Sixth Amended Complaint" at Docket No. 883, which may be nothing more than a copy of Docket No. 710-1, with the word "Proposed" stricken out from the caption. In the event there are any other differences in that document, however, the copy at Docket No. 710-1, as limited by Docket No. 850, governs.

only serve as a potential further support for injunctive relief, not as a basis for a damages award, given the applicability of the Eleventh Amendment. Order filed February 4, 2014 (Dkt. No. 654) at pp. 8-9. While plaintiff was subsequently given leave to pursue damages against Cabrillo College under any statutory claims where the statutes provided for a waiver of Eleventh Amendment immunity, that does not affect the breach of contract claim. See Order filed November 14, 2014 at p. 2:19-21 ("To the extent plaintiff might prove liability only under statutes or claims not providing for Eleventh Amendment waiver, however, monetary damages against the College would remain unavailable.")

Accordingly, the breach of contract claim will not be submitted to the jury. To the extent the additional arguments defendants offer for judgment as a matter of law on the contract claim may remain significant, they will be taken up in conjunction with a determination of plaintiff's requests for injunctive relief.

Finally, plaintiff's claim brought under 42 U.S.C. §1985(3), affords no independent basis for a finding of liability nor would provide any additional relief on the facts here, beyond any liability that might be imposed under the claim brought pursuant to 42 U.S.C §1983. While §1985(3) permits imposition of liability against non-state actors in some circumstances, here there is no dispute that the individual defendants were employees of a state institution, acting under the color of state law. Thus, proving a claim under §1985(3) involves no fewer elements for plaintiff than does his §1983 claims; rather it only includes the *additional* requirement that he prove the existence of a conspiracy. Were the jury to find in defendants' favor on the §1983 claim, there is no rational basis on which they could then find for plaintiff under §1985(3). Accordingly, the jury will not be instructed regarding, or asked to render a verdict on, the Third "Cause of Action," as it would be unnecessarily confusing, without providing any additional basis for plaintiff to recover. Except as granted or mooted by the determinations in this order, defendants' motion for judgment as a matter of law is denied.

The Fourth and Sixth "Causes of Action" have previously been adjudicated against plaintiff. Accordingly, the "Causes of Action" being submitted to the jury are the First (free

speech), the Second (due process), and the Seventh (intentional infliction of emotional distress). Finally, as none of the remaining claims are based on statutes containing provisions for waiver of Eleventh Amendment immunities, no damages may be awarded against defendant Cabrillo College.

**IT IS SO ORDERED**.

Dated:  March 29, 2015

_____
RICHARD SEEBORG
United States District Judge