UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS MCKAY, et al.,<br><br>Defendants. | Case No. 09-cv-05543-RS<br><br>**ORDER TO SHOW CAUSE RE CONTINUATION OF** *IN FORMA PAUPERIS* **STATUS** |

Plaintiff moves to have a trial transcript prepared at public expense, pursuant to 28 U.S.C. § 753(f). That section provides, in relevant part, that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Where a party is seeking public funding for trial transcripts, "courts must be rigorous in their examination of applications . . . to ensure that the treasury is not unduly imposed upon." *Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)

Here, plaintiff is proceeding *in forma pauperis* ("IFP") on appeal based on Rule 24 of the Federal Rules of Appellate Procedure, which generally permits a litigant who was granted IFP status in the district court to maintain that status on appeal absent an order to the contrary. Plaintiff filed his application for IFP status in the district court in November of 2009, and it was granted the following day. See Dkt. Nos. 2 and 4. Item 5 of the IFP application form asked, "Do

you own or are you buying a home?" Plaintiff checked "No." Recently, in two other cases pending in this court, a judicial finding of fact has been entered against plaintiff that his representation on the IFP application in this case, as well as identical representations made in those two other cases, that he did not own a home were knowingly false when made. *See Steshenko v. Gayard*, C 13-3400 LHK, Order dated April 1, 2015 (Dkt. No. 111) and *Steshenko v. Albee*, C 13-4948 LHK, Order dated April 1, 2015 (Dkt. No. 79). Through principles of issue preclusion, that factual finding may very well be binding on plaintiff in this action, absent it subsequently being set aside as the result of the reconsideration plaintiff is seeking or the appeal he has expressed intent to pursue if necessary.

Even assuming plaintiff is free to relitigate the factual question, however, it appears that his only quarrel is with the legal conclusions drawn in *Gayard* and *Albee*. Neither in those cases nor in this one has he offered any basis to refute the finding that he was the legal owner of his residence in November of 2009 (and still is), and that he had full knowledge of that fact when he answered "no" to item 5 on his IFP application. Plaintiff instead merely argues that his interest in the property is, in effect, fully encumbered as the result of certain unrecorded familial loan transactions. While plaintiff asserts he offered to present yet further evidence *in camera* in the *Gayard* and *Albee* matters, there is no conceivable basis on which such evidence would serve to vitiate plaintiff's legal ownership of the property.

In his motions for reconsideration in *Gayard* and *Albee* and in his reply brief here, the thrust of plaintiff's argument is his insistence that he is truly indigent now, and that he was truly indigent at the time his IFP applications were filed, notwithstanding holding legal title to the real property.[1] While that may be so, plaintiff is missing the point. His IFP application was submitted under penalty of perjury. Plaintiff expressly acknowledged in writing that he understood any false

---

[1] Plaintiff incorrectly asserts that defendants previously raised the issue of his home ownership in a "failed" motion *in limine* regarding the testimony of Dr. Phillip Allman. In fact, defendants raised the issue in a separate motion seeking to exclude evidence of the financial resources of either side. See Dkt. No. 842. That motion was granted, on grounds or relevance and potential prejudice, without any determination of the factual basis of plaintiff's claims of indigence.

statement in the application "may result in the dismissal of my claims." Item 5 of the application asks a simple, straightforward, non-ambiguous, "yes or no" question: "Do you own or are you buying a home?" The following line of item 5 solicits information from the applicant as to the amount of any mortgage on such property.

Plaintiff elected to check "no" and to leave the mortgage information blank. Even under plaintiff's present characterizations of the facts, his response to item 5 was knowingly false when made. Plaintiff may have genuinely believed then, and may believe now, that a court evaluating his eligibility for IFP status in 2009 should not have considered his home an asset in light of the familial loans and/or other circumstances. It was not, however, plaintiff's prerogative to decide unilaterally that his legal home ownership was irrelevant, and then to submit an IFP application that was false on its face. Plaintiff's obligation was to disclose truthfully his ownership of the home (as he had done in a prior action, see *Steshenko v. Christey*, C 04-3626 JF) and then provide whatever further information he believed necessary to support his position that the home was effectively not an asset.

Thus, the immediate question is not whether plaintiff is indigent within the standards of 28 U.S.C. §1915 today, or whether he met those standards in November of 2009. Even if plaintiff were to establish that the court likely would have found that he lacked any equity in his home in 2009, or that he lacks it now, that would not excuse his false answer to item 5 on the IFP application.[2] The issue, in light of that false representation, is whether it would be appropriate to permit plaintiff to retain IFP status on appeal, regardless of whether a fully truthful application submitted today would likely be granted. Accordingly, within 15 days of the date of the order, plaintiff may submit a brief and/or declaration, not to exceed 15 pages total, presenting any

---

[2] The orders in *Gayard* and *Albee* reached the further conclusions of law and/or fact that plaintiff's false answer to item 5 rendered his allegation of poverty untrue, such that dismissal under 28 U.S.C §1915 (e)(2)(a) was warranted. As judgment has already been entered in this action, it would not be appropriate for this court to reach those issues. Whether the Court of Appeal might conclude dismissal of the appeal to be warranted on that basis is, of course, a question for that tribunal.

arguments he may have against revocation of his IFP status. Because entitlement to a trial transcript at public expense depends on IFP status in the first instance, a ruling on plaintiff's transcript request will be deferred pending resolution of this issue.

It is not clear that defendants have standing to support or oppose continuation of plaintiff's IFP status, although the Court certainly has discretion to consider arguments or authority they may wish to bring to its attention. Accordingly, while defendants are not encouraged to submit a response to plaintiff's filing, they may do so within 5 days if they deem it appropriate, and any such response shall not exceed 10 pages.

**IT IS SO ORDERED**.

Dated: April 13, 2015

_____
RICHARD SEEBORG
United States District Judge