UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

    Plaintiff,

    v.

THOMAS MCKAY, et al.,

    Defendants.

Case No. 09-cv-05543-RS

**ORDER GRANTING MOTION FOR TRANSCRIPT AT PUBLIC EXPENSE**

Plaintiff moves to have a trial transcript prepared at public expense, pursuant to 28 U.S.C. § 753(f). That section provides, in relevant part, that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." As noted in a prior order, however, where a party is seeking public funding for trial transcripts, "courts must be rigorous in their examination of applications . . . to ensure that the treasury is not unduly imposed upon." *Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). In light of that duty to examine the application rigorously, two prior orders have issued calling on plaintiff to address certain issues involving his original IFP application in this matter.[1]

---

[1] Plaintiff incorrectly asserts that the issue of his entitlement to maintain his IFP status on appeal was raised *sua sponte.* Rather, because plaintiff is only potentially entitled to a transcript at public expense if he is first entitled to IFP status on appeal, the issue arose as a direct result of his motion.

*Marital status*

Item 3 of the IFP form asked "Are you married?" Plaintiff checked the box for "No." That response was not legally accurate, as plaintiff remained legally married at the time. A more candid and appropriate response would have been for plaintiff to mark the "Yes" box, and then to insert as much additional information as he believed appropriate regarding the written legal separation agreement he has now submitted to show that his financial affairs are unconnected to those of his spouse. Over the course of this litigation, plaintiff has repeatedly demonstrated an ability to parse phrasing of questions and answers to identify statements that contain even minor inconsistencies, technical inaccuracies, and/or the potential to mislead, regardless of materiality. Had he applied the same standard to his own response to the IFP form, he would not have checked the "No" box on item 3 without further disclosure.

That said, plaintiff is correct that the design of the form does not facilitate disclosure of a separated marital status. There is at least an argument that he selected the box most nearly corresponding to his *de facto* circumstances, and to the relevance of his spouse's financial circumstances. Accordingly, while plaintiff's response was less than candid, standing alone it would not warrant imposition of any kind of sanctions.

*Home ownership*[2]

Item 5 of the IFP form asked "Do you own or are you buying a home?" Plaintiff checked the box for "No," and left blank the entries for estimated value and any mortgage balance. Plaintiff argues this response was accurate because three days prior to submitting his IFP application, he had executed a "transfer grant deed," which he contends conveyed ownership of his house to his mother. As set out in the prior orders entered on April 14th and 15th, 2015 (Dkt. Nos. 1018 and 1021) the most reasonable inference supported by the record is that the parties intended a security transaction, not an outright transfer of ownership. Plaintiff's arguments to the contrary are not persuasive.[3] Moreover, even if plaintiff can construct an argument that his representation on the IFP application was not false in some narrow, technical, literal sense, it plainly was misleading, and the circumstances support a conclusion that plaintiff would have known that to be so at the time. Plaintiff thus knowingly omitted information from his IFP application that would have been necessary to render his representations completely truthful.

---

[2] Plaintiff states he is puzzled by the relationship between orders issued in this action and those entered in *Steshenko v. Gayard*, C 13-3400 LHK, and *Steshenko v. Albee*, C 13-4948 LHK. Factual findings have been made in *Gayard* and *Albee* that plaintiff's IFP applications in those two actions, and well as those in this action and in a related collateral proceeding in the Eastern District, all contained knowingly false representations that he did not own a home. Plaintiff has moved to set aside those findings, and has stated his intent to appeal, should it be necessary. At this juncture, however, the findings stand. Furthermore, the accuracy of plaintiff's representations to the federal courts on this subject was material to the issue being decided in *Gayard* and *Albee*, which gave the court jurisdiction to make the findings.

Because plaintiff was a party to *Gayard* and *Albee*, the factual findings there may be binding on him in other actions, including this one, under principles of issue preclusion, also known as collateral estoppel. Whether issue preclusion necessarily would apply in this case, however, will not be decided. For purposes of the present motion, it has been presumed that the findings in *Gayard* and *Albee* are not binding here.

[3] If the parties in fact intended a transfer, then the claim on the face of the deed that the transaction was exempt from documentary transfer tax was improper. Plaintiff's argument that a transaction can be both a transfer of ownership and security for a debt is untenable. Because the tax would only have been due upon recordation of the deed, however, plaintiff did not consummate a wrongful claim of tax exemption.

*Consequences*

As noted in the April 14th order, this Court has not reached the issue of whether plaintiff's misrepresentations rendered his allegation of poverty untrue, such that under 28 U.S.C §1915 (e)(2)(a) dismissal of his substantive claims might be warranted. Because judgment has been entered, those claims are no longer pending here, and any dismissal on such grounds will be for the consideration of the appellate court.

The remaining question is whether the misrepresentations warrant revocation of plaintiff's IFP status on appeal. Although plaintiff's conduct at the time he submitted the IFP applications cannot be excused, there is ample evidence in the record that his present financial resources are very limited, such that an accurate IFP application would likely be granted. Additionally, unlike *Gayard* and *Albee* where the claims were still pending in the trial court, there is no express statutory provision calling for revocation of IFP status under circumstances like these. Accordingly, notwithstanding the very troubling attitude plaintiff has demonstrated as to his own duty of candor, his IFP status will not be revoked by this Court.

At a number of points in the proceedings, plaintiff has expressed an intent to pursue an appeal on various grounds. Without suggesting that all, or even many, of those points present viable appellate issues, there likely exist one or more non-frivolous grounds for appeal. Accordingly, plaintiff's motion for a trial transcript to be furnished at public expense is hereby granted.

**IT IS SO ORDERED**.

Dated: April 27, 2015

RICHARD SEEBORG
United States District Judge