UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

THOMAS MCKAY, et al.,

Defendants.

Case No. 09-cv-05543-RS

**ORDER RE TAXATION OF COSTS**

Plaintiff timely filed a motion seeking review of the Clerk's taxation of costs in favor of the College defendants. See Fed.R.Civ.P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). The College defendants' opposition included a purported "cross-motion," asking that certain costs disallowed by the Clerk be reinstated. Pursuant to Civil Local Rule 7-1(b), the matter has been submitted without oral argument.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party." Accordingly, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003) (citing *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999)). The Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id*. at 945. A

district court reviews the Clerk's taxation of costs *de novo*. See *Lopez v. San Francisco Unified Sch. Dist.*, 385 F.Supp.2d 981, 1000–1001 (N.D.Cal. 2005); *Escriba v. Foster Poultry Farms*, 2012 WL 174847, at * 1 (E.D.Cal. Jan. 20, 2012).

Plaintiff first argues that he should not be responsible for costs incurred during discovery conducted by his *pro bono* appointed counsel, Jones Day. Plaintiff contends both he did not consent to the appointment of Jones Day, and that the discovery its attorneys pursued did not ultimately benefit him in his presentation of his case at trial, *in pro se*. These arguments are frivolous. At a status conference held on March 6, 2014, plaintiff was asked if he were interested in obtaining counsel through the court's *pro bono* program, and he responded in the affirmative.[1] Thereafter the Court was advised that the highly reputable and competent Jones Day firm had agreed to represent plaintiff, and the appointment was made. See Dkt. No. 672. While the Court is not privy to any communications among the *pro bono* project, plaintiff, and Jones Day, if plaintiff in fact objected to the appointment, it was incumbent on him to make that known to the Court.

Plaintiff has repeatedly demonstrated over the course of this litigation that he is capable of expressing objections directly to the Court, even when represented. At no time between April 1, 2014, when Jones Day was appointed, and mid-August of 2014 did plaintiff ever suggest he did not consent to the representation. Rather, plaintiff knowingly allowed Jones Day to act on his behalf to obtain an order re-opening discovery, to take multiple depositions, to engage expert witnesses, and otherwise diligently to prepare for trial. While plaintiff ultimately formed the view that his interests were not being adequately represented by Jones Day, his contention that the firm was appointed without his consent is without factual basis.

Additionally, while it is clear that plaintiff and Jones Day had differing views on the most

---

[1] Early in this litigation, plaintiff sought and obtained a referral to the *pro bono* program. See Dkt. No. 124 (plaintiff's "ex parte application") and No. 132 (order granting request for referral and staying proceedings). Disputes between plaintiff and the subsequently-appointed attorney quickly arose, however, and plaintiff individually filed a motion requesting various alternative forms of relief, including an order that would "return this case to the Federal Pro Bono project for a selection of another attorney." That request was granted (*see* Dkt. No. 166), however no attorney was located to take the case at that juncture.

effective manner of pursuing discovery and presenting his claims, the argument that plaintiff derived no benefit from the discovery pursued on his behalf is not factually tenable, nor would it be a legitimate basis for denying costs. Accordingly, plaintiff's challenges to the cost award based on such arguments must be rejected.

Plaintiff further requests that costs be disallowed entirely given his claimed lack of financial resources and the entirety of the circumstances.[2] While a court has discretion to deny costs to a prevailing party in appropriate situations, plaintiff has not shown such an outcome is warranted here, nor has he established any other grounds to eliminate or reduce the cost award.[3] Defendant's untimely request for review of that portion of the Clerk's determination that disallowed certain costs likewise fails to demonstrate relief is warranted. Plaintiff's motion and defendants' purported "cross-motion" are both denied.

**IT IS SO ORDERED**.

Dated: July 16, 2015

_____
RICHARD SEEBORG
United States District Judge

---

[2] As described in prior orders, plaintiff's original *in form pauperis* application included knowingly false or misleading responses. Nevertheless, it seems likely at this juncture that defendants will find it difficult, if not impossible, ever to collect the cost award, rendering the issue somewhat academic. That, however, does not undermine their entitlement to the award.

[3] There is no merit whatsoever to plaintiff's continued insistence that defendants were able to prevail in the action because they destroyed incriminating evidence. Although the deficiencies in defendants' compliance with their obligations to preserve and produce evidence have been set out in prior orders, there is no basis to conclude those failures affected the outcome of the trial.

CASE NO. 09-cv-05543-RS
3