UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS MCKAY, et al.,<br><br>    Defendants. | Case No. 09-cv-05543-RS<br><br>**ORDER RE TRANSCRIPT REQUESTS** |

Plaintiff has filed a transcript order requesting hearing transcripts be prepared for five specific dates preceding the trial in this action. Plaintiff has attached to his request a copy of the prior order (Dkt. No. 1026) granting his motion for a trial transcript to be furnished at a public expense. His request will therefore be deemed as including a motion to extend the terms of the prior order to include the specific pretrial dates he now lists.

Plaintiff's request for a transcript to be furnished to him at public expense of a status conference held on July 31, 2014 is denied, because, as consistent with this Court's general practice, that conference was not recorded, either stenographically or by audio recording. Plaintiffs request is denied as to the June 11, 2014 date he lists, because no proceedings in this action were held on that date, as result of a prior order vacating the trial date and resetting the next status conference. See Dkt. No. 683. As to the proceedings held on March 6, 2014, November 24, 2014, and March 18, 2015, plaintiff's order will be construed as a request for copies of the transcripts, as those transcripts have already been prepared and filed, or are being prepared and

will be filed, at defendants' request.  The request is granted, and plaintiff shall be provided copies of those transcripts at public expense.

Nothing in this order shall be construed as a determination that these particular transcripts are necessarily relevant to any issue on appeal.  To the extent there are questions as to whether these or other recently-ordered transcripts may be considered as part of the record on appeal, such matters must be addressed to the Ninth Circuit.[1]

**IT IS SO ORDERED**.

Dated: October 15, 2015

_____
RICHARD SEEBORG
United States District Judge

---

[1]  Plaintiff has filed written objections in this court to recent transcript orders submitted by defendants, arguing that in light of the Ninth Circuit's scheduling orders, the requests were untimely and the transcripts should not be "filed."  Plaintiff misunderstands the nature of transcript requests.  Transcripts are public records and, absent a sealing order, may be ordered by any person, at any time, for any purpose. When a transcript is ordered and paid for, it is filed in the docket of the case in which the hearing was held.

Whether or not a particular transcript is properly made part of the record on appeal is an entirely separate question, with no bearing on the right of a party to order a transcript, and for it to then be filed in the district court docket.  Objections plaintiff may have to any effort by defendants to include recently-ordered transcripts in the record on appeal must be addressed to the appellate court.